UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LISA SNEAD,

                     Plaintiff,

           -against-

CITY OF NEW YORK; Police Officer
GREGORY LOBIANCO, Shield No. 31307; and
JOHN and JANE DOE 1 through 10,

                     Defendants.
----------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

16 CV 9528

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and Section 14-151 of the Administrative Code of the City of New York.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York City claim pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff Lisa Sneed is a resident of New York County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Police Officer Gregory Lobianco, Shield No. 31307 ("Lobianco"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lobianco is sued in his individual and official capacities. Upon and information and belief, defendant Lobianco has since resigned from the NYPD.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     Plaintiff Lisa Snead is a 51-year-old African-American woman who had never previously been arrested.

14.     Ms. Snead works as a bus driver for the City of New York.

15.     At approximately 9:45 p.m. on June 24, 2015, Ms. Snead was lawfully walking with a friend on 145th Street between 7th and 8th Avenues in Manhattan when she was suddenly stopped and seized by three uniformed Caucasian NYPD officers, John Doe 1, John Doe 2 and defendant Lobianco.

16.     Ms. Snead was doing nothing unlawful or suspicious and the officers had no legitimate law enforcement justification to stop her, let alone reasonable suspicion for a seizure, and stopped Ms. Snead solely on the basis of her race.

17.     From the outset the officers were rude and hostile toward Ms. Snead.

18.     Defendants refused to tell Ms. Snead why she was being stopped.

19.     Without probable cause to arrest, defendants ordered Ms. Snead to turn around, handcuffed her and put her in a police vehicle.

20.     As defendants drove to the precinct, they continued to harass and degrade her, remarking, in sum, "instead of asking questions, you should be more concerned about losing weight."

21.     Ms. Snead was kept in a room at the precinct, handcuffed to a pole, for approximately seven hours.

22.     Plaintiff asked to use a bathroom on several occasions but was denied her request.

23.     Without access to a bathroom, Ms. Snead had no choice but to urinate on herself while chained to the pole.

24.     Meanwhile, defendants were busily filing false reports with the New York County District Attorney's Office regarding fabricated offenses Ms. Snead was alleged to have committed.

25.     None of what the officers told the District Attorney's Office was true and the officers had not observed Ms. Snead commit any offense.

26.     Ms. Snead was eventually transported to Central Booking where she remained in a roach infested cell, wearing urine-soaked clothes, for approximately ten more hours.

27.     Plaintiff was arraigned in New York County Criminal Court, where prosecutors offered to dismiss the charges against her if she agreed to pay a fine.

28.     Knowing she had committed no crime or offense, Ms. Snead refused the offer and was released on her own recognizance after approximately seventeen hours in custody.

29.     Thereafter, Ms. Snead was required to repeatedly miss work in order to attend the criminal proceedings over a period of approximately fifteen months.

30.     On September 21, 2016, all charges against Ms. Snead were dismissed.

31.     Upon information and belief, defendants took law enforcement action with regard to Ms. Snead based solely on her actual and/or perceived color and/or race.

32.     Ms. Snead suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain,

bodily injury, anxiety, embarrassment, humiliation, loss of wages and damage to her reputation.

**FIRST CLAIM**
**Unlawful Stop and Search**

33.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.   Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

35.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

**SECOND CLAIM**
**False Arrest**

36.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.   Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

39.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

42.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial of Constitutional Right to Fair Trial

43.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     The individual defendants created false evidence against plaintiff.

45.     The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

46.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>FIFTH CLAIM</u>
Failure to Intervene

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

51.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Bias-Based Profiling

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     In initiating law enforcement action against Ms. Snead based on her actual and/or perceived race and/or color rather than Ms. Snead's behavior or other information linking her to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

54.     Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## SEVENTH CLAIM
### *Monell*; *Colon* Supervisory Liability

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.     This is not an isolated incident.

57.     The City of New York, through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

58.     The City, through its police department, subjects minority neighborhoods to unconstitutional enforcement tactics, including stop and frisk policing, in a discriminatory manner.

59.     A Caucasian woman in Ms. Snead's position would not have been subjected to a custodial stop or arrested under these circumstances.

60.     As a result the City has a policy and/or practice of stopping, detaining and arresting individuals without reasonable suspicion or probable cause to do so.

61.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

62.     As part of this policy and/or practice, City employees routinely – as in this case –falsely attribute criminal conduct to law-abiding citizens.

63.     The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as

those at issue here and has failed to change its policies, practices and customs to stop this behavior.

64.    The unidentified supervisory defendants tolerated and/or ratified the aforementioned unconstitutional policies, practices and/or customs.

65.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(d)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(e)  Such other and further relief as this Court deems just and proper.

Dated:          December 9, 2016
                New York, New York

HARVIS & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*