# Harvis & Fett

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED:** APR 0 6 2017

4/6/17

SO ORDERED:

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

GABRIEL P. HARVIS
BAREE N. FETT

April 5, 2017

BY ECF
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> By April 11, 2017, Defendants shall indicate whether they consent or object to Plaintiff's requests.
> SO ORDERED.

Re:   *Lisa Snead v. City of New York, et al.*, 16 CV 9528 (AJN)

Your Honor:

I represent plaintiff Lisa Snead in the above-referenced civil rights action. I write pursuant to Local Civil Rule ("LR") 83.10(4)(a), (9) and the Court's order dated December 22, 2016 to respectfully request that this case be exempted from LR 83.10 or, in lieu of mediation, be referred for a settlement conference before the assigned Magistrate Judge.[1]

This case challenges the arrest and prosecution of plaintiff Lisa Snead, a 51-year-old New York City bus driver with no criminal history. On the evening of August 13, 2015, Ms. Snead and a co-worker were walking down 145th Street in Manhattan when they were aggressively stopped and seized by police officers demanding information regarding the contents of a shopping cart Ms. Snead was pushing. When Ms. Snead questioned the officers, she was handcuffed tightly, arrested and put into a police car.

Inside the vehicle, Ms. Snead asked why she was being arrested and an officer told her, in sum and substance, that she should be more worried about losing weight. Ms. Snead was then taken to a police precinct, believed to be the 32nd, chained to a pole and prevented

---

[1] Plaintiff apologizes for making this request one day beyond the 21-day deadline for such applications set forth in LR 83.10(4)(a) (defendants' answer was filed on March 14, 2017, *see* DE #11). However, the undersigned raised the issue of exemption with defense counsel during the parties' Rule 26(f) planning conference on March 28, 2017 and has been engaged since that date in good faith efforts to convince defendants to either consent to exemption or to agree to referral to the assigned Magistrate Judge for a settlement conference in lieu of mediation. After taking several days to consider the matter, defense counsel notified plaintiff today that defendants would oppose any deviation from LR 83.10, including a settlement conference in lieu of mediation.

Hon. Alison J. Nathan
Apr. 5, 2017

from using the bathroom to the point that she was forced to urinate on herself. After being sent to Central Booking in that condition and being held for approximately 19 hours, Ms. Snead was arraigned on false charges of disorderly conduct, public consumption of alcohol and resisting arrest and released. Ms. Snead was forced to miss approximately twelve days of work making court appearances to defend the charges, before they were ultimately dismissed in their entirety.

Plaintiff filed a complaint in the Southern District of New York naming two defendants, the City of New York and Police Officer Gregory Lobianco, on December 9, 2016. The defendants were served on December 14, 2016 and January 24, 2017, respectively. Appropriate releases having been provided at the time of service, defendant City of New York's answer was due 80 days later, i.e. by March 4, 2017. *See* LR 83.10(3). When the answer had not been filed by March 14, 2017, the undersigned contacted defense counsel and the answer was ultimately filed later that day. Given that the LR 83.10 schedule is based upon the date of the answer (*see* LR 83.10(4), *et seq.*), defendants' delay in answering effectively set the schedule back by approximately ten days.

Plaintiff contacted defendants to conduct a Rule 26(f) planning conference as required by LR 83.10 on March 28, 2017. During the parties' discussion, plaintiff proposed that the parties jointly apply for exemption from LR 83.10, as the undersigned has done with the City on other occasions (*see, e.g.*, Exhibit 1 hereto), based on, *inter alia*, the apparent unlikelihood of reaching agreement, the need for Ms. Snead to take off work for mediation, the assigned mediator's apparent lack of Section 1983 experience, and the delay inherent in the process.

Courts in this district have recognized the potential for LR 83.10 to result in delay. For example, Judge Woods recently referenced the issue in *Rowell v. City of New York, et al.*, 16-CV-10062 (GHW) (DE # 13):

> ORDER: The Court will allow this case to remain in the Plan for a period of six months from the date of the original order designating it as part of the Plan, after which time the Court will review this case for possible sua sponte removal from the Plan. This action was designated as part of the Plan on January 3, 2017. The six-month period expires on July 5, 2017. Furthermore, if either party wishes to remove this case from the Plan at any time within that period, counsel should notify the Court, and the Court will consider the request. Many cases remain in the Plan for lengthy periods and require the Court's intervention despite those lengthy periods in the Plan. It is this

Hon. Alison J. Nathan
Apr. 5, 2017

> Court's intent to ensure that such cases do not remain in the Plan when resolution through the Plan is unlikely or causing undue delay. As a result, parties wishing to take advantage of mediation under the Plan should make every effort not to cancel or adjourn scheduled mediation sessions. Finally, defendants are directed to inform the Court not later than May 1, 2017 whether they have taken a "no pay" position in this matter. (Signed by Judge Gregory H. Woods on 4/3/2017) (ras)

The Hon. Katherine B. Forrest has issued similar orders in Section 1983 cases. *See, e.g., Holmes v. City of New York*, 14-CV-10232 (KBF) (DE #7).

Here, in addition to the reasons outlined above, plaintiff respectfully submits that the City's failure to comply with the answer deadline contained in LR 83.10(3) independently justifies exemption. *See Shabazz v. City of N.Y.*, 14-CV-6417 (GHW), 2015 WL 7779267, *5 (S.D.N.Y. Dec. 2, 2015) ("Local Civil Rule 83.10(9) requires: 'If any party fails to comply with any requirement under this Rule, the other party shall promptly write to the presiding judge indicating the nature of the failure and requesting relief.'").

Lastly, to the extent the Court is inclined to deny plaintiff's request to exempt the case from LR 83.10 altogether, plaintiff respectfully requests that the Court authorize the parties to proceed to a settlement conference instead of mediation. The Magistrate Judge assigned to this case, the Hon. Debra C. Freeman, has extensive experience with Section 1983 cases and, if it should please the Court, the undersigned believes a settlement conference will be more productive than mediation. As noted *supra* at n.1, during the meet and confer process plaintiff proposed, as a compromise, that the parties jointly request a settlement conference as authorized under LR 83.10(4), but defendants flatly refused.

Accordingly, plaintiff respectfully requests that this case be exempted from LR 83.10 or that the case be referred for a settlement conference in lieu of mediation.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.
cc:   Nana Sarpong, Esq.