

**THE CITY OF NEW YORK**

**ZACHARY W. CARTER**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**NANA K. SARPONG**
*Assistant Corporation Counsel*
Tel.: (212) 356-0827
Fax: (212) 356-3558

April 11, 2017

**BY ECF**
Honorable Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Lisa Snead v. City of New York, et al.,
                16-CV-9528 (AJN)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York ("City") and retired Police Officer Gregory Lobianco in connection with the above-referenced matter. I write respectfully in opposition to plaintiff's request that this case be exempted from Local Civil Rule 83.10 ("§1983 Plan") and pursuant to the Court's Order dated April 6, 2017 (Docket Report No. 13).

      The §1983 Plan was designed to encourage and enable early settlement and its intent is to provide an efficient system to litigate the types of straightforward civil cases brought against the City and/or the New York Police Department ("NYPD") in the Southern District. In its preamble, the § 1983 Plan specifically excludes cases seeking equitable relief and systemic equitable reform, as well as those cases that involve more than six plaintiffs and/or class actions. Here, plaintiff filed a complaint against the City and members of the NYPD alleging, among other things, false arrest and malicious prosecution. The instant matter is exactly the type of straightforward civil case contemplated by the Court when it developed the § 1983 Plan.

      The § 1983 Plan was carefully adopted by this Court to provide an efficient method for conducting discovery that is reasonable and fair to the parties. It limits plaintiffs' attorneys' ability to generate additional fees through needless discovery and applications such as the present one, which can make resolving cases by settlement more difficult. Therefore, it would defeat the specific intent of the §1983 Plan to allow plaintiff's counsel to unilaterally opt out of §1983 Plan for any other reason aside for the aforementioned exceptions, and thus compelling the City to expend additional resource engaging in unnecessary litigation. Given these reason, defendant respectfully opposes plaintiff's application to exempt this case from the scheduling

requirements of the §1983 Plan.   Therefore, plaintiff's request to exempt the present case should be denied.

>Thank you for your considerations herein.

>>Respectfully submitted,

>>/s/

>>Nana K. Sarpong
>>*Assistant Corporation Counsel*

cc via ECF:   Gabriel P. Harvis, Esq.