UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

| | |
|---|---|
| LISA SNEAD,<br><br>                                         Plaintiff,<br><br>-against--<br><br>CITY OF NEW YORK, Police Officer GREGORY LOBIANCO, Police Officer RICHARD HANSON, Sergeant ASA BARNES and JOHN and JANE DOE 3 through 10,<br><br>                                         Defendants. | **ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, OFFICER LOBIANCO, OFFICER HANSON AND SERGEANT BARNES**<br><br>16-CV-9528 (AJN)<br><br><u>JURY TRIAL DEMANDED</u> |

------------------------------------------------------------------------ x

Defendants City of New York, Police Officer Gregory Lobianco, Police Officer Richard Hanson and Sergeant Asa Barnes by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the amended complaint, except admit only that plaintiff purports to seek damages as stated therein.

2. Deny the allegations set forth in paragraph "2" of the amended complaint, except admit only that plaintiff purports to bring this action as stated therein.

3. Deny the allegations set forth in paragraph "3" of the amended complaint, except admit only that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit only that plaintiff purports to lay venue as stated therein.

5. Deny the allegations set forth in paragraph "5" of the amended complaint, except admit only that plaintiff purports to invoke the jurisdiction of the Court as stated therein

6. Paragraph "6" of the amended complaint is a demand by plaintiff for a jury trial to which no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the amended complaint.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admit only that the City of New York ("City") is a municipal corporation organized under the laws of the State of New York and the City maintains the New York City Police Department, and respectfully refer the Court to the New York City Charter and the Administrative Code and other relevant provisions of law for a recitation of the relationship between the City and the NYPD and the City's responsibilities incident thereto.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit only that, on June 24, 2015, Police Officer Gregory Lobianco was employed by the New York City Police Department ("NYPD") and plaintiff purports to bring this action as stated therein.

10. Deny the allegations set forth in paragraph "10" of the amended complaint, except admit only that, on June 24, 2015, Police Officer Richard Hanson was employed by the New York City Police Department ("NYPD") and plaintiff purports to bring this action as stated therein.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit only that, on June 24, 2015, Sergeant Asa Barnes was employed by the New York City Police Department ("NYPD") and plaintiff purports to bring this action as stated therein.

12. Deny knowledge or information sufficient to form a belief of the truth of the allegations set forth in paragraph "12" of the amended complaint.

13. Deny knowledge or information sufficient to for a belief of the truth of the allegations set forth in paragraph "13" of the amended complaint.

14. Object to and deny the embedded assertion "[a]t all times relevant herein" and state that all "individual defendants were acting under color of state law" is a legal conclusion to which no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint, except admit only that, on or about June 24, 2015, plaintiff was lawfully stopped by members of the NYPD.

18. Deny the allegations set forth in paragraph "18" of the amended complaint, except admit only that on June 24, 2015, plaintiff was lawfully stopped by members of the NYPD.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint.

21. Deny the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint.

25. Deny the allegations set forth in paragraph "25" of the amended complaint.

26. Deny the allegations set forth in paragraph "26" of the amended complaint.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. Deny the allegations set forth in paragraph "29" of the amended complaint, except admit only that on June 24, 2015, plaintiff was transported to Central Booking pursuant to a lawful arrest.

30. Deny knowledge or information sufficient to form a belief of the truth of the allegation concerning the alleged plea deal offered by the prosecutor and deny the remaining allegations set forth in paragraph "30" of the amended complaint

31. Deny knowledge or information sufficient to form a belief of the truth of the allegation concerning plaintiff's alleged refusal of the alleged plea deal offered by the prosecutor and deny the remaining allegations set forth in paragraph "31" of the amended complaint.

32. Deny knowledge or information sufficient to form a belief of the truth of the allegations set forth in paragraph "32" of the amended complaint.

33. Admit only that, on or about September 21, 2016, plaintiff's criminal charges were dismissed on speedy trial grounds, not on its merits.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny the allegations set forth in paragraph "35" of the amended complaint, except admit only plaintiff purports to seek damages as stated therein.

36. In response to the allegations set forth in paragraph "36" of the amended complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Amended complaint.

38. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and deny the remaining allegations set forth in paragraph "38" of the amended complaint.

39. In response to the allegations set forth in paragraph "39" of the amended complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the amended complaint.

41. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and deny the remaining allegations set forth in paragraph "41" of the amended complaint.

42. In response to the allegations set forth in paragraph "42" of the amended complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as fully set forth herein.

43. Object to and deny the embedded assertion "[b]y their conduct" and deny then remaining allegations set forth in paragraph "43" of the amended complaint.

44. Object to and deny the embedded assertion "[d]efendants' unlawful actions" and deny the remaining allegations set forth in paragraph "44" of the amended complaint.

45. Object to and deny the embedded assertion "[a]s a direct and proximate result of the misconduct and abuse of authority" and deny the remaining allegations set forth in paragraph "45" of the amended complaint.

46. In response to the allegations set forth in paragraph "46" of the amended complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the amended complaint.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. Object to and deny the embedded assertion "[i]n creating false evidence against plaintiff" and deny the remaining allegations set forth in paragraph "49" of the amended complaint.

50. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and deny the remaining allegations set forth in paragraph "50" of the amended complaint.

51. In response to the allegations set forth in paragraph "51" of the amended complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the amended complaint.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and deny the remaining allegations set forth in paragraph "54" of the amended complaint.

55. In response to the allegations set forth in paragraph "55" of the amended complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as fully set forth herein.

56. Object to and deny the embedded assertion "[i]n initiating law enforcement action against Ms. Snead based on her actual and/or perceived race and/or color . . ." and deny the remaining allegations set forth in paragraph "56" of the amended complaint.

57. Deny the allegations set forth in paragraph "57" of the amended complaint, except admit only that plaintiff purports to seek damages as stated therein.

58. In response to the allegations set forth in paragraph "58" of the amended complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the amended complaint.

60. Deny the allegations set forth in paragraph "60" of the amended complaint.

61. Deny the allegations set forth in paragraph "61" of the amended complaint.

62. Deny the allegations set forth in paragraph "62" of the amended complaint.

63. Object to and deny the embedded assertion "[a]s a result the City has a policy and/or practice of stopping, detaining and arresting individuals . . ." and deny the remaining allegations set forth in paragraph "63" of the amended complaint.

64. Object to and deny the embedded assertion "[t]he City, through its police department . . ." and deny the remaining allegations set forth in paragraph "64" of the amended complaint.

65. Object to and deny the embedded assertion "[a]s part of this policy and/or practice . . ." and deny the remaining allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. Deny the allegations set forth in paragraph "67" of the amended complaint.

68. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and deny the remaining allegations set forth in paragraph "68" of the amended complaint.

**FIRST AFFIRMATIVE DEFENSE:**

69. The amended complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

70. Any injury alleged to have been sustained resulted from plaintiff' own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of defendants City of New York, Police Officer Gregory Lobianco, Police Officer Richard Hanson and Sergeant Asa Barnes.

**THIRD AFFIRMATIVE DEFENSE:**

71. Plaintiff provoked any incident.

**FOURTH AFFIRMATIVE DEFENSE:**

72. Defendant Police Officer Gregory Lobianco, Police Officer Richard Hanson and Sergeant Asa Barnes have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

**FIFTH AFFIRMATIVE DEFENSE:**

73. There was probable cause for plaintiff's arrests, detention, and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

74. Police Officer Gregory Lobianco, Police Officer Richard Hanson and Sergeant Asa Barnes have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE:**

75. At all times relevant to the acts alleged in the amended complaint, Police Officer Gregory Lobianco, Police Officer Richard Hanson and Sergeant Asa Barnes acted reasonably in the proper and lawful exercise of their discretion.

**EIGHTH AFFIRMATIVE DEFENSE:**

76. Plaintiff has failed to mitigate his alleged damages.

**NINTH AFFIRMATIVE DEFENSE:**

77. At all times relevant to the acts alleged in the amended complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

**TENTH AFFIRMATIVE DEFENSE:**

78. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE:**

79. To the extent any force was used, such force was reasonable, necessary, and justified.

**TWELFTH AFFIRMATIVE DEFENSE:**

80. Plaintiff has failed to state a claim under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).

**THIRTEENTH AFFIRMATIVE DEFENSE:**

81. Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e, 50-h, and/or 50-i.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

82. Punitive damages cannot be assessed against defendant City of New York.

**WHEREFORE,** defendants request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 9, 2017

        ZACHARY W. CARTER
        Corporation Counsel of the
          City of New York
        *Attorney for Defendants City, Lobianco, Hanson and Barnes*
        New York, New York 10007
        (212) 356-0827

By: _____/s/_____
     NANA K. SARPONG
     Assistant Corporation Counsel

TO: <u>VIA ECF</u>
     Gabriel P. Harvis, Esq.
     Harvis & Fett LLP
     *Attorneys for Plaintiff*
     305 Broadway, 14th Floor
     New York, New York 10007