SDNY
[ILLEGIBLE]MENT
E[ILLEGIBLE]RONICALLY FILED
DOC #:
DATE FILED: SEP 27 2017

# Harvis & Fett

9/26/17

SO ORDERED:

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

**GABRIEL P. HARVIS**
**BAREE N. FETT**

September 25, 2017

BY ECF
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> The discovery deadline is extended from September 29, 2017 until October 20, 2017. The parties will be referred to the Magistrate Judge for resolution of remaining discovery disputes in a separate order. SO ORDERED.

    Re: *Lisa Snead v. City of New York, et al.*, 16 CV 9528 (AJN)

Your Honor:

    I represent plaintiff Lisa Snead in the above-referenced civil rights action. I write to respectfully request: 1) pursuant to § 2(C) of the Court's Individual Practices and Local Civil Rule 37.2, an informal conference to resolve open discovery disputes; and 2) on behalf of the parties, an extension of the discovery deadline from September 29, 2017 until October 20, 2017. Plaintiff certifies that he has conferred extensively with defendants in good faith, both by phone and email, to resolve these disputes without burdening the Court. While progress has been made, certain disputes remain.

    This § 1983 case challenges the August 13, 2015 warrantless arrest of plaintiff Lisa Snead, a 51-year-old New York City bus driver with no criminal history. After Ms. Snead took off as many as a dozen days of work to defend the charges (and the officers never appeared) the People conceded the expiration of the N.Y.C.P.L. § 30.30 deadline and the charges were dismissed – a favorable termination – in September 2016.

    At her deposition last week, Ms. Snead tearfully described, among other indignities, being forced to stand chained to a wall inside the 32nd Precinct for at least five hours following her arrest, during which time her repeated requests to use the restroom were denied. The officers, in an alleged act of abject cruelty, laughed at Ms. Snead after she was forced to urinate on herself. Ms. Snead was then kept standing and shackled in urine-soaked clothes for several hours before being sent to Central Booking in the same outfit, without being afforded a bathroom. Ms. Snead also testified that the

Hon. Alison J. Nathan
Sept. 25, 2017

officers repeatedly made insulting remarks about her weight.

The parties had previously agreed to a deposition schedule that complied with the existing September 29, 2017 discovery deadline, ending with the examination of defendant Hanson on that date. However, defendants recently advised plaintiff that defendant Hanson would be on vacation on September 29th and would not return until October. On September 22, 2017, defendants notified plaintiff that defendant Lobianco, scheduled for deposition today, was no longer available and would also need to reschedule. It is plaintiff's understanding that defendants also now intend to depose plaintiff's two non-party witnesses in October, instead of on September 26, 2017 as previously agreed. To accommodate the foregoing, plaintiff offered to include in the instant application a joint request to extend the deadline until October 20, 2017, and respectfully requests that the Court grant the parties' proposed extension.

The Court previously granted a request by the parties to extend fact discovery. *See* DE #31-32. No other request to extend the deadline has been submitted.

With respect to discovery, plaintiff challenges certain of defendants' interrogatory responses and seeks to compel production of outstanding material by a date certain, as follows:

1. **Scope of Disciplinary Discovery.** Defendants have refused to disclose relevant allegations of misconduct against the individual officers that are "open" or post-date the incident, citing various privileges, and provided redacted disciplinary summaries withholding that material. *See* Defendants' Responses to Plaintiff's Interrogatory No. 4 and Document Request No. 3(c)-(e).[1] However, plaintiff respectfully submits that such material is discoverable and that defendants are unable to meet their burden with respect to any asserted privilege. *Kitevski v. City of New York*, 04-CV-7402 (RCC) (RLE), 2006 WL 680527, *3 (S.D.N.Y. Mar. 16, 2006) (open allegations discoverable); *Phillips v. City of New York*, 277 F.R.D. 82 (E.D.N.Y. 2011) (post-incident allegations discoverable); *see JSMS Rural LP v. GMG Capital Partners III, LP*, 04-CV-8591 (SAS) (MHD), 2006 WL 1520087, *3 (S.D.N.Y. June 1, 2006) (A party

---

[1] For the Court's reference, defendants' responses to plaintiff's discovery demands are annexed hereto as Exhibit 1, and defendants' supplemental disclosure dated August 28, 2017 is annexed hereto as Exhibit 2. Defendants' privilege log is annexed hereto as Exhibit 3.

Hon. Alison J. Nathan
Sept. 25, 2017

> invoking a privilege "has the burden of proving the facts on which the privilege claim is based, and must do so by competent and specific evidence, rather than by conclusory or *ipse dixit* assertions.") (citations omitted); *see also In re The City of New York*, 607 F.3d 923, 945 (2d Cir. 2010). Plaintiff thus respectfully requests that defendants' objections be overruled, and that they be compelled to reproduce the disciplinary summaries with open and post-dated allegations revealed (along with associated underlying files) by a date certain. *See, e.g., Zhao v. City of New York*, 07-CV-3636 (LAK) (MHD), 2007 WL 4205856, *2 (S.D.N.Y. Nov. 21, 2007) ("[A]ny complaints (and the underlying documentation) that pertain to conduct similar to that alleged by plaintiff are discoverable.") (collecting cases). Plaintiff also respectfully requests that defendants be compelled to provide a list of the categories of misconduct allegations they have withheld as irrelevant, so that plaintiff has a fair opportunity to challenge that determination, if appropriate. *See* Exhibit 1 at Response to Interrogatory No. 17.

2. **Disclosure of Prior Discredited Testimony.** Plaintiff's Interrogatory No. 8 seeks disclosure of prior instances in which the defendant officers' testimony has been ruled incredible or unworthy of belief in a court or tribunal. Defendants offer boilerplate objections and no substantive response. *See* Exhibits 1 and 2. Plaintiff respectfully submits that such material is probative of the witnesses' credibility and therefore discoverable, especially given the degree to which this case turns on credibility. Plaintiff respectfully requests that it be ordered disclosed.

3. **Request for Unsealing and Compulsion Order Regarding 32nd Precinct Prisoner Holding Pen Roster.** Plaintiff testified at deposition that four male prisoners were in cells in the same room while she was handcuffed to the wall, and that she was later taken to Central Booking with the men, making them key eyewitnesses to the disputed events. Defendants have refused to disclose the witnesses' identities, despite Rule 26(a)(1)(A)(i) and specific requests propounded under Rules 33 and 34, citing N.Y.C.P.L. § 160.50, a state sealing statute. *See* Exhibit 1 at Document Request 5(l). However, defendants admittedly do not know whether the non-party witnesses' criminal charges are sealed, and thus lack a good faith basis to raise this privilege. *See Schomburg v. New York City Police Dep't*, 298 F.R.D. 138, 141 (S.D.N.Y. 2014) ("Section 160.50 has been rejected as a

Hon. Alison J. Nathan
Sept. 25, 2017

> basis to block discovery in an action where plaintiffs are asserting federal claims.") (collecting cases). Defendants have also taken the position that the material is irrelevant and somehow disproportional to the needs of the case. Plaintiff respectfully submits that these arguments are without merit on the instant facts and that a search for the truth regarding plaintiff's allegations should include testimony from these witnesses. Plaintiff thus respectfully requests that the Court: 1) overrule defendants' objections; 2) issue a limited unsealing order allowing the pedigree information of the non-party witnesses to be produced for confidential use in this litigation, subject to the existing confidentiality stipulation; and 3) order defendants to produce the unredacted 32nd Precinct Prisoner Roster and pedigree information for the non-party witnesses by a date certain.

4. **Search Affidavit for Missing Documents and Deadline for Outstanding Material.** During the parties' meet and confer, defense counsel indicated that the Prisoner Movement Slip and DAT Investigation Report, documents ordinarily generated in the course of NYPD arrests, could not be located in this case. Plaintiff requests that the Court require defendants to provide an affidavit attesting to the search performed, by an individual with personal knowledge. Additionally, defendants have stated that they are willing to produce the overtime analysis reports for the defendants and the Central Booking Prisoner Roster, but have provided no date certain by which the material will be provided. Plaintiff respectfully requests that the Court impose a deadline for that production.

In light of the foregoing, plaintiff respectfully requests: 1) on behalf of the parties, that the discovery deadline be extended until October 20, 2017; and 2) that the Court convene an informal conference to address the discovery disputes described herein.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:   Nana Sarpong, Esq.

Page 4