

**THE CITY OF NEW YORK**

**ZACHARY W. CARTER**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY  10007

**NANA K. SARPONG**
*Senior Counsel*
Tel.: (212) 356-0827
Fax: (212) 356-3558
nsarpong@law.nyc.gov

September 28, 2017

**BY ECF**
Honorable Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Lisa Snead v. City of New York, et al.,
                16-CV-9528 (AJN) (DCF)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York ("City"), retired Police Officer Gregory Lobianco, Police Officer Richard Hanson and Sergeant Asa Barnes ("defendants") in connection with the above-referenced matter.  Pursuant to the Court's Individual Practice Rules, I write respectfully in opposition to plaintiff's motion to compel. (Docket No. 36)

      By way of background, plaintiff alleges, among other things, that she was unlawfully stopped and falsely arrested by defendants retired Police Officer Gregory Lobianco, Police Officer Richard Hanson and Sergeant Asa Barnes (hereinafter "defendant officers") and subjected to degrading and embarrassing treatment while in custody. Specifically, plaintiff alleges that she was denied access to a restroom and "had no choice but to urinate on herself while chained to a pole."  (*See* Amended Complaint at ¶¶ 18-26, Docket No. 19)  Defendants deny these claims.

      This case was originally designated as part of the Southern District of New York's Plan for Certain § 1983 Cases (Local Rule 83.10).  Accordingly, pursuant to Local Rule 83.10, the undersigned produced to plaintiff's counsel copies of the redacted version of defendant Officer Gregory Lobianco Internal Affairs Bureau ("IAB") resume, CCRB History and Central Personnel Index ("CPI") – the only named defendant officer at the time – which included "complaints or incidents that are similar to the incident alleged in the complaint or that raise questions about the defendant's credibility." (*See* Local Rule 83.10 (5)(a)(iii)).  On April 25, 2017, plaintiff filed an Amended Complaint naming Police Officer Richard Hanson and Sergeant Asa Barnes as defendants.  On April 27, 2017, the parties appeared for a settlement conference where they were unable to reach a settlement agreement.  Thereafter, the Court issued

a Case Management and Scheduling Order and the parties proceeded with discovery and, shortly thereafter served interrogatories and request for production of documents. (*See* Docket Entry dated April 27, 201 and Docket No. 26)  On or about June 28, 2017, the parties provided responses to interrogatories and document requests.  Plaintiff now seeks to compel certain discovery disputed by the parties.  For the reasons set below, defendants respectfully submit that plaintiff's request should be denied.

As an initial matter, on September 27, 2017, a previously-scheduled telephone status conference wherein the issues presented in plaintiff's motion to compel were discussed. Therefore, pursuant to the Court's instructions at the September 27, 2017 telephone conference, defendants respectfully response to the plaintiff's application as follows:

During the telephone conference on September 27, 2017, the Court instructed defendants to submit unredacted copies of the subject disciplinary summaries to the Court for *in camera* review to determine whether plaintiff's request is appropriate. Therefore, contemporaneous to this response[1], defendants have submitted the unredacted disciplinary records of the defendant officers to the Court for *in camera* review.

Additionally, plaintiff's motion seeks the broad production of any testimony provided by the defendant officers that have "been ruled incredible or unworthy of belief in a court or tribunal."  Given the broad, confusing and impractical nature of plaintiff's request, during the September 27, 2017 telephone conference, the Court ordered plaintiff's counsel to identify the type of exact information being sought.  Whereupon, plaintiff's counsel indicated that the request is primarily seeking the production of testimony provided by defendant officers in a suppression hearing that was ruled as incredible by a court. As a result, the Court directed defendants to provide a date by which they will respond to plaintiff indicating whether any of the defendant officers have provided testimony at a suppression hearing that has been ruled untrustworthy by a court. If it pleases this Court, defendants will provide a response regarding the suppression hearings to plaintiff by October 13, 2017.

Moreover, plaintiff's request for the names of the non-party prisoners on the prisoner roster sheet should be denied pursuant to New York Criminal Procedure Law §§ 160.50, 160.55 and/or the New York Family Court Act § 375.1 and on the basis that they are intrusive and not proportional to the needs of the case. Here, plaintiff claims that four male prisoners allegedly witnessed the disputed events. (*See* Plaintiff's Letter at ¶ 3, Dkt. No. 36) However, as the Court is aware, the standard for the scope of discovery has changed and now calls for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  The standard was changed, in part, in order to '"encourage judges to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze

---

[1] Defendants will submit *ex parte* the unredacted disciplinary records, bearing the Bates Stamp Nos. CT001-017. Additionally, for reference, defendants will also submit the corresponding redacted copies of the defendant officers' disciplinary records, bearing Bates Stamp Nos. D000022-25 and D000064-74, which were previously produced to plaintiff.

proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER) (JLC), 2016 U.S. Dist. LEXIS 8406, at *8-9 (S.D.N.Y. Jan. 25, 2016) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792 (WHP) (JCF), 2015 U.S. Dist. LEXIS 162164, at *7 (S.D.N.Y. Dec. 3, 2015)).

Here, the need for the discovery sought, the names of non-party prisoners, is not proportional to the needs of this case especially when balanced against considering the privacy rights of the prisoners under New York Criminal Procedure Law § 160.50. Plaintiff is not entitled to the names of the non-party prisoners on the grounds that their criminal cases may have been sealed under N.Y. Criminal Procedure Law § 160.50, 160.55 and/or the New York Family Court Act § 375.1. Notably, C.P.L. § 160.50 provides very important restrictions on the disclosure of documents and information specifically to protect the identities of individuals who are not parties to lawsuits and who may not wish for their identities or the facts and circumstances of their arrests to be revealed. *Ferreria v. Palladium Realty Partners, et al.*, 611 N.Y.S.2d 458 (Sup. Ct. N.Y. County 1994). The primary purpose of the sealing of records under § 160.50 is to ensure confidentiality and to protect the individual from the potential public stigma associated with an arrest and/or criminal prosecution. *Harper v. Angiolillo, 89 N.Y.2d 761, 658 N.Y.S.2d 229 (1997)*. A court must balance the need for the requested discovery against the privacy interests of the individual(s) protected by this statute. *Id.*; *Fountain v. City of N.Y.*, 2004 U.S. Dist. LEXIS 12278, at **7-8 (S.D.N.Y. June 30, 2004) (plaintiffs have not yet established that "their need for the information outweighs 'the administrative burden on the City, and (more importantly) [the] burden on the privacy interest of the … non-parties.'") (quoting *Bryant v. City of New York*, 2000 U.S. Dist. LEXIS 18548, at *4 (S.D.N.Y. Dec. 27, 2000)). Additionally, the privilege created by N.Y. Crim. Proc. Law. § 160.50 must only yield "'when outweighed by a federal interest in presenting relevant information to a trier of fact.'" *Bryant*, 2000 U.S. Dist. LEXIS 18548, at **3-8 (quoting *United States v. One Parcel of Prop. Located at 31-33 York St.*, 930 F.2d 139, 141 (2d Cir. 1991))

Finally, plaintiff is seeking affidavits for the search performed for the Prisoner Movement Slip and DAT Investigation Report and a deadline for production of the officers' overtime records and the Central Booking Prisoner Log. First, defendants object to plaintiff's characterization of the type of documents ordinarily generated in the course of an NYPD arrest. Nevertheless, defendants will take heed of the Court's suggestion during the September 27, 2017 telephone conference and perform another search for the Prisoner Movement Slip and the DAT Investigation Report and provide the result of the Central Booking Prisoner Roster by October 13, 2017.

Thank you for your considerations herein.

Respectfully submitted,

/s/

Nana K. Sarpong
*Senior Counsel*

cc via ECF:    Gabriel P. Harvis, Esq.