

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Nana K. Sarpong**
*Senior Counsel*
Telephone: (212) 356-0827
Facsimile: (212) 356-3558
nsarpong@law.nyc.gov

October 12, 2017

**VIA ECF AND HAND DELIVERY**
Honorable Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Lisa Snead v. City of New York, et al.,
                 16-CV-9528 (AJN) (DCF)

You Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, representing defendants City of New York, retired Police Officer Gregory Lobianco, Police Officer Richard Hanson and Sergeant Asa Barnes ("defendants") in connection with the above-referenced matter. Pursuant to the Court's Order of October 3, 2017, defendants respectfully supplement their opposition to plaintiff's motion to compel (Docket No. 36) and their submission of the defendant officers' (1) Civilian Complaint Review Board ("CCRB") History, (2) Internal Affairs Bureau ("IAB") Resumes and Reports and (3) Central Personnel Index ("CPI") Indices on September 28, 2017 submission, for the Court's *in camera* review.

      As an initial matter, defendants unintentionally left out the second page of Officer Hanson's IAB Report[1] and redacted allegations on Sergeant Barnes' CPI Indices[2] with serial number PA, C09-0723 and EO009/10, which they intended to produce. Revised copies of the disciplinary records have been produced to plaintiff contemporaneous with this submission.

---

[1] Bearing Bates Stamp no. D000085.

[2] Bearing Bates Stamp no. D000094.

Even with aforementioned document production, plaintiff's application should be denied for the reasons set forth below. As an initial matter, defendants have not redacted any allegation of misconduct in their production of the officers' disciplinary records on the basis that the case is "open" or ongoing. Therefore, the only remaining issue before the Court is whether plaintiff is entitled to the redacted information regarding allegations that post-date the incident. For the reasons set forth below, defendants' should not be required to disclose the redacted information and, as such, plaintiff's application for should be denied.

In the first instance, the cases cited by plaintiff in support of her application for these disciplinary records predate the December 2015 amendment and invokes the old standard for the scope of discovery under F.R.C.P. 26 (b)(1), which called for discovery on any matter that was "reasonably calculated to lead to discovery of admissible evidence." As indicated by the Court during the October 3, 2017 telephone conference, the standard for the scope of discovery now calls for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The standard was changed, in part, in order to "encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry Hotel Grp., Inc.*, No. 15 Civ. 1789 (ER) (JLC), 2016 U.S. Dist. LEXIS 8406, at *8-9 (S.D.N.Y. Jan. 25, 2016) (quoting *State Farm Mut. Auto. Ins. Co. Co. v. Fayda*, 14 Civ. 9792 (WHP) (JCF), 2015 U.S. Dist. LEXIS 162164, at *7 (S.D.N.Y. Dec. 3, 2015)). Rule 26 instructs the Court to consider several factors in assessing proportionality. However, the Court must first determine whether plaintiff's requested discovery is relevant. *Vincent Bertolino v. City of New York, et al.*, 15 Civ. 7327 (S.D.N.Y.)

In *Bertolino*, the Honorable Richard J. Sullivan, applying the appropriate standard after the December 2015 amendment, issued an Order dated August 31, 2016 (Docket No. 44), in which the Court limited the discovery sought by plaintiff. The Court noted that it must first determine whether plaintiff's requested discovery is relevant. *Id.* In the instant case, the discovery sought is irrelevant. The overwhelming weight of authority states that evidence of prior or subsequent allegations of misconduct against police officers is not admissible in civil suits. *See Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence); *Swift v. Mauro*, No. 04-CV-899 (NAM) (GJD), 2008 U.S. Dist. LEXIS 52203, *2-3 (N.D.N.Y. July 7, 2008) (excluding evidence of complaints, internal affairs reports, and notices of claim on grounds that such testimony was not related to the truthfulness of plaintiff's allegations and probative value was slight); *Lombardo v. Stone*, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *9 (S.D.N.Y. Jan. 29, 2002) (holding that disciplinary records are inadmissible). Therefore, plaintiff's request for the allegations of misconduct against the defendant officers that were made subsequent to the date of incident is irrelevant and should be denied.

Nevertheless, defendants hereby annex, for the Court's *in camera* review, unredacted copies of the officers' CCRB History, IAB Resumes and CPI Indices that were produced to plaintiff. These unredacted versions still bear the outline of the redactions, for the Court's convenience. Defendants redacted information regarding complaints that post-date the

incident, and/or are dissimilar and unrelated to those in the instant complaint, and/or those that do not go to truthfulness. The following chart outlines the allegations redacted by defendants and the reason for the redaction.

| **Document** | **Redacted Information** | **Bates Stamp Number** |
|---|---|---|
| PO Lobianco's IAB Resume Report. | Defendants redacted (1) IA Log# 2016-12208 and (2) IA Log# 2016-11768, which are allegations that post-date the underlying incident in this case. Upon information and belief, defendants believe that (3) IA Log# 2015-07684 is dissimilar and unrelated to the allegation in the instant complaint. | D000080 |
| PO Hanson's IAB Resume Report. | Defendants redacted (1) IA Log #2017-16592, (2) IA Log# 2017-10526, (3) IA Log # 2016-45004, (4) IA Log# 2016-34672, (5) IA Log# 2016-30734 and (6) IA Log# 2015-36207 are allegations that post-date the underlying incident in this case. | D000084-85 |
| Sgt. Barnes' CCRB History. | Defendants believe that CCRB Case # 201400110, which is regarding the officer failure to complete a memo book entry, is dissimilar and unrelated to the allegations in the instant complaint. | D000087 |
| Sgt. Barnes' IAB Resume. | Defendants believe that IA Log# 09-19368 and IA Log# 10-31124, which are allegations regarding unauthorized use of a parking permit and stolen property from the Property Clerk Pound are dissimilar and unrelated to the allegations in the instant complaint. | D000088-89 |
| Sgt. Barnes' IAB Resume Report. | Defendants redacted (1) IA Log# 2016-16126 is an allegation that post-dates the underlying incident in this case and (2) IA Log#2015-5585, which is an allegation regarding an incomplete/improper memo book, is dissimilar and unrelated to the allegations in the instant case. | D000090-93 |

| Sgt. Barnes' CPI Index. | Defendants redacted internal investigations with serial number (1) M10-1348, which is allegations regarding missing property, is dissimilar and unrelated to the allegations in the instant case. Internal investigation with serial number (2) C16-0336 is an allegation that post-date the underlying incident in this case. | D000094 |

Upon further review, defendants no longer dispute the discoverability of misconduct cases IA #s 05-26439, 05-38456, 07-19900, 09-41373 and 10-30298, which appear on D000088-89.

Finally, on October 3, 2017, a telephone conference was held in this case. The undersigned has conferred with plaintiff's counsel about the issues discussed before the Court during the phone conference, and it is the parties' understanding that the Court granted defendants' application, with plaintiff's consent, for an extension of time to complete discovery, from October 20, 2017 to November 20, 2017, due to a medical emergency for a family of the undersigned.

Defendants thank the Court for its attention to this matter.

                                              Respectfully submitted,
                                              /s/

                                              Nana K. Sarpong
                                              Senior Counsel

cc:    **VIA ECF (w/o annexed documents)**: Gabriel P. Harvis, Esq.