# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
  (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:

WRITER'S DIRECT DIAL:

January 11, 2018

**BY ECF**
Honorable Debra C. Freeman
Chief United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Snead v. City of New York, et al.*, 16 CV 9528 (AJN) (DCF)

Your Honor:

      We represent non-party witnesses to the disputed events in this case. We write, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, to respectfully request that the Court quash subpoenas recently issued by the defense.

**Background**

      As described in an affidavit provided at the commencement of discovery, non-party Tiffany D'Andrea Pryor observed and recorded with her cell phone a portion of Ms. Snead's disputed arrest; Ms. Pryor was under the impression the phone and video had been lost. *See* Affidavit dated March 22, 2017, annexed hereto as Exhibit 1. Defendants ultimately deposed Ms. Pryor on December 5, 2017. During her deposition, Ms. Pryor testified that she had discovered her missing cell phone by chance in a closet the day before, and the undersigned counsel (Mr. Fitzgerald) indicated it was being preserved in his possession, and that any relevant information on the phone would be made available to the defense voluntarily. Ms. Pryor also testified to ministerial contacts with plaintiff and plaintiff's counsel's office in connection with the execution of Ms. Pryor's affidavit, Ms. Pryor's attempts to retrieve the video and the non-party's appearance at deposition. *See* Pryor Deposition Testimony, annexed hereto as Exhibit 2, at pp. 11-21, 95-111.

      The second non-party witness, Ms. Wilhelmina Bryant-Forbes (plaintiff's co-worker and former friend) was walking with plaintiff when she was stopped by the police in June 2015. Ms. Bryant-Forbes testified at her deposition on December 6, 2017 that she also recorded a portion of the encounter with her cell phone, but had since lost the phone. *See* Bryant-Forbes Deposition

Hon. Debra C. Freeman
Jan. 11, 2018
Page 2

Testimony, annexed hereto as Exhibit 3, at pp. 53-54.[1] Ms. Bryant-Forbes testified that she had spoken on the phone with plaintiff's counsel the day before the deposition, and had no other contact with plaintiff's counsel, and had never discussed the lawsuit with plaintiff, from whom she is now estranged. *Id.* at 13-16, 26. Both Ms. Forbes and Ms. Pryor testified that they did not know each other. *Id.* at 56; Exhibit 2 at p. 111.

On January 8, 2018 (three days ago), without prior notice to the non-parties' counsel, counsel to Ms. Pryor was served with a subpoena, annexed hereto as Exhibit 4, seeking production (by today) of:

> (1) [the] Cellular phone used by D'Andrea Tiffany Pryor to record the arrest of plaintiff on or about June 24, 2015; (2) any and all documents demonstrating attempts to retrieve videos, photographs, or any other images of plaintiff's arrest on or about June 24, 2015, including, without limitation, any such efforts assisted by the Apple Store; and (3) D'Andrea Tiffany Pryor's current cellular phone (or the phone to which Ms. Pryor testified at her deposition on December 5, 2017, was used to communicate with plaintiff and/or plaintiff's counsel) for a forensic inspection/examination to retrieve all communications relating to this case, including, without limitation, all communications between D'Andrea Tiffany Pryor and Gabriel Harvis, Esq., Barre Fett (sic), Esq., or any other employee or agent of the law firm of Harvis & Fett; all communications between D'Andrea Tiffany Pryor and any other party, including, without limitation, Wilhelmina Forbes, regarding plaintiff's arrest on or about June 24, 2015 and/or the within lawsuit.

Also on January 8th, the undersigned counsel for Ms. Bryant-Forbes (Mr. Rankin) was served with a similar subpoena, annexed hereto as Exhibit 5, seeking production of Ms. Bryant-Forbes's "current cell phone" as well as various documents defendants lack any good faith basis to believe exist.

**The Subpoenas Should be Quashed**

As this Court has explained:

> Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas, regardless of the context of issuance, and provides the framework for motions to quash. Under Rule 45(c)(3), the court must modify or quash a subpoena that:
>
> > (i) fails to allow a reasonable time to comply;

---

[1] The undersigned respectfully note that defendants never provided the non-parties with their deposition testimony, and only provided plaintiff with the testimony yesterday after multiple requests.

> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

*GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, 07 CV 3219 (PKC) (DF), 2012 WL 1933558, *5 (S.D.N.Y. May 22, 2012).

Here, there are a number of reasons to grant the instant motion to quash. First, it is hard to overstate the burden imposed by these subpoenas, which demand that the non-parties surrender, *inter alia*, their *current* personal cellular phones, for an indefinite period of time, so that their contents can be examined wholesale by the City of New York.

As the Chief Justice of the United States Supreme Court, the Hon. John G. Roberts, wrote for the majority in the recent seminal case of *Riley v. California*:

> [A] cell phone search would typically expose to the government far *more* than the most exhaustive search of a house: A phone not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form—unless the phone is.
>
> \*    \*    \*
>
> Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans "the privacies of life." The fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought. Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant.

134 S. Ct. 2473, 2491–95, 189 L. Ed. 2d 430 (2014) (citations omitted) (emphasis in original).

Critically, there is nothing in the record (or elsewhere) to justify such intrusion upon the non-parties. The only relevant evidence that the non-parties ever possessed are the videos taken of plaintiff's arrest and, arguably, such ministerial communications between plaintiff and Ms. Pryor as are mentioned in Exhibit 2. Rather than requesting such information, defendants engage in a

punitive effort to confiscate the women's phones so that defendants can rifle through their private contents. Under such circumstances, the subpoenas should be quashed. *See, e.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51 (S.D.N.Y. 1996) ("These requests go beyond any reasonable attempt to identify documents pertinent to [the parties' dispute]…and include within their scope documents that are irrelevant not only to plaintiffs' underlying antitrust claims, but also to Merrill's relationship with Brunswick. Accordingly, this Court finds that the Brunswick Subpoena is overbroad on its face, and as such, falls within Rule 45(c)(3)(A)'s prohibition on subpoenas that subject a witness to 'undue burden.'"); *Cohen v. City of New York*, 255 F.R.D. 110, 117 (S.D.N.Y. 2008) ("[T]he Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] nonparty.") (citation omitted).

Indeed, reasonableness would dictate that – if compulsory process were even necessary given Ms. Pryor's offer of voluntary compliance, Ms. Bryant-Forbes's testimony that the phone she used to record was lost and this Court's explicit instruction to defendants to meet and confer in good faith on these issues (*see* DE #58) – defendants should have at least appropriately limited their request to that small universe of potentially relevant information as might be in the non-parties' possession.

The subpoenas are also improper inasmuch as they do not allow a reasonable time to comply, demanding production in three days. *Brown v. Hendler*, 09 CV 4486 (RLE), 2011 WL 321139, *2 (S.D.N.Y. Jan. 31, 2011) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable….Federal courts have also found compliance times of eight and seven days not to be reasonable.") (citations omitted) (collecting cases).

In light of the foregoing, the undersigned respectfully request that the Court (i) quash the subpoenas as served; (ii) grant the non-parties leave to conduct a search for videos depicting plaintiff's arrest or any communications relevant to the disputed events as described at their depositions; and (iii) that the non-parties be permitted a reasonable time to produce any responsive materials, or an appropriate affidavit describing the search and its results. Further, to the extent the fees and costs are incurred in complying with the Court's order, the undersigned respectfully request that such costs be borne by the City of New York. *Cohen,* 255 F.R.D. at 117 ("The status of a witness as a nonparty to the underlying litigation entitles the witness to consideration regarding expense and inconvenience…Of course, discovery should not simply be denied on the ground that the person or entity from whom it is sought is not a party to the action…A better approach is for the court to take steps to relieve a nonparty of the burden of compliance even when such accommodations might not be provided to a party.") (internal quotation marks, brackets and citations omitted).

///

Hon. Debra C. Freeman
Jan. 11, 2018
Page 5


      The undersigned will be actually engaged in presenting the trial of *Emamian v. Rockefeller University*, 07 Civ. 3919 (DAB) in the Sothern District thorough the balance of January. If there is going to be a hearing on this matter, I respectfully request it be after February 5th. Thank you for your consideration of this request.

                                        Respectfully submitted,

                                          /s/
                                    David B. Rankin
                                    *Counsel to non-party Wilhelmina Bryant-Forbes*

                                          /s/
                                    Christopher H. Fitzgerald
                                    *Counsel to non-party D'Andrea Tiffany Pryor*


Encl.

cc:      Nana Sarpong, Esq.