UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LISA SNEAD,

                                 Plaintiff,

              -against-
                                                      16 CV 9528 (AJN)
CITY OF NEW YORK, et al.,

                                 Defendants.
------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

HARVIS & FETT LLP
305 Broadway, 14th Floor
New York, New York 10007

*Attorneys for plaintiff*

January 22, 2018

TABLE OF CONTENTS

STATEMENT OF MATERIAL FACTS ................................................................. 1

THE SUMMARY JUDGMENT STANDARD ....................................................... 2

ARGUMENT .......................................................................................................... 3

    DEFENDANT LOBIANCO FABRICATED EVIDENCE AS A MATTER OF LAW ................................................................................ 3

CONCLUSION ....................................................................................................... 6

STATEMENT OF MATERIAL FACTS

Plaintiff Lisa Snead is a law-abiding resident of Harlem who works for the City of New York as a bus driver. *See* First Amended Complaint at ¶¶ 15-16. On the evening of June 24, 2015, Ms. Snead was walking down 145th Street in Manhattan with a friend when she was stopped and arrested by the individually-named NYPD officer defendants. *Id.* at ¶¶ 17-29.

Disputed facts generally surround the officers' allegations, later dismissed in criminal court, that Ms. Snead violated New York City Administrative Code § 10-125(b) by drinking alcohol in public and violated the penal law by resisting arrest and engaging in disorderly conduct.

However, plaintiff respectfully submits that the facts necessary to decide the instant motion are not in dispute. First, it is undisputed that arresting officer Gregory LoBianco never observed plaintiff drink from the can she was allegedly holding. Plaintiff's Rule 56.1 Statement of Undisputed Facts dated January 22, 2018 ("Pl. 56.1"), ¶ 1. Second, it cannot be disputed that, after arresting plaintiff, defendant LoBianco swore out a criminal complaint under penalty of perjury in which he nevertheless falsely claimed to have observed plaintiff drinking from the can. *Id.* at ¶¶ 2-8. Third, the executed criminal complaint, including the materially false statement regarding the officer's observation, was then forwarded to prosecutors and filed,

thereby commencing a prosecution against plaintiff that would ultimately last fifteen months. *Id.* at ¶¶ 9-11.

## THE SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 allows a party to seek a judgment before trial on the grounds that all facts relevant to a claim are undisputed and that those facts entitle the party to the judgment sought. *Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014). "The Court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Mark v. Gawker Media LLC*, 13 CV 4347 (AJN), 2016 WL 1271064, *2 (S.D.N.Y. Mar. 29, 2016) (quoting Fed. R. Civ. P. 56(a)) (quotation marks omitted).

A fact is "material" within the meaning of FED. R. CIV. P. 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility

assessments." *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 122 (2d Cir. 2004) (quotation omitted).

The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting FED. R. CIV. P. 56(e)).

## ARGUMENT

### DEFENDANT LOBIANCO FABRICATED EVIDENCE AS A MATTER OF LAW

> In order to succeed on a claim for a denial of the right to a fair trial against a police officer based on an allegation that the officer falsified information, an arrestee must prove by a preponderance of the evidence that the officer created false information, the officer forwarded the false information to prosecutors, and the false information was likely to influence a jury's decision.

*Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279-80 (2d Cir. 2016) (extending the holding of *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123 (2d Cir. 1997) to cases in which the fabricated evidence consists of an officer's own observations) (citations omitted); *see Harris v. City of New York*, 222 F. Supp. 3d 341, 351 (S.D.N.Y. 2016) ("It is firmly established that a constitutional right exists not to be deprived of liberty on the basis of false evidence fabricated by a government

-3-

officer.") (McMahon, C.J.) (citing *Zahrey v. Coffey*, 221 F.3d 342, 355 (2d Cir. 2000)).

Here, the arresting officer's own deposition testimony establishes the claim:

> Q. [D]id you have any doubt…that Ms. Snead had an alcoholic beverage in her hand?
> A. No.
> Q. You were certain of it?
> A. Yes.
> Q. [D]id you see her drinking from the can?
> A. I did not.

Testimony of Gregory LoBianco at Deposition held on December 4, 2017, annexed to the Declaration of Gabriel P. Harvis dated January 22, 2018 ("Harvis Decl.") as Exhibit 1 ("LoBianco Dep."), p. 43, ln. 11-21.[1]

> Q. [D]id Lisa Snead intend to consume the contents of that can?
> A. I am not sure.
> Q. [B]efore you signed [the criminal complaint], did you read it?
> A. I did.
> Q. [W]hen you signed [the criminal complaint], you were signing it under the penalty of perjury; correct?
> A. Correct.
> Q. You see where it says that you … observed Lisa Snead drinking from an open can?

---

[1] If it should please the Court, the cited excerpts from the defendant's videotaped deposition are accessible at: https://vimeo.com/252250322/46ded139d4. Plaintiff respectfully offers this video to eliminate any argument regarding accuracy of the written transcript.

> A. I do.
> Q. [T]hat's not true; right?
> MR. SARPONG: Objection to the form.
> A. No, I had not seen her drinking from the can.
> Q. Why did you sign something under penalty of perjury saying that you had seen her drinking it when you didn't?
> A. I'm not sure.

LoBianco Dep., Harvis Decl., Exhibit 1, p. 271, ln. 2-25; *see* Criminal Complaint, annexed to Harvis Decl. as Exhibit 2.

There is simply no fact more vital to adjudicating criminal liability for the violation of drinking in public than whether the suspect was in fact drinking. *See, e.g., United States v. Lopez*, 321 F. App'x 65, 67 (2d Cir. 2009) (treating as principally relevant the issue of whether a suspect was drinking in analysis of seizure based on N.Y.A.C. § 10-125(b)). Plaintiff respectfully submits that, for this reason, LoBianco's acknowledged fabrication was *per se* likely to influence a reasonable trier of fact weighing the guilt of plaintiff Lisa Snead as to this violation.

The fabrication and materiality elements thus disposed, defendants cannot credibly contest that LoBianco forwarded the false evidence to prosecutors (*see* Pl. 56.1 at ¶¶ 6-9) or that plaintiff suffered a constitutionally-meaningful liberty deprivation as a result (*see* Pl. 56.1 at ¶¶ 9-11). *See Cabrera v. City of New York*, 16 CV 1098 (GBD), 2017 WL 6040011, *7 (S.D.N.Y. Dec. 4, 2017) (finding sufficient

liberty deprivation where evidence fabrication plaintiff spent approximately four hours in custody prior to arraignment and "thereafter appeared in court on criminal charges"); OLPA, annexed to Harvis Decl. as Exhibit 4 (reflecting 18 hours and 46 minutes in custody prior to arraignment); Court Action Sheet, annexed to Harvis Decl. as Exhibit 5 (indicating ten criminal court appearances). Accordingly, plaintiff respectfully submits that she is entitled to partial summary judgment on her evidence fabrication claim.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant partial summary judgment to plaintiff on her claim of evidence fabrication, and for such other and further relief as the Court deems just and proper.

Dated:  New York, New York
          January 22, 2018

HARVIS & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*
