UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LISA SNEAD,

                                     Plaintiff,

-against--

CITY OF NEW YORK, Police Officer GREGORY LOBIANCO, Shield No. 31307; Police Officer RICHARD HANSON, Shield No. 20219; Sergeant ASA BARNES, Shield No. 2040;. and JOHN and JANE DOE 3 THROUGH 10,

                                       Defendants.

---------------------------------------------------------------- X

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

16-CV-9528 (AJN)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendants City of New York, Police Officer Gregory LoBianco, Police Officer Richard Hanson, and Police Officer Asa Barnes, (hereinafter "Defendants"), by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, submit their Responses and Objections to Plaintiff's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 in Support of Plaintiff's Motion for Partial Summary Judgment, as well as their own Statement of Additional Material Facts as follows.

## Plaintiff's Statement of Facts

1. On June 24, 2015 (the date of plaintiff's arrest), defendant Gregory LoBianco, (plaintiff's arresting officer) never observed plaintiff Lisa Snead drink from the can he alleges she was holding. Deposition Testimony of Gregory LoBianco, December 4, 2017, annexed to the Declaration of Gabriel P. Harvis dated January 22, 2018 (Harvis Decl.) as Exhibit 1 (LoBianco Dep.), p. 43, ln. 18-21 (Q: Did you see her drinking from the can? A: I did not.).

    **CITY DEFENDANTS' RESPONSE:**

    **Undisputed that the cited testimony so states.**

2. Following plaintiff's arrest, defendant LoBianco signed a criminal complaint under penalty of perjury attesting to the circumstances of plaintiff's arrest. *Id.* at p. 271, ln. 8-11; Criminal Complaint, annexed to Harvis Decl. as Exhibit 2.

    **CITY DEFENDANTS' RESPONSE:**

    **Undisputed.**

3. Aware that he was signing the document under the penalty of perjury, defendant LoBianco reviewed the criminal complaint before signing it. LoBianco Dep., Harvis Decl., Exhibit 1, p. 271, ln. 5-7.

    **CITY DEFENDANTS' RESPONSE:**

    **Undisputed that the cited testimony so states; however, objection insofar as the above does not represent a fact that is material to outcome of the present motion.**

4. In the sworn criminal complaint he executed, defendant LoBianco falsely averred that he had "observed" plaintiff Lisa Snead "drinking from an open Bud Light Rasberita can." Criminal Complaint, Harvis Decl., Exhibit 2, p. 1; LoBianco Dep., Harvis Decl., Exhibit

1 (Q: You see where it says that you observed...Lisa Snead drinking from an open can? A: I do. Q: That's not true, right? A: No, I had not seen her drinking from the can.).

> **CITY DEFENDANTS' RESPONSE:**
>
> **Undisputed as to the first citation; disputed and objection as to the second citation, which is incomplete and lacking in support for the testimony quoted.**

5. Defendant LoBianco could offer no explanation for his apparent perjury. *Id.*, p. 271, ln. 22-25. (Q: Why did you sign something under the penalty of perjury saying that you had seen her drinking when you hadn't? A: I'm not sure.)

   > **CITY DEFENDANTS' RESPONSE:**
   >
   > **Undisputed that the cited testimony so states, but dispute characterization of Defendant LoBianco's signed statement as "perjury."**

6. Defendant LoBianco executed the criminal complaint at approximately 11:20 a.m. on June 25, 2015. Criminal Complaint, Harvis Decl., Exhibit 2, p. 2.

   > **CITY DEFENDANTS' RESPONSE:**
   >
   > **Undisputed; however, objection insofar as the above does not represent a fact that is material to outcome of the present motion.**

7. After signing the criminal complaint, defendant LoBianco faxed it to the Manhattan District Attorney's office. Memo Book of Gregory LoBianco, annexed to Harvis Decl. as Exhibit 3, p. 4 ("1120: Signed & faxed afadavid [*sic*]"); OLPA, annexed to Harvis Decl. as Exhibit 4, p. 1 ("COMPLAINT RECEIVED 6/25/15 1219").

   > **CITY DEFENDANTS' RESPONSE:**
   >
   > **Undisputed.**

8. Defendant LoBianco never contacted prosecutors to withdraw or amend the false sworn statement in the criminal complaint. LoBianco Dep., Harvis Decl., Exhibit 1, p. 276, ln 15-18.

   **CITY DEFENDANTS' RESPONSE:**

   **Undisputed that the cited testimony so states.**

9. The criminal complaint executed by defendant LoBianco was docketed on June 25, 2015, initiating a prosecution against plaintiff Lisa Snead for charges including Consumption of Alcohol on the Streets Prohibited (N.Y.A.C. § 10-125(b)). OLPA, Harvis Decl., Exhibit 4, p. 1; Criminal Complaint, Harvis Decl., Exhibit 2.

   **CITY DEFENDANTS' RESPONSE:**

   **Undisputed that plaintiff was arraigned on a violation of N.Y.A.C. § 10-125(b), which holds that "No person shall drink or consume an alcoholic beverage, or possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place except at a block party, feast or similar function for which a permit has been obtained." N.Y.A.C. § 10-125(b). Disputed that the violation of N.Y.A.C. § 10-125(b) is listed on plaintiff's OLPA. See OLPA, Harvis Decl., Exhibit 4, p. 1.**

10. After being held for over eighteen hours, Ms. Snead was arraigned on June 25, 2015 and released on her own recognizance. Court Action Sheet, annexed to Harvis Decl. as Exhibit 5; *People v. Lisa Snead*, Docket Number 2015NY040259, Transcript of Proceedings on June 25, 2015, annexed to Harvis Decl. as Exhibit 6; OLPA, Harvis Decl., Exhibit 4, p. 1.

    **CITY DEFENDANTS' RESPONSE:**

    **Undisputed that plaintiff was arraigned on charges for N.Y.P.L. § 205.30 (Resisting Arrest); N.Y.A.C. § 10-125(b) (Consumption of Alcohol on the Streets Prohibited); and**

N.Y.P.L § 240.20(3) (Disorderly Conduct). Criminal Complaint, Harvis Decl., Exhibit 2.

**Defendants' Statement of Counter-Facts Pursuant to Local
Civil Rule Rule 56.1**

1. On the evening of June 24, 2015, New York City Police Department (NYPD) Police Officers Gregory LoBianco and Richard Hanson were assigned to Impact Duty within the 32 Precinct, and were patrolling in an unmarked car together with their supervisor, Impact Sergeant Asa Barnes. (December 4, 2017 Deposition of Gregory LoBianco, annexed as Exhibit A to the Declaration of Nana Sarpong dated February 5, 2017 (hereinafter, "Sarpong Decl."), at 15:4-13); (November 29, 2017 Deposition of Richard Hanson, annexed as Exhibit B to Sarpong Decl. at 24:8-17, 25:13-16); (November 28, 2017 Deposition of Asa Barnes, annexed as Exhibit C to Sarpong Decl. at 31:20-32:4).

2. As the three Officers were traveling in their vehicle westbound on West 145 Street from Seventh Avenue, one of them noticed a female pedestrian, later identified as plaintiff Lisa Snead, "drinking an open container of alcohol." (Ex. C to Sarpong Decl. at 53:19-54:5, 59:9-15); (Ex. A to Sarpong Decl. at 25:14-26:5).

3. After all three Officers were made aware that plaintiff was in possession of an open container of alcohol on the sidewalk, Officer LoBianco looked out of his window and observed plaintiff holding in her hand an open can of alcohol "in a brown paper bag with the top portion of the can sticking out of the brown paper bag." (Ex. A to Sarpong Decl. at 32:2-17, 33:14-34:7).

4. At least the top half, if not the majority, of the can was sticking out of the paper bag displaying the name of the alcohol on it. (Ex. A to Sarpong Decl. at 36:16-37:23).

5. From his training and experience as an Impact Officer, Officer LoBianco recognized the can as a raspberry-flavored Bud Light alcoholic beverage called "Raz-Ber-Rita." (Ex. A at 36:16-37:3, 40:5-16, 63:5-20).

6. Sergeant Barnes was also able to observe from his vantage point inside the vehicle that plaintiff was "[d]rinking an open container of alcohol." (Ex. C to Sarpong Decl. at 53:12-21, 57:14-19).

7. Sergeant Barnes was also able to discern that plaintiff was consuming an alcoholic beverage, a "mixed Bud Light," with the flavor printed on the can and the "Bud Light" symbol on the top of the can. (Ex. C to Sarpong Decl. at 54:16:-55:6).

8. Upon sharing their observations of plaintiff, the Officers immediately drew up their vehicle near plaintiff and exited. (Ex. B to Sarpong Decl. at 29:22-31:19);

9. Plaintiff was still holding the open container of alcohol at the time the Officers exited their vehicle and as they approached her. (Ex. A to Sarpong Decl. at 52:5-14, 56:14-19).

10. Once he exited the police vehicle, Officer Hanson, who had not made any observations of plaintiff from the car, observed the label on the can plaintiff was holding and Officer Hanson, as well, saw that plaintiff was holding an open container of alcohol. (Ex. B to Sarpong Decl. at 32:2-24).

11. Upon exiting the vehicle, Officer LoBianco was able to confirm that his recognition of the "Bud Light Raz-Ber-Rita" from the vehicle was correct, and that this was the open alcoholic beverage that plaintiff held in her hand. (Ex. A to Sarpong Decl. at 33:22-34:7).

12. As the Officers moved toward plaintiff, plaintiff approached them, yelling expletives and stating "you don't know who the F—k I am." (Ex. A to Sarpong Decl. at 56:20-57:5); (Ex. C to Sarpong Decl. at 73:3-5).

13. When the Officers attempted to inquire if plaintiff was drinking alcohol and asked to see the open container plaintiff was carrying, plaintiff threw the can to the ground. (Ex. A to Sarpong Decl. at 57:6-10); (Ex. C to Sarpong Decl. at 73:13-16).

14. When the can of "Bud Light Raz-Ber-Rita" hit the ground, it rolled out of the brown paper bag and was fully exposed. (Ex. A to Sarpong Decl. at 57:9-12).

15. Also when the can of "Bud Light Raz-Ber-Rita" hit the ground, liquid poured out of it, producing an odor of alcohol. (Ex. A to Sarpong Decl. at 64:17-65:22).

16. An odor of alcohol emanated from plaintiff as well. (Ex. B to Sarpong Decl. at 115:15-22); (Ex. A to Sarpong Decl. at 160:2-7).

17. On the following day, June 25, 2015, Police Officer LoBianco signed a criminal complaint against plaintiff swearing that "[plaintiff] possessed with intent to consume an open container containing an alcoholic beverage in a public place, other than a block party, feast and similar function for which a permit had been obtained . . . ." Criminal Complaint, Harvis Decl., Exhibit 2, p.1.

18. At the time the defendant officers stopped plaintiff, non-party Wilhelmina Bryant-Forbes observed plaintiff drinking something from a brown bag which she had in her hand. (Ex. D to Sarpong Decl. at 44:17-25; 45:1-10).

Dated:     New York, New York
           February 5, 2018

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants City of New York, Police
                              Officer Richard Hanson, Police Officer Gregory
                              Lobianco, and Sergeant Asa Barnes*
                              New York, New York 10007
                              (212) 356-0827


                              By:     /s/
                                    NANA K. SARPONG
                                    Assistant Corporation Counsel

TO:   Gabriel Harvis and Barre Fett, Esqs. (*By ECF*)