No. 16 CV 9528 (AJN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA SNEAD,

                            Plaintiff,

-against--

CITY OF NEW YORK, Police Officer GREGORY LOBIANCO, Shield No. 31307; Police Officer RICHARD HANSON, Shield No. 20219; Sergeant ASA BARNES, Shield No. 2040;. and JOHN and JANE DOE 3 THROUGH 10,

                            Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56 OF FEDERAL RULES OF CIVIL PROCEDURE**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants The City of New York, Police Officer Gregory LoBianco, Police Officer Richard Hanson, and Sergeant Asa Barnes*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Nana K. Sarpong*
*Tel: (212) 356-0827*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................1

**STANDARD OF REVIEW** ......................................................................................................2

**STATEMENT OF RELEVANT FACTS** ................................................................................3

**PROCEDURAL HISTORY** .....................................................................................................5

**ARGUMENT**..............................................................................................................................5

    I.    PLAINTIFF'S UNLAWFUL SEARCH CLAIM FAILS AS A MATTER OF LAW....5

    II.   PLAINTIFF'S UNLAWFUL STOP AND FALSE ARREST CLAIMS SHOULD BE 6 DISMISSED AGAINST OFFICER HANSON AND SERGEANT BARNES .....................6

    III.  PLAINTIFF'S FAILURE TO INTERVENE CLAIM, AS PREMISED ON HER ........7 FALSE ARREST CLAIM, MUST BE DISMISSED ...............................................................7

    IV.  PLAINTIFF'S DENIAL OF THE RIGHT TO A FAIR TRIAL MUST BE ..................8 DISMISSED AS TO OFFICER HANSON AND SERGEANT BARNES ............................8

    V.   PLAINTIFF'S MALICIOUS PROSECUTION CLAIM MUST BE DISMISSED AS TO OFFICER HANSON ..............................................................................................................9

    VI.  PLAINTIFF'S MUNICIPAL LIABILITY CLAIM AND PURPORTED SUPERVISORY LAIBILITY CLAIM CANNOT SURVIVE............................................. 10

    VII. PLAINTIFF CANNOT MAKE OUT A CLAIM FOR BIASED-BASED PROFILING ........................................................................................................................... 11

**CONCLUSION** ........................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Allen v. Coughlin,
 64 F.3d 77 (2d Cir. 1995) ...................................................................................... 3

Anderson v. Branen,
 17 F.3d 552 (2d Cir. 1994) ..................................................................................... 7

Anderson v. Liberty Lobby. Inc.,
 477 U.S. 242 (1986) ................................................................................................ 2

Arroyo-Horne v. City of New York,
 No. 07-CV-5213 (RJD), 2011 U.S. Dist. LEXIS 23904 (E.D.N.Y. Mar. 9,
 2011) ...................................................................................................................... 11

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ................................................................................ 2, 10, 11, 12

Berk v. St. Vincent's Hosp. & Med. Ctr.,
 380 F. Supp. 2d 334 (S.D.N.Y. 2005) ..................................................................... 8

Bernshtein v. City of New York,
 496 Fed. Appx. 140 (2d Cir. 2012) ......................................................................... 9

Bradley v. City of New York,
 No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532 (E.D.N.Y. June 18,
 2009) ...................................................................................................................... 10

Cancel v. Kelly,
 No. 13-CV-6007 (JMF), 2016 U.S. Dist. LEXIS 17063 (S.D.N.Y. Feb. 11,
 2016 ) ..................................................................................................................... 12

Chepilko v. City of New York,
 No. 06-cv-5491 (ARR)(LB), 2012 U.S. Dist. LEXIS 15110 (E.D.N.Y. Feb. 6,
 2012) ........................................................................................................................ 8

Cuevas v. City of New York,
 No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984 (S.D.N.Y. Dec. 7,
 2009) ...................................................................................................................... 10

Evans v. Stephens,
 407 F.3d 1272 (11th Cir. 2005) (en banc) ............................................................... 8

Hicks v. Marchman,
    No. 17 CV 615, 2018 U.S. App. LEXIS 366 (2d. Cir. Jan. 2, 2018) .................................. 9

Higginbotham v. Sylvester,
    No. 14 CV 8549 (PKC), 2016 U.S. Dist. LEXIS 151997 (S.D.N.Y. Nov. 2,
    2016) ................................................................................................................................ 2

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007) .......................................................................................... 11

Jean-Laurent v. Wilkinson,
    540 F. Supp. 2d 501 (S.D.N.Y. 2008) ............................................................................. 7

Keller v. Sobolewski,
    No. 10-cv-5198 (FB) (RML), 2012 U.S. Dist. LEXIS 147395 (E.D.N.Y. Oct.
    12, 2012) .......................................................................................................................... 9

Krynski v. Chase,
    707 F. Supp. 2d 318 (E.D.N.Y. 2009) ............................................................................. 8

Matsushita Electric Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986) ........................................................................................................ 3

Moffitt v. Town of Brookfield,
    950 F.2d 880 (2d Cir.1991) ............................................................................................. 7

Morgan v. County of Nassau,
    720 F. Supp. 2d 229 (E.D.N.Y. 2010) ............................................................................. 8

O'Neill v. Krzeminski,
    839 F.2d 9 (2d Cir. 1988) ................................................................................................ 7

Ochoa v. Bratton,
    No. 16-cv-2852 (JGK), 2017 U.S. Dist. LEXIS 195124 (S.D.N.Y. Nov. 27,
    2017) .............................................................................................................................. 12

Rohman v. New York City Transit Auth.,
    215 F.3d 208 (2d Cir. 2000) ............................................................................................ 9

Spavone v. N.Y. State Dep't of Correctional Servs.,
    719 F.3d 127 (2d Cir. 2013) ............................................................................................ 7

Swinton v. City of New York,
    No. 08-CV-3278 (RJD) (RML), 2011 U.S. Dist. LEXIS 32384 (E.D.N.Y.
    Mar. 28, 2011) ............................................................................................................... 11

Vasconcellos v. City of New York,
    12 CV 8445 (CM), 2015 U.S. Dist. LEXIS 121572 (S.D.N.Y. Sept. 9, 2015) ................ 3

Williams v. Young,
    769 F. Supp. 2d 594 (S.D.N.Y. 2011) .................................................................................7

Wright v. Smith,
    21 F.3d 496 (2d Cir. 1994) ...................................................................................................7

**Statutes**

42 U.S.C. §§ 1983 and 1988 ...........................................................................................................1

Fed. R. Civ. P. 56(c) .......................................................................................................................2

Fed. R. Civ. P. 56(c)(1)(B) .............................................................................................................3

Rule 11's .......................................................................................................................................12

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................11

Federal Rules Rule 8 .....................................................................................................................12

Local Civil Rule 56.1(c) .................................................................................................................3

## PRELIMINARY STATEMENT

Plaintiff Lisa Snead filed this cause of action pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Administrative Code of the City of New York, in December 2016, relating to her June 2015 arrest for several counts of disorderly conduct and resisting arrest. In plaintiff's Amended Complaint ("AC"), filed on April 25, 2017, plaintiff alleges that the three individual defendants,[1] Police Officer LoBianco, Police Officer Hanson, and Sergeant Barnes: (i) subjected plaintiff to unlawful stop and search; (ii) falsely arrested plaintiff; (iii) maliciously prosecuted plaintiff; (iv) denied plaintiff the constitutional right to a fair trial; (v) were liable for failure to intervene; (vi) and engaged in biased-based profiling in violation of the New York City Administrative Code. The plaintiff further claims that the defendant City of New York, through racially discriminatory policies, directly caused plaintiff's constitutional injury, and that "unidentified supervisory defendants" are liable for tolerating and/or ratifying the allegedly unconstitutional policies, practices, or customs.

As set forth herein, the evidence when viewed in the light most favorable to plaintiff, establishes that: (i) no officer searched plaintiff the night of her arrest, thus her claim for unlawful search cannot survive against any of the defendants; (ii) plaintiff has established that only Officer LoBianco had any kind of participation in her stop and arrest, thus her unlawful stop and false arrest claims must fail as against Officer Hanson and Sergeant Barnes for lack of personal involvement; (iii) failure to intervene cannot be shown on the part of either Officer Hanson or Sergeant Barnes, nor can Officer LoBianco be held liable for failure to intervene when plaintiff alleges that he

---

[1] Plaintiff alleges in the AC that she was, among other things, falsely arrested by all three individual defendants. (AC at ¶¶ 17, 40) As discussed further at Point II, infra, plaintiff's sworn deposition testimony does not support this allegation, as plaintiff testified that there were only two officers at the scene of her arrest – her arresting officer, whose name she recognized as Officer LoBianco, and a second, unknown officer whom she believed remained seated inside the police vehicle until after she had been arrested and handcuffed, and who had no participation in her arrest. (See Defendants' Statement Pursuant to Local Civil Rule 56.1 at ¶¶ 7, 9, 13)

directly participated in the underlying constitutional violations; (iv) there is no evidence that either Officer Hanson or Sergeant Barnes forwarded any information to the prosecution, thus plaintiff's denial of the right to a fair trial claim fails as against them; (v) likewise, there is no evidence that Officer Hanson initiated or continued plaintiff's prosecution thus plaintiff's malicious prosecution claim fails as against Officer Hanson (vi) plaintiff has adduced zero evidence in support of her conclusory municipal liability claim and plaintiff's purported "supervisory liability" claim is not properly plead and, as with her Monell claim, plaintiff has failed to adduce any evidence in support of this claim; and (vii) plaintiff's bias-based profiling claim fails to meet even the threshold pleading standards of Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), and again, plaintiff has adduced no evidence to sustain this claim.

Plaintiff has therefore failed to raise a genuine issue of material fact sufficient to salvage any of the above-mentioned claims against the City of New York, LoBianco, Hanson, or Barnes, and these claims should be dismissed with prejudice as against the appropriate defendant(s).

## STANDARD OF REVIEW

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A fact is material if it might affect the outcome of the suit under the governing law,' meaning that 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Higginbotham v. Sylvester, No. 14 CV 8549 (PKC), 2016 U.S. Dist. LEXIS 151997, at *5-6 (S.D.N.Y. Nov. 2, 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving

party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) (internal citation and quotations omitted); accord Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, in a motion for summary judgment, a moving party may "support the assertion" "that a fact cannot be disputed" by, *inter alia*, "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

## STATEMENT OF RELEVANT FACTS[2]

On the evening of June 24, 2015, at approximately 9:58 p.m., plaintiff Lisa Snead was arrested on West 145 Street on charges including resisting arrest, and several counts of disorderly conduct. (See Defendants' Statement of Facts Pursuant to Local Civil Rule 56.1 (hereinafter, "Defs. 56.1") at ¶ 1) Plaintiff's arresting officer was Police Officer Gregory LoBianco. (Id. at ¶ 2) At the time of plaintiff's arrest, Officer LoBianco was assigned to Impact Duty within the confines of the 32 Precinct, patrolling in an unmarked car with Officer Richard Hanson and their supervisor, Sergeant Asa Barnes. (Id. at ¶ 3)

Officer LoBianco, was the only officer who approached plaintiff and was the only officer who asked her questions. (Id. at ¶¶ 4-5) Plaintiff did not see any other officer around while Officer LoBianco was asking her questions. (Id. at ¶ 6) Officer LoBianco was the only individual who placed plaintiff in handcuffs. (Id. at ¶ 7) Once Officer LoBianco handcuffed plaintiff, he walked her to the police vehicle and placed her in the backseat. (Id. at ¶ 8)

---

[2] The material facts set forth in Defendant's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 (hereinafter, "Defs. 56.1") are adopted only for purposes of this motion for Summary Judgment. See Local Civil Rule 56.1(c) (facts are admitted only "for the purposes of the motion"). Defendants reserve the right to assert different and/or conflicting facts at trial. See Vasconcellos v. City of New York, 12 CV 8445 (CM) (HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission' . . . neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

- 3 -

Once she arrived at the police vehicle, plaintiff who was escorted by Officer LoBianco, observed for the first time an officer other than LoBianco. (Id. at ¶ 9) Plaintiff observed this second officer step out of the police vehicle and open the door in order for Officer LoBianco to place her inside. (Id. at ¶ 10) Prior to observing the second officer exit the police vehicle in order to open the door for plaintiff's entry, plaintiff had not seen the second officer at any time during her prior interactions with Officer LoBianco, and she had not seen the second officer exit the vehicle. (Id. at ¶ 11) A total of two officers got into the police vehicle with plaintiff and transported her to the 32 Precinct. (Id. at ¶ 12) Plaintiff recalls a total of two police officers present at the scene of her arrest – the first being her arresting officer, Officer LoBianco, who approached her, asked her questions, and then handcuffed her, and the second being the officer who stepped out of the police vehicle to open the door for plaintiff after she had been handcuffed. (Id. at ¶¶ 4-5, 7, 10) Apart from the officer who placed plaintiff in handcuffs, no other officer made any physical contact with plaintiff. (Id. at ¶ 14) Nor did any other officer search her at the scene of her arrest or at the 32 Precinct prior to placing her in a cell. (Id. at ¶ 15)

Officer LoBianco completed plaintiff's arrest paperwork and transmitted it to the prosecutor's office the night of plaintiff's arrest. (Id. at ¶ 16) The morning following plaintiff's arrest, Officer LoBianco spoke with the prosecutor regarding the facts of plaintiff's arrest. (Id. at ¶ 17) After Officer LoBianco told the prosecutor the facts of plaintiff's arrest, the prosecutor wrote up plaintiff's Criminal Complaint and faxed it to Officer LoBianco for his signature. (Id. at ¶ 18) No other officer present at plaintiff's arrest spoke to the prosecutor regarding plaintiff's case. (Id. at ¶ 19) Neither Sergeant Barnes nor Officer Hanson recall ever speaking to the prosecutor regarding plaintiff's case. (Id. at ¶¶ 20-21)

# PROCEDURAL HISTORY

Plaintiff initiated the instant lawsuit by filing her original Complaint on December 9, 2016, asserting claims against the City of New York ("City"), Police Officer LoBianco, and a number of "John and Jane Doe" defendants. (See Docket Entry 1. On April 25, 2017, plaintiff filed the controlling pleading, the AC), as against defendants City, Police Officers LoBianco and Hanson, Sergeant Barnes, and "John and Jane Does." (Docket Entry 19) By May 9, 2017, defendants City, LoBianco, Hanson, and Barnes had answered the AC. (Docket Entry 24)

The AC asserts federal claims of unlawful stop and search (AC at ¶¶ 36-38); false arrest (AC at ¶¶ 39-41); malicious prosecution (AC at ¶¶ 42-45); denial of constitutional right to fair trial (AC at ¶¶ 46-50); failure to intervene (AC at ¶¶ 51-54); supervisory liability pursuant to Monell (AC at ¶¶ 58-68); as well as bias-based profiling in violation of the Administrative Code of New York City (AC at ¶¶ 55-57) Defendants now seek dismissal, with prejudice, of: (i) plaintiff's claim for unlawful search as against all defendants; (ii) plaintiff's claims for unlawful stop and false arrest, as against defendants Hanson and Barnes; (iii) plaintiff's failure to intervene claim, as against all defendants; (iv) plaintiff's denial of the right to a fair trial claim, as against defendants Hanson and Barnes; (v) plaintiff's municipal liability claim and purported supervisory liability claims; and (vi) plaintiff's biased-based profiling claim, as against all defendants. Plaintiff has utterly failed to adduce sufficient evidence to prove the above-listed claims.

# ARGUMENT

## I. PLAINTIFF'S UNLAWFUL SEARCH CLAIM FAILS AS A MATTER OF LAW

It is axiomatic that to succeed on an unlawful search claim, one must actually have been searched. Plaintiff's unlawful search claim is subject to dismissal because according to

plaintiff, she was not searched.³ Accordingly, plaintiff has no claim for unlawful search.

## II. PLAINTIFF'S UNLAWFUL STOP AND FALSE ARREST CLAIMS SHOULD BE DISMISSED AGAINST OFFICER HANSON AND SERGEANT BARNES

Plaintiff alleges that she was falsely arrested by all three individual defendants. (Ex. A at ¶¶ 17, 40) However, plaintiff's own testimony does not support this allegation. First, plaintiff testified that there were only two officers at the scene of her arrest.⁴ (Defs. 56.1 at ¶ 12) Second, she testified that only Officer Lobianco approached her,⁵ placed her in handcuffs,⁶ or restrained her in any way.⁷ (See also id. at ¶¶ 4, 7, 14) Third, she testified the second officer was seated in the car for the entire encounter, and did nothing more than open the police vehicle for her once she was already in handcuffs.⁸ (Id. at ¶ 10)

---

³ "Q: Ms. Sneed, before you were placed in the cell, were you searched? A: No. Q: Before you were placed in the police vehicle, were you searched? A: No." (Ex. C (Pl. Tr.) at 65:18-23)

⁴ "Q: And at that point, how many officers were at the scene? A: I recall the two."... "Q: [H]ow many officers got into the vehicle? A: Two." (Ex. C (Pl. Tr.) at 48:1-9)

⁵ "Q. How many officers pulled up in front and jumped out? A. The one who approached me, it was one. I didn't know that it was other officers until later on. There was one officer that approached me." (Ex. C (Pl. Tr.) at 23:7-11)

⁶ "Q. So at some point, the officer that was questioning you placed handcuffs on you, correct? A. Yes." Id. at 23:19-21. ... "Q. All right. And when you say "arresting officer", what do you mean by that? A. The officer that put the handcuffs on me." Id. at 53:21-24. "Q. And do you know the name of that arresting officer? No. Q. Do you recognize the name Police Officer Gregory Lobianco? A. It sounds like his name." (Id. at 53:7-12)

⁷ "Q. All right. Aside from the officer that placed the handcuffs on you, did any other officer make any physical contact with you? A. No." (Id. at 56:6-9)

⁸ "Q. Alright. And during the time that he was walking you to his vehicle, did you see any other officers aside from the one that placed the handcuffs on you? A. Yes. Q. When did you see them? A. Once I got to the vehicle. Q. Alright. But during the time that he was walking you to the vehicle,

Plaintiff's testimony forecloses claims for unlawful stop and false arrest against any officer other than Officer Lobianco. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir.1991)) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); Spavone v. N.Y. State Dep't of Correctional Servs., 719 F.3d 127, 135 (2d Cir. 2013) (same); Williams v. Young, 769 F. Supp. 2d 594, 602-03 (S.D.N.Y. 2011) (noting that the plaintiff did not have a false arrest claim because the defendant was not alleged to have participated in the plaintiff's arrest). As plaintiff has made no allegation, nor adduced any evidence, that Officer Hanson or Sergeant Barnes had any personal involvement in the stop or of arrest of plaintiff, such claims must be dismissed against these officers.

### III. PLAINTIFF'S FAILURE TO INTERVENE CLAIM, AS PREMISED ON HER FALSE ARREST CLAIM, MUST BE DISMISSED

A police officer may be liable for failure to intervene if he or she observes or has reason to know that other officers are violating someone's constitutional rights. Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). Liability, however, may attach only when, "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988).

As set forth above in Point II, plaintiff testified that there were only two officers present at the scene of her arrest: Officer LoBianco who arrested her, and a second officer who was

---

did you see any other officers? A. The officer stepped out of the -- the vehicle and opened up the door Q. Okay. A. For him to place me in." (Id. at 39:24-40:10)

seated in the police vehicle until after plaintiff had already been arrested.[9] As that second officer was seated in the vehicle, he did not have a realistic opportunity to intervene prior to the point in time when plaintiff was arrested. Thus, plaintiff has failed to set forth any evidence by which either Officer Hanson or Sergeant Barnes could be held liable for failure to intervene, and this claim must be dismissed against these two defendant Officers.

Plaintiff's failure to intervene claim must likewise be dismissed in its entirety against Officer Lobianco, as plaintiff alleges he was directly responsible for her false arrest, malicious prosecution, and other alleged constitutional violations. A defendant cannot be liable for both direct participation in a constitutional violation, such as false arrest and for simultaneously failing to intervene to prevent that false arrest. See Morgan v. County of Nassau, 720 F. Supp. 2d 229, 240 (E.D.N.Y. 2010) (the Court finds that there are insufficient facts alleged to state a claim against either of [these defendants] for failure to intervene, particularly in light of the fact that [the officer] is alleged himself to have used excessive force); Chepilko v. City of New York, No. 06-cv-5491 (ARR)(LB), 2012 U.S. Dist. LEXIS 15110, at *26 n.5 (E.D.N.Y. Feb. 6, 2012).

## IV. PLAINTIFF'S DENIAL OF THE RIGHT TO A FAIR TRIAL MUST BE DISMISSED AS TO OFFICER HANSON AND SERGEANT BARNES

In order to state a claim for denial of the right to a fair trial based on alleged fabrication of evidence, "a plaintiff must plausibly allege that investigating officers fabricated

---

[9] Although both Officer Hanson and Sgt. Barnes testified at their depositions that they were present at the scene of plaintiff's arrest, plaintiff cannot create an issue of fact by asking the Court to credit portions of her testimony and portions of her adversaries' testimony. Evans v. Stephens, 407 F.3d 1272, 1278 (11th Cir. 2005) (en banc); Krynski v. Chase, 707 F. Supp. 2d 318, 327 (E.D.N.Y. 2009); Berk v. St. Vincent's Hosp. & Med. Ctr., 380 F. Supp. 2d 334, 346 (S.D.N.Y. 2005).

information that was likely to influence a jury's verdict, **forwarded that information to prosecutors**, and that the plaintiff suffered a deprivation of life, liberty, or property as a result." Hicks v. Marchman, No. 17 CV 615, 2018 U.S. App. LEXIS 366, at *1-2 (2d. Cir. Jan. 2, 2018) (emphasis added). Here, Officer LoBianco completed plaintiff's arrest paperwork and faxed it to the prosecutor; he alone spoke with the prosecutor regarding plaintiff's arrest the morning after it occurred; and assisted the prosecutor with the preparation of plaintiff's Criminal Complaint and signed it once it was complete. (Defs. 56.1 at ¶¶ 16-18)

Further, there is no evidence that Officer Hanson or Sergeant Barnes forwarded any evidence regarding plaintiff's case to the prosecutor. Neither Officer Hanson nor Sergeant Barnes recalls speaking to a prosecutor in connection with plaintiff's case. (Defs. 56.1 at ¶¶ 20-21) See Keller v. Sobolewski, No. 10-cv-5198 (FB) (RML), 2012 U.S. Dist. LEXIS 147395, at *10 (E.D.N.Y. Oct. 12, 2012) (denial of a fair trial claim dismissed against sergeant who verified arrest but did not provide information to prosecutor). Therefore, plaintiff's claim for denial of the right to a fair trial must be dismissed as against Officer Hanson and Sergeant Barnes.

## V. PLAINTIFF'S MALICIOUS PROSECUTION CLAIM MUST BE DISMISSED AS TO OFFICER HANSON

In order to prevail on a claim for malicious prosecution plaintiff must prove that (1) the defendant initiated [or continued] a prosecution against the plaintiff, (2) the defendant lacked probable cause to believe the proceeding could succeed, (3) the defendant acted with malice, (4) the prosecution was terminated in the plaintiff's favor, and 5) there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Bernshtein v. City of New York, 496 Fed. Appx. 140 (2d Cir. 2012). The Second Circuit has held that "[i]nitiation in [the context of malicious prosecution] is a term of art," involving more than merely reporting a crime and giving testimony; "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." Rohman v. New

York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000). Here, there is no evidence that Officer Hanson initiated or continued plaintiff's prosecution as a matter of law. Officer LoBianco testified that he single-handedly completed plaintiff's arrest paperwork and faxed it to the prosecutor; that he alone spoke with the prosecutor regarding plaintiff's arrest the morning after it occurred; that he assisted the prosecutor with the preparation of plaintiff's Criminal Complaint and that he signed it once it was complete. (Defs. 56.1 at ¶¶ 16-18) Therefore, plaintiff's claim for malicious prosecution must be dismissed against Officer Hanson.

### VI. PLAINTIFF'S MUNICIPAL LIABILITY CLAIM AND PURPORTED SUPERVISORY LAIBILITY CLAIM CANNOT SURVIVE

Plaintiff alleges that the City (i) "subjects minority neighborhoods to unconstitutional enforcement tactics, including stop and frisk policing", (ii) has a policy or practice of "stopping, arresting and detaining individuals without reasonable suspicion or probable cause", (iii) has "as a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury", and that "as a result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged". (See Ex. A, ¶¶ 61, 63, 64, 68) Plaintiff does not allege a single fact to support any of these alleged customs or policies. Neither has discovery established these purported facts.

Plaintiff has adduced no evidence to support a Monell claim in this case. Yet, plaintiff's municipal liability claim is nothing more than a formulaic pleading of the most generic elements of the claim. The Court is entitled to reject boilerplate assertions as a matter of law. Cuevas v. City of New York, No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *10 (S.D.N.Y. Dec. 7, 2009) ("Plaintiff's boilerplate allegations against the City ... satisfy neither the elements [for municipal liability], nor the pleading requirements set forth in Iqbal") (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); Bradley v. City of New York, No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at *10 (E.D.N.Y. June 18, 2009) (dismissing boilerplate allegations of

municipal liability pursuant to Fed. R. Civ. P. 12(b)(6)); Swinton v. City of New York, No. 08-CV-3278 (RJD) (RML), 2011 U.S. Dist. LEXIS 32384, at *15-17 (E.D.N.Y. Mar. 28, 2011) (dismissing as conclusory plaintiff's claim that [ADA's] inflate charges); Arroyo-Horne v. City of New York, No. 07-CV-5213 (RJD), 2011 U.S. Dist. LEXIS 23904, at *30 (E.D.N.Y. Mar. 9, 2011) (granting City's summary judgment against plaintiff's claim that the City has a policy of "blackballing" employees who complain of discrimination).

Likewise, plaintiff's bald statement that "[t]he unidentified supervisory defendants tolerated and/or ratified the aforementioned unconstitutional policies, practices and/or customs" is similarly unsupported. In fact, the "unidentified supervisory defendants" are just that – unidentified. Plaintiff neither amended her complaint to name these individuals, nor conducted any discovery into their identities. She did nothing more than make the allegation to inflate the perceived value of this case.

As plaintiff's municipal liability claim and amorphous supervisory liability claims are unsupported by evidence and were not even properly plead at the outset, they must be dismissed. A party bringing a claim must satisfy "a flexible 'plausibility standard,' which means that a pleader must amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal, 556 U.S. at 670.

## VII. PLAINTIFF CANNOT MAKE OUT A CLAIM FOR BIASED-BASED PROFILING

Just as she did with respect to her municipal liability claim, plaintiff asserted a biased-based profiling claim without good faith. The AC contains no facts that support her claim, and instead rests solely upon a single sentence, a conclusory allegation that "[i]n initiating law enforcement action against Ms. Snead based on her actual and/or perceived race and/or color rather than Ms. Snead's behavior or other information linking her to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the

Administrative Code of the City of New York." (Ex. A at ¶ 56) This formulaic pleading violates not only Rule 8 of the Federal Rules and the precedent set by Iqbal, but also violates Rule 11's good faith pleading requirements.

As the Supreme Court explained in Iqbal, where a plaintiff alleges invidious discrimination in contravention of the First or Fifth Amendments, the plaintiff must plead and prove that the defendant acted with discriminatory purpose. Iqbal, 556 U.S. at 676. Where the complaint alleges only that the plaintiff is a minority and was the target of biased-based profiling, the claim must fail as a matter of law. Ochoa v. Bratton, No. 16-cv-2852 (JGK), 2017 U.S. Dist. LEXIS 195124, at *18-19 (S.D.N.Y. Nov. 27, 2017).

Not only does plaintiff's claim for bias-based profiling fail on the pleadings, it also fails as a matter of proof. Simply put, plaintiff has adduced even suggesting that the defendant Officers acted with discriminatory intent. Accordingly, plaintiff's biased-based profiling claim (which seeks both equitable, declaratory and monetary damages) must be rejected. Cancel v. Kelly, No. 13-CV-6007 (JMF), 2016 U.S. Dist. LEXIS 17063, at *22 (S.D.N.Y. Feb. 11, 2016 ) (dismissing at summary judgment biased-based profiling claim where it was not properly plead and the evidence adduced in discovery did not support the claim).

## CONCLUSION

For the foregoing reasons, defendants City of New York, LoBianco, Hanson, and Barnes respectfully request that the Court grant defendants summary judgment as to the aforementioned claims, together with such other and further relief the Court deems just and proper.

DATED: New York, New York
February 7, 2018

> Respectfully submitted,
>
> ZACHARY W. CARTER
> Corporation Counsel of the
> City of New York
> *Attorney for Defendants City of New York,*
> *Gregory LoBianco, Richard Hanson, and Asa*
> *Barnes*
> 100 Church Street, Room 3-137
> New York, New York 10007
> (212) 356-0827
>
> By: _____/s/_____
> Nana K. Sarpong
> Senior Counsel

TO: VIA ECF
Gabriel P. Harvis, Esq.
Harvis & Fett LLP
*Attorneys for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007