UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LISA SNEAD,

                              Plaintiff,

-against-

CITY OF NEW YORK, Police Officer GREGORY LOBIANCO, Shield No. 31307; Police Officer RICHARD HANSON, Shield No. 20219; Sergeant ASA BARNES, Shield No. 2040;. and JOHN and JANE DOE 3 THROUGH 10,

                              Defendants.

------------------------------------------------------------------X

**DEFENDANTS' STATEMENT OF FACTS PURSUANT TO LOCAL CIVIL RULE 56.1 IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

16 CV 9528 (AJN)

        Defendants City of New York, Gregory LoBianco, Richard Hanson, and Sergeant Asa Barnes ("defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, submit this statement pursuant to Rule 56.1 of the Local Civil Rules of United States District Court for the Southern District of New York to set forth the material facts as to which defendants contend there are no genuine issues to be tried.

        1.     On the evening of June 24, 2015, at approximately 9:58 p.m., plaintiff Lisa Snead was arrested on West 145 Street, New York, New York, on charges including resisting arrest, and several counts of disorderly conduct. (Arrest Report, D1-D3, annexed as Exhibit B to February 5, 2018 Declaration of Nana K. Sarpong (hereinafter, "Sarpong Decl."), at D1).

        2.     Plaintiff's arresting officer Officer Gregory LoBianco. (Exhibit B to Sarpong Decl. at D3); (Deposition of plaintiff Lisa Snead dated September 19, 2017, annexed as Exhibit C to Sarpong Decl., at 53:7-12).

3. At the time of plaintiff's arrest, Officer LoBianco was assigned to Impact Duty within the confines of the 32 Precinct, patrolling in an unmarked car with Officer Richard Hanson and their supervisor, Sergeant Asa Barnes. (Deposition of Gregory LoBianco dated December 4, 2017, annexed as Exhibit D to Sarpong Decl., at 15:4-13); (Deposition of Richard Hanson dated November 29, 2017, annexed as Exhibit E to Sarpong Decl. at 24:8-17, 25:13-16); (Deposition of Asa Barnes dated November 28, 2017, annexed as Exhibit F to Sarpong Decl. at 31:20-32:4).

4. Officer LoBianco was the only officer who approached plaintiff at the time of her arrest. (Exhibit C to Sarpong Decl. at 23:7-11, 25:12-14).

5. Officer LoBianco was the only officer who asked plaintiff questions at the time of her arrest. (Exhibit C to Sarpong Decl. at 29:1-4).

6. Plaintiff did not see any other officer around while Officer LoBianco was asking her questions. (Exhibit C to Sarpong Decl. at 29:9-11).

7. Officer LoBianco was the only officer who placed plaintiff in handcuffs. (Exhibit C to Sarpong Decl. at 23:19-21, 30:3-6, 34:19-21, 53:21-24).

8. Plaintiff also testified that after Officer LoBianco handcuffed plaintiff, he walked her to the police vehicle and placed her in the back seat (Exhibit C to Sarpong Decl. at 34:22-35:1, 37:3-5).

9. Once she arrived at the police vehicle, plaintiff escorted by Officer LoBianco, observed for the first time an officer other than LoBianco. (Exhibit C to Sarpong Decl. at 39:24-40:4).

10. Plaintiff observed the second officer step out of the police vehicle and open the door in order for Officer LoBianco to place plaintiff inside. (Exhibit C to Sarpong Decl. at 40:5-10).

11. Prior to observing the second officer exit the police vehicle in order to open the door for plaintiff's entry, plaintiff had not seen the second officer at any time during her prior interactions with Officer LoBianco, and she had not seen the second officer exit the vehicle. (Exhibit C to Sarpong Decl. at 43:5-20).

12. A total of two officers got into the police vehicle with plaintiff and transported her to the 32 Precinct. (Exhibit C to Sarpong Decl. at 48:1-14).

13. A total of two police officers were present at the time of plaintiff's arrest. . (Exhibit C to Sarpong Decl. at 39:24-40:17, 43:5-24, 47:8-13, 48:1-14, 50:1-9, 50:25-51:3).

14. Apart from the officer who placed plaintiff in handcuffs, no other officer made any physical contact with plaintiff pursuant to her arrest. (Exhibit C to Sarpong Decl. at 56:6-9).

15. No officer searched plaintiff either at the scene of her arrest or at the 32 Precinct before she was placed in her cell. (Exhibit C to Sarpong Decl. at 65:18-23).

16. Officer LoBianco completed plaintiff's arrest paperwork and transmitted it to the prosecutor's office the night of plaintiff's arrest. (Exhibit D to Sarpong Decl. at 264:9-25).

17. The morning following plaintiff's arrest, Officer LoBianco spoke with the prosecutor regarding the facts of plaintiff's arrest. (Exhibit D to Sarpong Decl. at 261:15-262:4, 267:22-268:8, 269:11-270:3).

18. Officer LoBianco told the prosecutor the facts of plaintiff's arrest, the prosecutor then wrote up plaintiff's Criminal Complaint and faxed it to Officer LoBianco for his signature. (Exhibit D to Sarpong Decl. at 268:20-269:2).

19. Sergeant Barnes does not recall ever speaking to the prosecutor regarding plaintiff's case. (Exhibit F to Sarpong Decl. at 158:5-6).

20. Officer Hanson does not recall ever talking to the prosecutor regarding plaintiff's case. (Exhibit E to Sarpong Decl. at 146:14-19).

Dated: New York, New York
February 7, 2018

        ZACHARY W. CARTER
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants City of New York, Police Officer LoBianco, Police Officer Hanson, and Sergeant Barnes*
        100 Church Street, Room 3-137
        New York, New York 10007
        (212) 356-0827

By:    /s/
     Nana K. Sarpong
     Senior Counsel

TO: Gabriel P. Harvis and Baree N. Fett, Esqs