USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/18

ZACHARY CARTER
Corporation Counsel



THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

NANA K. SARPONG
*Senior Counsel*
Tel.: (212) 356-0827
Fax: (212) 356-3558

> *Handwritten order:* To the extent counsel have agreed on a protocol for retrieving information from Ms. Pryor's cellphone, that protocol is approved. The request by Ms. Pryor's counsel to have an opportunity to review any retrieved information for privilege, prior to production, is granted. Counsel are directed to work out a mutually agreeable schedule for that review + the subsequent production.
>
> **SO ORDERED:** DATE: 2/22/18
>
> /s/ Debra Freeman
> **DEBRA FREEMAN**
> **UNITED STATES MAGISTRATE JUDGE**

February 14, 2018

**BY ECF**
Honorable Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Lisa Snead v. City of New York, et al.,
16-CV-9528 (AJN)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter for defendants City of New York ("City"), Police Officer Richard Hanson, Sergeant Asa Barnes and retired Police Officer Gregory Lobianco ("Defendants"). Pursuant to the Court's Order dated February 7, 2018, I write respectfully on behalf of defendants and non-party witness D'Andrea Tiffany Pryor to jointly submit a proposed protocol for the retrieval of the video from Ms. Pryor's cellphone.

On February 7, 2018, Your Honor directed counsel for non-party witness Pryor and defendants to "negotiate an agreed protocol for the attempted retrieval of the video of from [Pryor's] cellphone." After conferring with Christopher Fitzgerald, counsel for the non-party witness Pryor, both sides have agreed that Pryor will produce her cellphone to defendants by 12:00 p.m. on February 21, 2018 at the Office of the Corporation Counsel located 100 Church Street, New York. Defendants will in turn submit Pryor's cellphone to a vendor for forensic examination/inspection or sampling of case-related material. Pryor's counsel, however, has taken the position that he is entitled to review any retrieved material prior to same being turned over to defense on the basis that certain material may be privileged or a violation of Pryor's privacy. Defendants disagree and submit that any such concerns can be allayed by the parties agreeing to specific search terms, i.e., any video depicting the incident and any communications between Pryor and any other individual regarding either the incident or this litigation (with the exception of any communications between Pryor and Mr. Fitzgerald).

Respectfully submitted,
/s/
Nana K. Sarpong
*Senior Counsel*

cc via ECF: Christopher Fitzgerald, Esq.