

ZACHARY W. CARTER
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, N.Y. 10007

NANA K. SARPONG
*Senior Counsel*
Tel.: (212) 356-0827
Fax: (212) 356-3558

February 27, 2018

**BY ECF**
Honorable Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Lisa Snead v. City of New York, et al.</u>,
               16-CV-9528 (AJN)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter for defendants City of New York ("City"), Police Officer Richard Hanson, Sergeant Asa Barnes and retired Police Officer Gregory Lobianco ("Defendants"). I write to respectfully request that the Court compel plaintiff to produce certain necessary discovery in this matter. Defendants are mindful of Your Honor's Order on February 7, 2018 indicating that, except for the outstanding subpoenas, discovery in this case is completed; however, certain discovery disputes relating to plaintiff's purported economic damages remain outstanding notwithstanding defendants' best efforts to procure same prior to the end of discovery. Defendants advise the Court that pursuant to Fed. R. Civ. P. 37(a)(1), the undersigned made several good faith attempts to confer with plaintiff's counsel to obtain the outstanding discovery.

**Background**

      Plaintiff filed a complaint in this matter on December 9, 2016, alleging violations of her civil rights in connection with her arrest on June 24, 2015 and that, as a result of the underlying incident, she sustained damages, including but not limited to, severe emotional distress and lost wages. (Compl. ¶ 32)

**Plaintiff's Employment Records**

      Defendants first requested information and documents related to plaintiff's claim for economic injuries in their discovery demands over nine months ago on May 22, 2017. Plaintiff did not provide the requested discovery. On December 1, 2017, this office served a deficiency

letter wherein defendants notified plaintiff about inadequate responses to defendants' demands, among which the information and release related to plaintiff's employment records, and requested plaintiff to cure those deficiencies by December 4, 2017.  Plaintiff did not respond to that deficiency letter.  Accordingly, on December 7, 2017, defendants filed a motion to compel plaintiff's employment records.  On December 14, 2017, the Court denied defendants' motion to compel, without prejudice, directing the parties to meet and confer to discuss the outstanding discovery disputes before seeking further judicial intervention.  To date, plaintiff has still not provided her employment records or a release enabling defendants to obtain these records.  On February 2, 2018, the parties met and conferred about the outstanding discovery issues wherein plaintiff's counsel, Gabriel Harvis, refused to provide the release for employment records based on his mischaracterization of the parties' discussions[1] prior to the service of defendants' deficiency letter (reiterating defendants' demand for the employment records) before the close of discovery on December 1, 2017.

Despite defendants' efforts to resolve this discovery dispute, plaintiff has failed to provide any information or a release for her employment records. Here, plaintiff alleges economic losses as a result of her arrest on June 24, 2015 and, as such, plaintiff has put her employment status squarely at issue and defendants are entitled to explore all potential causes for lost wages. Additionally, courts have required a plaintiff seeking lost wages or claiming severe emotional damages to provide a release granting defendants access to that plaintiff's employment records, including unemployment records.  See Caruthers v. City of New York, et al., 15-CV-02214 (SLT)(LB) (E.D.N.Y. Aug. 11, 2016) ("[i]f plaintiff pursues a claim for lost wages, plaintiff shall sign a release granting defendants access to plaintiff's employment records . . . The release shall allow defendants access to plaintiff's attendance, vacation and sick leave records, as well as her earnings."); Harris v. City of New York, et al., 09-CV-3474 (KAM) (CP) (E.D.N.Y. Jul. 9, 2012) (defendants argued that plaintiffs' entire employment histories relevant to issue of psychological damages because plaintiffs claim severe emotional distress resulting from incident; plaintiffs ordered to answer interrogatories regarding employment and provide requested authorizations).

In light of the forgoing, defendants respectfully request that the Court issue an Order directing plaintiff to provide by a date certain completed and executed releases for her entire employment records for all employers from three years prior to the date of her arrest until present or, alternatively, that plaintiff be precluded from pursuing a lost wages claim.

    Respectfully submitted,
    /s/
    Nana K. Sarpong
    *Senior Counsel*

cc via ECF:   Gabriel P. Harvis, Esq.

---

[1] During several discussions between the parties before service of defendants' deficiency letter on December 1, 2017, Mr. Harvis agreed to provide a release for plaintiff's attendance records.  In response, the undersigned informed Mr. Harvis that, inasmuch as plaintiff has claimed lost wages, defendants are entitled to the entirety of plaintiff's employment records and not only the records that plaintiff's counsel chooses to release and would seek the appropriate relief from the Court for plaintiff's entire employment file; however, in the interim, plaintiff should still provide the release for the attendance records.