

|  | **THE CITY OF NEW YORK** |  |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **STEPHANIE M. BRESLOW**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2660<br>Fax: (212) 356-3509<br>sbreslow@law.nyc.gov |

September 4, 2018

**TO (BY ECF):**
Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Lisa Snead v. City of New York, et al.*,
                16-CV-9528 (AJN)

Your Honor:

        Together with my co-counsel, Nana K. Sarpong, I represent defendants City of New York, Police Officer Richard Hanson, Sergeant Asa Barnes, and retired Police Officer Gregory Lobianco ("defendants") in the above-referenced matter. I write to submit this formal application for the Court's endorsement of the annexed [Proposed] Court Order.

        By way of background, plaintiff Lisa Snead filed this action for, *inter alia*, false arrest, stemming from her June 24, 2015 arrest. As set forth in greater detail in the proposed Order, non-party witness, D'Andrea Tiffany Pryor, testified at her December 5, 2017 deposition that she was present for plaintiff's arrest and that she had filmed the arrest using an old cellphone of hers, which had since broken and the video of plaintiff's arrest had disappeared from the cellphone. Pryor also testified that she had lost the cellphone she used to record plaintiff's arrest years earlier, but found it among her belongings on December 4, 2018 - the day before her December 5, 2017 deposition.

        In an Order filed on February 7, 2018, Your Honor directed counsel for Pryor, Christopher H. Fitzgerald, and counsel for defendants to "negotiate an agreed protocol for the attempted retrieval of the video from [Pryor's old and broken] cellphone . . . ." On February 22, 2018, this Court issued a memo endorsement approving the protocol for counsels' agreement on

Hon. Debra Freeman
September 4, 2018
Page 2 of 2

retrieving information from Pryor's old, broken cellphone, which had been submitted to the Court on February 14, 2018.

Since that time, the New York City Law Department has engaged an outside vendor, Epiq, Inc. (hereinafter, "Epiq"), to lead the effort to repair Pryor's old, broken cellphone. In April 2018, Epiq informed defense counsel that it had successfully repaired the cellphone, which had been subjected to significant water damage and had been heavily corroded. However, in order to access the newly repaired cellphone as well as recover any potential evidence stored inside of it, Epiq required the cellphone's passcode. Through her counsel, Pryor provided two passcodes that proved incorrect before confirming that she did not recall the passcode for the cellphone.

Epiq now advises that it collaborate with partner vendors, Cellebrite, Inc. and/or Binary Intelligence, LLC, in order to employ a proprietary procedure whereby the vendors will discover the cellphone's passcode and retrieve all data from the cellphone. Pryor's counsel has informed this office that Pryor has agreed to the use of this proprietary procedure on her old cellphone. The annexed [Proposed] Court Order authorizes Epiq and its partner vendors to proceed with the propriety procedure.

In light of the above, defendants respectfully request that the Court endorse the annexed [Proposed] Court Order and thank the Court for its consideration herein.

Respectfully submitted,

Stephanie M. Breslow
Assistant Corporation Counsel

Encl.

cc:     Baree N. Fett **(VIA ECF)**
        Gabriel P. Harvis
        *Attorneys for Plaintiff*

        David B. Rankin **(VIA ECF)**
        *Attorney for Non-Party Witness Wilhelmina Bryant-Forbes*

        Christopher H. Fitzgerald **(VIA ECF)**
        *Attorney for Non-Party Witness D'Andrea Tiffany Pryor*