```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LISA SNEAD,

                              Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer GREGORY
LOBIANCO, Shield No. 31307; Police Officer RICHARD
HANSON, Shield No. 20219; Sergeant ASA BARNES,
Shield No. 2040; and JOHN and JANE DOE 3 through 10,

                              Defendants.
------------------------------------------------------------------- x

[PROPOSED]
**ORDER**

16 CV 9528 (AJN)

**WHEREAS,** plaintiff Lisa Snead filed an Amended Complaint in this Court on April 25, 2017 alleging certain civil rights claims against the City of New York and certain members of the New York City Police Department, stemming from her arrest on or around June 24, 2015; and

**WHEREAS,** non-party witness, D'Andrea Tiffany Pryor, provided sworn testimony that she was present for plaintiff's allegedly false arrest on or around June 24, 2015 and captured the arrest on video using her cellphone at the time, which she believed was an iPhone 5 or 6 (hereinafter "the iPhone 6S")[1] (December 5, 2017 Deposition of Non-Party Witness, D'Andrea Tiffany Pryor (hereinafter, "Pryor Dep.") at 21:15-22:2, 22:24-23:5, 29:18-24); and

**WHEREAS,** Pryor provided sworn testimony that she saved her video recording of plaintiff's arrest to her iPhone 6S but that the video at some point disappeared from the cellphone and Pryor was unable to retrieve it, despite having received assistance from an Apple Store technician (Pryor Dep. at 86S:5-24, 100:10-12, 101:14-20); and

---

[1] While Pryor testified at her deposition that she was unsure whether the cellphone she was using on the date of plaintiff's arrest, including to video record the same, was an iPhone 5 or 6, Pryor later confirmed via counsel that the cell phone was in fact a model iPhone 6S.

**WHEREAS,** Pryor provided sworn testimony that she subsequently purchased a new cellphone because her iPhone 6S containing the video of plaintiff's arrest broke, and Pryor misplaced her old, broken iPhone 6S for a period of time before recovering it in her house among her belongings on December 4, 2017 – the day before her December 5, 2017 deposition in the instant lawsuit (Pryor Dep. at 108:24-111:23); and

**WHEREAS,** during Pryor's deposition in the instant lawsuit, held on December 5, 2017 and at which she was represented by attorney Christopher H. Fitzgerald ("Pryor's Counsel"), defense counsel requested that Pryor's old, broken iPhone 6S containing the video recording of plaintiff's arrest be preserved (Pryor Dep. at 111); and

**WHEREAS,** this Court, in an Order filed on February 7, 2018 (Docket Entry 77), granting in part and denying in part non-party witnesses' Pryor's and Wilhelmina Bryant-Forbes's Motion to Quash defendants' subpoena dated January 5, 2018 (Docket Entry 61-4), directed Pryor's Counsel and counsel for defendants "to negotiate an agreed protocol for the attempted retrieval of the video from [Pryor's broken iPhone 6S] cellphone, and to submit the agreed-upon protocol to this Court within one week of the date of this Order;" and

**WHEREAS,** on February 14, 2018, Pryor's Counsel, and counsel for defendants, Nana K. Sarpong, submitted to this Court an agreed-upon plan for Pryor's Counsel's production of Pryor's old, broken iPhone 6S containing her video of plaintiff's arrest to defense counsel on February 21, 2018, in order that defense counsel might submit the same to a technical vendor "for forensic examination/inspection or sampling for case-related material"; and

**WHEREAS,** this Court, on February 22, 2018 issued a memo endorsement as to the February 14, 2018 submission by Pryor's counsel and defense counsel, approving the protocol for counsels' agreement on retrieving information from Pryor's old, broken iPhone 6S, and

granting Pryor's Counsel's request "to have the opportunity to review any retrieved information for privilege, prior to production;" and

**WHEREAS,** defendants' forensic vendor, Epiq Inc. (hereinafter "Epiq"), advised defense counsel on or around April 12, 2018 that Pryor's old, broken iPhone 6S had been subjected to significant water damage and was also heavily corroded; and

**WHEREAS,** Epiq followed up on or around April 24, 2018 informing defendants the forensic team had successfully repaired the iPhone 6S; and

**WHEREAS,** on or around April 25, 2018, Epiq advised that it was unable to access the newly repaired iPhone 6S without Pryor's passcode for the cellphone; and

**WHEREAS,** Pryor's counsel provided two incorrect passcodes for Pryor's iPhone 6S to Epiq on or around May 16, 2018, before notifying Epiq that Pryor confirmed definitively that she did not recall the passcode to the iPhone 6S; and

**WHEREAS,** Epiq has suggested the solution of working in conjunction with partner vendors, Cellebrite, Inc. and/or Binary Intelligence, LLC, in order to employ a proprietary procedure by which the vendors will be able to obtain access to data on the locked iPhone 6S by discovering the cellphone's passcode ; and

**WHEREAS,** Pryor, through her counsel, consents to the utilization of this process.

**THEREFORE, IT IS HEREBY ORDERED** that vendors Epiq, and/or Cellebrite, Inc., and/or Binary Intelligence, LLC, are legally authorized to proceed as follows: to discover the device password and perform a complete physical memory acquisition and/or data extraction (such as logical or file-system) to the extent possible for the Cell Phone, referenced herein as "Pryor's iPhone 6S," and now defined in greater detail as the: "Apple iPhone 6S Model A1688 with IMEI #355416076580298;"

**IT IS FURTHER ORDERED** that:

(1) Vendors Epiq, and/or Cellebrite, Inc. shall produce any recovered material to Pryor's Counsel;

(2) Vendors Epiq and/or Cellebrite, Inc., on the date of their production to Pryor's Counsel in accordance with subsection (1), above, shall simultaneously produce to defendants an itemized log of all recovered material;

(3) Pryor's Counsel shall have 21 (twenty-one) days from the date on which He receives any recovered material from the aforementioned vendor(s) to produce the same to defense counsel, along with a log of any recovered material withheld for privilege;

**IT IS FURTHER ORDERED** that use of the above-described materials is restricted to this litigation and that those materials shall not be distributed or used by anyone for any other purpose not related to this litigation, and at the conclusion of the litigation those materials shall either be returned to the Office of Corporation Counsel of the City of New York or else destroyed, and an affidavit or similar statement of its distinction be sent to the Office of Corporation Counsel of the City of New York.

**SO ORDERED.**

Dated:    New York, New York
          September 5, 2018

                                        _____
                                        HON. DEBRA C. FREEMAN
                                        UNITED STATES MAGISTRATE JUDGE