16 CV 9528 (AJN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA SNEAD,

                              Plaintiff,

-against--

CITY OF NEW YORK, Police Officer GREGORY LOBIANCO, Shield No. 31307; Police Officer RICHARD HANSON, Shield No. 20219; Sergeant ASA BARNES, Shield No. 2040;. and JOHN and JANE DOE 3 THROUGH 10,

                              Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, N.Y. 10007*

    *Of Counsel: Nana K. Sarpong*
    *Senior Counsel*
    *Tel: (212) 356-0827*

1

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................1

**STATEMENT OF FACTS**......................................................................................................1

**STANDARD OF REVIEW**.....................................................................................................3

**ARGUMENT**............................................................................................................................4

    PLAINIFF'S DENIAL OF THE RIGHT TO FAIR TRIAL CLAIM FAILS AS A MATTER OF LAW .......................................................................................................................4

    A. Plaintiff Cannot Show That Any False Statement In her Criminal Complaint Would Have Been Likely to Influence a Jury's Verdict............................................................................4

    B. Plaintiff Cannot Establish That Any Alleged "Fabrication" of Evidence Caused her A Deprivation of Liberty...…………………………………………………..………..12

    C. There is No Evidence that Officer LoBianco Made Any False Statement Knowingly and Intentionally, or With Reckless Disregard For the Truth……………………………… 14

**CONCLUSION** ...................................................................................................…...................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Coughlin,*
   64 F.3d 77 (2d Cir. 1995) ............................................................................................... 6

*Ashley v. City of New York,*
   14 CV 5559, 2017 U.S. Dist. LEXIS 59201 (E.D.N.Y. Apr. 17. 2017) ........................... 15, 16

*Harris v. City of New York,*
   2017 U.S. Dist. LEXIS 206923 at *23-24 ......................................................................... 15

*Hicks v. Marchman,*
   17 CV 615, 2018 U.S. App. LEXIS 366 (2d. Cir. Jan. 2, 2018) ................................. 7, 8, 14

*Higginbotham v. Sylvester,*
   14 CV 8549, 2016 U.S. Dist. LEXIS 151997 (S.D.N.Y. Nov. 2, 2016) ............................ 6

*Hoyos v. City of New York,*
   999 F. Supp. 2d 375 (E.D.N.Y. 2013) ..................................................................... 15, 16, 17

*People v. Bothwell,*
   261 A.D.2d 232 (N.Y. App. Div. 1st Dept. 1999) ........................................................ passim

*Poventud v. City of New York,*
   750 F.3d 121 (2d. Cir. 2014) ............................................................................................ 7

*Ricciuti v. N.Y. City Transit Auth.,*
   124 F.3d 123 (2d. Cir. 1997) ............................................................................................ 17

*Swartz v. Insogna,*
   704 F.3d 105 (2d. Cir. 2013) ............................................................................................ 15

*Thomas v. City of New York,*
   No. 05 CV 6449 (LTS)(THK), 2008 U.S. Dist. LEXIS 61555 (S.D.N.Y. Aug.
   12, 2008) ........................................................................................................................... 9, 13

*Torres v. City of New York,*
   16 CV 6719, 2017 U.S. Dist. LEXIS 158883 (E.D.N.Y. Sept. 27, 2017) .................... 7, 16, 17

*United States v. Davis,*
   111 F. Supp. 3d 323 (E.D.N.Y. 2015) .............................................................................. 9

*United States v. Diaz,*
   854 F.3d 197 (2d. Cir. 2017) ............................................................................................ 10, 13

*United States v. Fernandez-Antonia*,
    278 F.3d 150 (2d Cir. 2002) .................................................................................. 10

*United States v. Lopez*,
    321 F. App'x 65 (2d. Cir. 2009) ......................................................................... 12, 13

*United States v. McManus*,
    12 CR 356, 2012 U.S. Dist. LEXIS 115770 (S.D.N.Y. Aug. 10, 2012) ................. 18

*United States v. Ortiz-Gonzalbo*,
    1997 U.S. App. LEXIS 34511, at *7 (2d. Cir. Dec. 9, 1997) ............................ 17, 18

*United States v. Rodriguez*,
    368 F. App'x 178 (2d. Cir. 2010) ........................................................................ 8, 13

*Zahrey v. Coffey*,
    221 F.3d 342 (2d Cir. 2000) ................................................................................ 7, 16

**Statutes**

42 U.S.C. §§ 1983 and 1988 .......................................................................................... 4

New York City Administrative Code § 10-125(c) .................................................... 9, 12

New York's Criminal Procedure Law § 140 ............................................................... 11

**Rules**

FED. R. CIV. P. 56(c) ...................................................................................................... 6

FED. R. CIV. PROC. 56 .................................................................................................... 4

Local Civil Rule 56.1 .................................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, alleging violations of her constitutional rights and rights pursuant to the Administrative Code of the City of New York. On January 22, 2018, plaintiff moved for partial summary judgment pursuant to FED. R. CIV. PROC. 56. (Docket Entries 64, 65, 66, 67) Plaintiff's Amended Complaint ("AC") contains seven causes of action, stemming from her arrest on June 24, 2015, pursuant to which she was prosecuted for resisting arrest, disorderly conduct, and violation of New York City Administrative Code § 10-125(b), the City's "open container" law. (*See* Declaration of Gabriel P. Harvis in Support of Plaintiff's Motion for Summary Judgment, dated 1/22/2018 ("Harvis Decl."), Exhibit 2, Criminal Complaint, p. 1; New York City Administrative Code ("N.Y.A.C.") § 10-125(b)). Plaintiff has only moved for summary judgment as to one cause of action, "Denial of Constitutional Right to Fair Trial," based on the alleged creation of "false evidence" by the individual defendants against her. (*See* AC at ¶¶ 46-50; Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment ("Pl. Memo.") at ¶¶3-4) As set forth herein, plaintiff's denial of the right to a fair trial claim fails as a matter of law, as plaintiff has not, and simply cannot, establish all the requisite elements of such a claim and as such, summary judgment for plaintiff on this claim is not warranted. Specifically, plaintiff cannot show that any false statement included in her criminal complaint would have been likely to influence a jury's verdict, or that such statement was the proximate cause of a deprivation of liberty.

Accordingly, plaintiff's motion for partial summary judgment should be denied in its entirety.

## STATEMENT OF FACTS

On the evening of June 24, 2015, NYPD Officers LoBianco and Hanson were assigned to Impact Duty within the 32 Precinct, and were patrolling in an unmarked car together

1

with their supervisor, Impact Sergeant Barnes. (Defendants' Statement of Counter-Facts Pursuant to Local Civil Rule 56.1 ("Defs. 56.1") at ¶ 1) As the three officers were traveling westbound on West 145 Street from Seventh Avenue, one of them noticed a female pedestrian, later identified as plaintiff, "drinking an open container of alcohol." (*Id.* at ¶2) Officer LoBianco looked out of his window and observed plaintiff holding in her hand an open can of alcohol "in a brown paper bag with the top portion of the can sticking out of the brown paper bag." (Defs. 56.1 at ¶3) At least the top half, if not the majority, of the can was sticking out of the paper bag displaying the name of the alcohol. (*Id.* at ¶4) From his training and experience as an impact officer, Officer LoBianco recognized the can as a raspberry-flavored Bud Light alcoholic beverage called "Raz-Ber-Rita." (*Id.* at ¶5) Sergeant Barnes was also able to observe from his vantage point inside the vehicle that plaintiff was "[d]rinking an open container of alcohol." (*Id.* at ¶6) Sergeant Barnes was also able to discern that plaintiff was consuming an alcoholic beverage, a "mixed Bud Light," with the flavor printed on the can and the "Bud Light" symbol on the top of the can. (*Id.* at ¶7)

Upon sharing their observations, the officers drew up near plaintiff and exited the vehicle. (*Id.* at ¶8) Plaintiff was still holding the open container of alcohol at the time the officers exited their vehicle and approached her. (*Id.* at ¶9) Once he exited the police vehicle, Officer Hanson, who had not previously made any observations of plaintiff from the car, observed the label on the can plaintiff was holding and also saw that plaintiff was holding an open container of alcohol. (*Id.* at ¶10) Upon exiting the vehicle, Officer LoBianco was able to confirm that his recognition of the "Bud Light Raz-Ber-Rita" from the vehicle was correct, and that this was the open alcoholic beverage that plaintiff held in her hand. (*Id.* at ¶11)

As the Officers moved toward plaintiff, plaintiff approached them, yelling expletives and stating "you don't know who the Fuck I am." (*Id.* at ¶12) When the officers attempted to inquire if plaintiff was drinking alcohol and asked to see the open container plaintiff was carrying, plaintiff threw the can to the ground. (*Id.* at ¶13) When the can of "Bud Light Raz-Ber-Rita" hit the ground, it rolled out of the brown paper bag and was fully exposed, and liquid poured out of it, producing an odor of alcohol. (*Id.* at ¶¶ 14, 15) An odor of alcohol emanated from plaintiff as well. (*Id.* at ¶16) On the following day, June 25, 2015, Officer LoBianco signed a criminal complaint swearing that "[plaintiff] possessed with intent to consume an open container containing an alcoholic beverage in a public place, other than a block party, feast and similar function for which a permit had been obtained . . . ." (*Id.* at ¶17)

## **STANDARD OF REVIEW**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "A fact is material if it might affect the outcome of the suit under the governing law,' meaning that 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Higginbotham v. Sylvester*, 14 CV 8549 (PKC), 2016 U.S. Dist. LEXIS 151997, at *5-6 (S.D.N.Y. Nov. 2, 2016) (quoting *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986)). In considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal citation and quotations omitted).

# ARGUMENT

## I. PLAINTIFF'S DENIAL OF THE RIGHT TO A FAIR TRIAL CLAIM FAILS AS A MATTER OF LAW

To state a claim for denial of the right to a fair trial based on alleged fabrication of evidence, "a plaintiff must plausibly allege that investigating officers fabricated information that was likely to influence a jury's verdict, forwarded that information to prosecutors, and that the plaintiff suffered a deprivation of life, liberty, or property as a result." *Hicks v. Marchman*, 17 CV 615, 2018 U.S. App. LEXIS 366, at *1-2 (2d. Cir. Jan. 2, 2018). The manufacture of false evidence, "in and of itself," does not impair anyone's liberty, and therefore does not impair anyone's constitutional right. *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000). "Therefore, to have a cognizable claim for the denial of the right to a fair trial, a plaintiff must establish a causal connection between the fabricated evidence and his deprivation of liberty." *Torres v. City of New York*, 16 CV 6719 (BMC), 2017 U.S. Dist. LEXIS 158883, at *13 (E.D.N.Y. Sept. 27, 2017). *See also Poventud v. City of New York*, 750 F.3d 121, 158-59 (2d. Cir. 2014) ("In all § 1983 cases, the plaintiff must prove that the defendant's action was a proximate cause of the plaintiff's injury.").

Here, plaintiff has not, and cannot, establish such causation, and thus her claim fails as a matter of law. Neither can plaintiff show that any false information included in her criminal complaint would have been "likely to influence a jury's verdict," and her claim fails on this ground as well. *Hicks*, 2018 U.S. App. LEXIS 366, at *1-2.

### A. Plaintiff Cannot Show That Any False Statement In Her Criminal Complaint Would Have Been Likely to Influence a Jury's Verdict

Prosecution for a violation of N.Y.A.C. § 10-125(b) does **not** require evidence of drinking alcohol from an open container in public. This statute holds: "No person shall drink or consume an alcoholic beverage, **or possess,** with intent to drink or consume, an open container

4

containing an alcoholic beverage in any public place except at a block party, feast or similar function for which a permit has been obtained." N.Y.A.C. § 10-125(b) (emphasis added). As there was ample evidence, observed by all three defendant Officers, that plaintiff possessed an open container of alcohol in a public place, plaintiff cannot show that her prosecution under this statute would have been any different without Officer LoBianco's statement in the criminal complaint that he had observed plaintiff "drinking" alcohol in public. Likewise, in light of the independent evidence establishing that plaintiff possessed an open container of alcohol in a public place, plaintiff certainly cannot demonstrate that Officer LoBianco's statement alone would have been "likely to influence a jury's verdict" on plaintiff's guilt or innocence as to her violation of N.Y.A.C. § 10-125(b). *Hicks*, 2018 U.S. App. LEXIS 366, at *1-2.

1. **Plaintiff's Prosecution For a Violation of N.Y.A.C. § 10-125(b) Did Not Require Evidence of Her Drinking From An Open Container Of Alcohol**

Even if true that Officer LoBianco never observed plaintiff drinking from the open container of alcohol that she was found to be holding, probable cause still existed to prosecute plaintiff pursuant to N.Y.A.C. § 10-125(b). As established above, the statute prohibits not only consumption of alcohol in a public place, but it also forbids simply possessing an open container of alcohol where "intent to drink or consume" the same is found. N.Y.A.C. § 10-125(b). "The statute . . . creates a rebuttable presumption that anyone possessing an open container of alcohol intends to consume it." *People v. Bothwell*, 261 A.D.2d 232, 233 (N.Y. App. Div. 1st Dept. 1999) (citing N.Y.A.C. § 10-125(c)). *See also United States v. Rodriguez*, 368 F. App'x 178, 179 (2d. Cir. 2010) (affirming that probable cause existed to arrest plaintiff, when plaintiff attempted to leave the lobby of a residential building with an open container of liquor in his hand, because "as such, he was about to violate the New York City Administrative Code," citing to N.Y.A.C. § 10-125(b)-(c) for the fact that a rebuttable presumption arises that a

person intends to consume the beverage when he is found in possession of an open container of alcohol in a public place); *United States v. Davis*, 111 F. Supp. 3d 323, 332 (E.D.N.Y. 2015) ("A rebuttable presumption that a person is in violation of [N.Y.A.C. § 10-125(b)] arises when a person possesses an open container containing an alcoholic beverage in a public place. Id. § 10-125(c)."); *Thomas v. City of New York*, No. 05 CV 6449 (LTS)(THK), 2008 U.S. Dist. LEXIS 61555 (S.D.N.Y. Aug. 12, 2008) ("New York City Administrative Code §§ 10-125(b) and (c) provide that 'no person shall . . . possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place' and that the possession of an open container of alcohol creates a rebuttable presumption of intent to consume the contents in violation of that section."). Therefore, by simply holding an open container of alcohol in her hand, plaintiff was subject to a rebuttable presumption that she intended to consume the alcohol she was holding, thus violating N.Y.A.C. § 10-125(b).

Here, Officer LoBianco and Sergeant Barnes both recognized the can in plaintiff's hand as an alcoholic beverage from inside their vehicle – specifically, both officers knew it to be a fruit-flavored Bud Light alcoholic drink. (Defs. 56.1 at ¶¶5, 7) Once the officers exited their vehicle, Officer Hanson was also able to discern from the label on the can that plaintiff was holding that it was indeed an alcoholic beverage. (*Id.* at ¶ 10) As the officers approached plaintiff, Officer LoBianco was able to confirm that plaintiff was holding what he had recognized from the road by its distinctive, colored can – a "Raz-Ber-Rita," an alcoholic beverage manufactured by Bud Light. (*Id.* at ¶11)

As all three officers observed plaintiff possessing in a public place an open container of an alcoholic beverage, probable cause existed to prosecute plaintiff for a violation of N.Y.A.C. § 10-125(b), even though Officer LoBianco did not witness plaintiff drinking from the

container. See, for example, the recent case of *United States v. Diaz*, 854 F.3d 197 (2d. Cir. 2017), in which the arresting officer observed the suspect with an unmarked cup in his hand in the stairwell of an apartment building. To be clear, in that case the officer did not observe the suspect drinking from the cup, from which the officer detected the odor of alcohol; instead the officer simply observed the suspect holding the cup in his hand. *Diaz*, 854 F.3d at 199. In preparing to issue the suspect a summons for possessing an open container of alcohol in public, the officer asked the suspect to stand and observed a firearm on the suspect's person. *Id.* The suspect was ultimately convicted and appealed, arguing that the discovery of the gun should have been suppressed because the stairwell of an apartment building does not constitute a "public place," and thus probable cause was lacking for his arrest for the open container violation. *Id.* at 199-200. The Second Circuit held that the law as to building stairwells was unclear, and thus any mistake on the officer's part about the stairwell being "public" was reasonable. *Id.* at 204-205. Thus, the officer was entitled to qualified immunity for suspect's arrests for the open container and the firearm, having had probable cause to believe the suspect had violated the City's open container ordinance. *Id.* at 205.

Additionally, as "when interpreting state statutes federal courts defer to state courts' interpretation of their own statutes," it is worth taking note of the influential *Bothwell* decision by the New York Supreme Court, Appellate Division, First Department. *United States v. Fernandez-Antonia*, 278 F.3d 150, 162 (2d Cir. 2002); *Bothwell*, 261 A.D.2d 232. *Bothwell* contains facts similar to the instant case. There, police officers patrolling in a vehicle spotted a suspect among a group of men gathered on the sidewalk, holding a brown paper bag containing a partially-exposed, open green bottle with a white label, which an officer believed to be an alcoholic beverage. *Id.* Upon viewing the officers, the group dispersed, and the suspect

7

abandoned the bottle and paper bag on the ground, immediately entering a nearby luncheonette. *Id.* As the officers approached the site where the group had been, one of officers noticed that the bottle on the ground was a Heinekin beer bottle; however, the officer did not stop to note whether the bottle contained any liquid or if it was empty. *Id.* The officers followed the suspect into the luncheonette, intending to summons him for a violation of N.Y.A.C. § 10-125(b). Once inside the luncheonette, however, the suspect refused to comply with the officers' orders to exit the establishment with them and after the officers grabbed the suspect's arms to escort him out, 35 baggies of cocaine fell from the suspect's clenched hands to the ground. *Id.* at 232-233.

The suppression court concluded that the officer had only seen the suspect "holding" the beer bottle: "[T]he police were not authorized to arrest defendant for a violation of the Open Container Law because they did not see him drinking beer from the bottle and never ascertained if the bottle contained beer or was empty." *Id.* at 233. The Appellate Division, however, reversed, first issuing a reminder that "reasonable cause" as used in New York's Criminal Procedure Law at § 140 is the equivalent of "probable cause," "i.e., information which would lead a reasonable person who possess[ed] the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed. Probable cause (or in this case, reasonable cause) does not require proof to warrant a conviction." *Bothwell*, 261 A.D.2d at 234 (quoting *People v McRay*, 51 NY2d 594, 602 (N.Y. Ct. App. 1980)). The Appellate Division then held that the suppression court "applied the wrong standard," evaluating sufficiency of the evidence to convict rather than "the reasonableness of the police conduct." *Bothwell*, 261 A.D.2d at 234. The Appellate Division held that the officer, "a trained officer on specific assignment to police quality of life offenses," had a reasonable belief that the suspect was consuming alcohol in public. *Id.* at 234-235. This was based on the officer's observation of the

8

concealment of the container in the paper bag, which to the court suggested it was an alcoholic beverage[1]; and "the manner in which [the suspect] held it in front of him while engaged in conversation suggested the bottle was not empty." *Id.* The Appellate Division went so far as to hold, "[e]ven if the [Heineken] bottle were empty, it was reasonable to infer that [the suspect] had just finished consuming it." *Id.* Thus, based on the totality of the circumstances, the Appellate Division found that the arresting officer had "reasonable cause" to believe the suspect had violated N.Y.A.C. § 10-125(b). *Id.*

Plaintiff's assertion that "[t]here is simply no fact more vital to adjudicating criminal liability for the violation of drinking in public than whether the suspect was in fact drinking," misses the point. (*See* Pl. Memo at p. 7) As an initial matter, plaintiff misstates the law. As established above, the statute under which plaintiff was charged, N.Y.A.C. § 10-125(b), prohibits not only public consumption of alcohol, but also possession with intent to consume, a rebuttable presumption of such intent being created by the statute at N.Y.A.C. § 10-125(c). (Defs. 56.1 at ¶ 10) Plaintiff's reliance on *United States v. Lopez*, 321 F. App'x 65, 67 (2d. Cir. 2009) is likewise misplaced. (Pl. Memo. at p. 7) Further, plaintiff mischaracterizes the case with her parenthetical describing the case as "treating as principally relevant the issue of whether a suspect was drinking in analysis of seizure based on N.Y.A.C. § 10-125(b)." *Id.* In fact, the *Lopez* court delineated the arresting officers' observation of plaintiff Lopez drinking as but one of several factors that gave rise to reasonable suspicion that Lopez was violating N.Y.A.C. § 10-125(b). *See Lopez*, 321 F. App'x at 67. The court also noted the facts that: (i) Lopez was outside of a bar; (ii) it was 4:00 a.m.; (iii) the liquid in Lopez's cup appeared to be beer; (iv) Lopez was

---

[1] Wilhelmina Forbes, a non-party witness, observed that, at the time the officers stopped plaintiff, plaintiff was drinking something from a brown paper bag. (Defs' 56.1 at ¶ 18)

9

unsteady on his feet; and (v) when the officers approached Lopez, they could smell alcohol on his breath. *Id.*

In the instant case, plaintiff dispelled any possible doubt as to the contents of the can she was holding the instant that she threw the can onto the ground. (*See* Defs. 56.1 at ¶13) When the can of Bud Light "Raz-Ber-Rita" hit the ground, it rolled all the way out of the paper bag in which plaintiff had been partially concealing it and became fully exposed. (*Id.* at ¶14) Officer LoBianco observed liquid pouring out of the can, confirming that plaintiff had not been holding an empty container. (*Id.* at ¶ 15)[2] The liquid spilling from the Bud Light "Raz-Ber-Rita" can gave off an odor of alcohol. (*Id.*) Additionally, Officers Hanson and LoBianco both detected an odor of alcohol emanating from the plaintiff herself. (*Id.* at ¶ 16)

Given the totality of the circumstances, probable cause existed to prosecute plaintiff for a violation of N.Y.A.C. § 10-125(b), or as set forth in the criminal charging affidavit that Officer LoBianco signed on June 25, 2015, the fact that "[plaintiff possessed with intent to consume an open container containing an alcoholic beverage in a public place, other than a block party, feast and similar function for which a permit had been obtained . . . ." (Defs. 56.1 at ¶ 13) The fact that Officer LoBianco never observed plaintiff take a drink from the can of Bud Light "Raz-Ber-Rita" is immaterial to plaintiff's prosecution under both N.Y.A.C. § 10-125(b) and controlling case law. *See, e.g., Diaz*, 854 F.3d 197; *Rodriguez*, 368 F. App'x 178; *Thomas*, 2008 U.S. Dist. LEXIS 61555 at *10; *Bothwell*, 261 A.D.2d 232.

---

[2] Significantly, as mentioned above, certain New York State and Federal courts have held that even possession of an empty container of alcohol in a public place is sufficient to establish probable cause for a violation of N.Y.A.C. § 10-125(b), holding that, "[e]ven if the bottle were empty, it was reasonable to infer that the defendant has just finished consuming it." *Thomas*, 2008 U.S. Dist. LEXIS 61555 at *10 (citing *Bothwell*, 261 A.D.2d 232, 234-35).

10

## 2. Plaintiff Cannot Show That Any False Statement In Her Criminal Complaint Would Have Been Likely to Influence a Jury's Verdict

In light of the above, plaintiff has not, and simply cannot, establish that any false statement in her criminal complaint would have been "likely to influence a jury's verdict." *See Hicks*, 2018 U.S. App. LEXIS 366, at *1-2 (to state a claim for denial of the right to a fair trial based on alleged fabrication of evidence, "a plaintiff must plausibly allege that investigating officers fabricated **information that was likely to influence a jury's verdict . . . .**") (emphasis added). Because plaintiff's criminal complaint explicitly charged her only with possession "with intent to consume an open container containing an alcoholic beverage in a public place," and it did **not** charge her with consumption of alcohol from an open container in public, any false statement in her criminal complaint regarding Officer LoBianco's observation of plaintiff "drinking" from an open container was immaterial to her prosecution. (*See* Criminal Complaint, Harvis Decl., Exhibit 2, p. 1) Even if the prosecutor had credited Officer LoBianco's statement to this effect, it would have had no impact on plaintiff's prosecution as, regardless of whether plaintiff was observed drinking from the open container of alcohol or not, her simple act in possessing an open container of alcohol still constituted a violation of the same statute. *See* N.Y.A.C. § 10-125(b). Similarly, even if Officer LoBianco's statement that he had observed plaintiff drinking from the can of alcohol were to have reached a jury, it would not be likely to have influenced a jury's decision as to whether plaintiff violated N.Y.A.C. § 10-125(b), in light of the overwhelming evidence that plaintiff possessed with intent to consume an open container of alcohol in a public place, in violation of the same statute.

Plaintiff's denial of the right to a fair trial claim thus fails on this ground alone.

**B.  Plaintiff Cannot Establish That Any Alleged "Fabrication" of Evidence Caused Her A Deprivation of Liberty**

Finally, plaintiff cannot establish that any false statement in her criminal complaint proximately caused her a deprivation of liberty. "Although fabricated evidence need not be admissible to form the basis of a Section 1983 claim, it must be material; that is, it must proximately cause plaintiff to suffer a deprivation of liberty." *Ashley v. City of New York*, 14 CV 5559 (NGG), 2017 U.S. Dist. LEXIS 59201, at *21-22 (E.D.N.Y. Apr. 17. 2017) (collecting cases). "This raises the question of whether plaintiff would have suffered the same deprivation of liberty 'in light of other inculpatory evidence, untainted by the misconduct of defendants.'" *Id.* (citation omitted). The fabrication must also have caused "some 'further deprivation' beyond the deprivation wholly attributable to his unlawful arrest. For example, fabricated evidence may cause a further deprivation if it adversely informs a prosecutor's charging and bail determinations." *Harris v. City of New York*, 2017 U.S. Dist. LEXIS 206923 at *23-24 (citing *Ganek v. Leibowitz*, 874 F.3d 73, 91 (2d. Cir. 2017); *Zahrey*, 221 F.3d at 350). *See also Hoyos v. City of New York*, 999 F. Supp. 2d 375, 394 (E.D.N.Y. 2013) ("[W]here independent probable cause exists for the prosecution, plaintiff must show that the misconduct caused a deprivation above and beyond the fact of the prosecution itself, such as more serious charges or a longer period of detention.")

In the instant case, plaintiff's deprivation of liberty (in the form of post-arrest detainment and multiple ensuing court appearances prior to dismissal of all criminal charges)[3] would be no different with or without Officer LoBianco's statement in plaintiff's criminal complaint that he had observed plaintiff drinking from an open container of alcohol in public, as drinking is not a necessary element to prosecute a violation pursuant to N.Y.A.C. § 10-125(b),

---

[3] *See Swartz v. Insogna*, 704 F.3d 105, 112 (2d. Cir. 2013).

12

under which plaintiff was charged. There existed ample inculpatory evidence, "untainted by the misconduct of the defendants" to support plaintiff's prosecution under that same statute for possession with intent to consume an open container of alcohol in public. *See Ashley*, 2017 U.S. Dist. LEXIS 59201, at *21-22. Thus, plaintiff cannot establish that it was solely as a result of Officer LoBianco's statement in the criminal complaint that he had observed plaintiff drinking alcohol in public that she was deprived of her liberty by undergoing prosecution pursuant to N.Y.A.C. § 10-125(b).

Given that independent, probable cause existed for plaintiff's prosecution pursuant to N.Y.A.C. § 10-125(b), plaintiff cannot show that the presence of Officer LoBianco's statement regarding plaintiff drinking alcohol in public in her criminal complaint "caused a deprivation above and beyond the fact of the prosecution itself, such as more serious charges or a longer period of detention." *Hoyos*, 999 F. Supp. 2d at 394. Plaintiff was charged pursuant to the same statute and there is no evidence that she was prosecuted any differently for possession with intent to consume alcohol in public (which is, after all, the clause of N.Y.A.C. § 10-125(b) explicitly delineated on her criminal complaint) than she would have been for public consumption of alcohol pursuant to N.Y.A.C. § 10-125(b). (*See* Criminal Complaint, Harvis Decl., Exhibit 2, p. 1)

In a recent case, the Eastern District noted that "[i]mportantly, and unlike the law with respect to malicious prosecution claims, the Second Circuit has held that the existence of probable cause to arrest and prosecute is not a complete defense to a fair trial claim." *Torres v. City of New York*, 2017 U.S. Dist. LEXIS 158883, at *14 (citing *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 130 (2d. Cir. 1997)). However, the *Torres* court also cited *Zahrey* for the proposition that "a plaintiff must show causation between the alleged fabricated evidence and a

13

plaintiff's deprivation of liberty." *Torres*, 2017 U.S. Dist. LEXIS 158883, at *14; *Zahrey*, 221 F.3d at 335. The court then stated, "It is at the intersection of these two cases that I find that plaintiffs have no claim for a violation of their right to a fair trial." *Torres*, 2017 U.S. Dist. LEXIS 158883, at *14. The *Torres* court distinguished *Ricciuti*, in which the police officer defendants allegedly deprived plaintiffs of the right to a fair trial "by fabricating evidence, including a confession, concerning the circumstances of an alleged assault, and as a **direct** consequence of the fabricated evidence, the plaintiffs were charged with a much more serious crime . . . ." *Id.* at *15 (emphasis in original). In *Torres*, "unlike in *Ricciuti*, plaintiffs have not and cannot raise an issue of fact as to whether the purported fabrications led them to be charged with more serious crimes or detained for a longer period of time." *Id.*

Such is the case here, in which plaintiff was to be charged pursuant to the same statute whether or not there was evidence of her drinking alcohol in public, in light of the overwhelming evidence that she possessed with intent to consume an open container of alcohol in public. Therefore, plaintiff's denial of the right to a fair trial claim also fails as a matter of law, because plaintiff fails to establish that any allegedly "fabricated" evidence caused her a deprivation of liberty, particularly a deprivation "above and beyond the fact of the prosecution itself." *Hoyos*, 999 F. Supp. 2d at 394.

C.  **There is No Evidence That Officer LoBianco Made Any False Statement Knowingly and Intentionally, or With Reckless Disregard For The Truth**

In *United States v. Ortiz-Gonzalbo*, the Second Circuit held that "a challenge to the veracity [of a criminal complaint] would merit a hearing only if [the criminal defendant] made a 'substantial showing' that the complaint contained a false statement that was necessary to a finding of probable cause, and that **the false statement was made by an officer knowingly and intentionally, or with reckless disregard for the truth.**" *Ortiz-Gonzalbo*, 97-1210, 1997

14

U.S. App. LEXIS 34511, at *7 (2d. Cir. Dec. 9, 1997) (emphasis added) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). *See also United States v. McManus*, 12 CR 356 (JMF), 2012 U.S. Dist. LEXIS 115770, at *7-8 (S.D.N.Y. Aug. 10, 2012).

In the instant case, there is no evidence that the statement contained in the criminal complaint that Officer LoBianco had "observed the defendant, in a public place, on the sidewalk, drinking from an open Bud Light Rasberita can . . . ." was anything more than a mistake or an oversight in wording. (*See* Criminal Complaint, Harvis Decl., Exhibit 2, p. 1) The fact that Officer LoBianco lacked knowing and willful intent to make a false statement in plaintiff's criminal complaint, or reckless disregard for the truth in doing so, is further evidenced by the fact that, in setting forth the clause of N.Y.A.C. § 10-125(b) that plaintiff was alleged to have violated, Officer LoBianco alleged only that "[plaintiff] possessed with intent to consume an open container containing an alcoholic beverage in a public place . . . ." *Id.* Officer LoBianco did **not** include in plaintiff's criminal complaint the first clause of N.Y.A.C. § 10-125(b), stating that "No person shall drink or consume an alcoholic beverage . . .in a public place . . . ." *Id.*; N.Y.A.C. § 10-125(b). This is evidence that Officer LoBianco intended to aver support only for the charge of plaintiff having possessed an open container of alcohol in public, and not for the charge of plaintiff having consumed alcohol from an open container in public.

Moreover, as discussed further, *infra*, the statement regarding Officer LoBianco having observed plaintiff "drinking from an open Bud Light Rasberita can" was not necessary to support probable cause for plaintiff's prosecution for a violation of N.Y.A.C. § 10-125(b). *See Ortiz-Gonzalbo*, 1997 U.S. App. LEXIS 34511, at *7; *McManus*, 12 CR 356, 2012 U.S. Dist. LEXIS 115770, at *7-8. This is particularly so as the violation as delineated in plaintiff's criminal complaint merely alleged possession of an open container of alcohol in public, with

intent to consume, and did not require evidence of plaintiff's drinking. (*See* Criminal Complaint, Harvis Decl., Exhibit 2, p. 1)

Thus, contrary to plaintiff's claims, there is no evidence that Officer LoBianco knowingly, willfully, or with reckless disregard for the truth included a false or fabricated statement in plaintiff's criminal complaint.

## CONCLUSION

For the foregoing reasons, defendants respectfully submit that plaintiff's motion for partial summary judgment should be denied in its entirety, together with such costs, fees and other further relief as the Court deems just and proper.

Dated: New York, New York
February 5, 2018

> ZACHARY W. CARTER
> Corporation Counsel of the City of New York
> *Attorney for Defendants*
>
> By: _____/s/_____
> NANA K. SARPONG
> Senior Counsel

TO: VIA ECF
Gabriel P. Harvis, Esq.
Barre Fett, Esq.
Harvis & Fett LLP
*Attorneys for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007