No. 16 CV 9528 (AJN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA SNEAD,

           Plaintiff,

-against--

CITY OF NEW YORK, Police Officer GREGORY LOBIANCO, Shield No. 31307; Police Officer RICHARD HANSON, Shield No. 20219; Sergeant ASA BARNES, Shield No. 2040;. and JOHN and JANE DOE 3 THROUGH 10,

           Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56 OF FEDERAL RULES OF CIVIL PROCEDURE**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants The City of New York, Police Officer Gregory LoBianco, Police Officer Richard Hanson, and Sergeant Asa Barnes*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Nana K. Sarpong*
*Tel: (212) 356-0827*

**TABLE OF CONTENTS**

Page

**PRELIMINARY STATEMENT** ................................................................................................ I

**ARGUMENT** ........................................................................................................................... 2

    I.    PLAINTIFF'S IMPERMISSIBLE RESPONSES TO DEFENDANTS' LOCAL CIVIL RULE 56.1 STATEMENT MUST BE STRICKEN AND/OR THE FACTS THEREIN DEEMED ADMITTED ............................................. 2

    II.    PLAINTIFF CANNOT CHERRY-PICK FACTS FROM HER ADVERSARIES' ACCOUNTS THAT CONTRADICT HER OWN ACCOUNT TO CREATE AN ISSUE OF FACT ................................................................ 3

    III.    PLAINTIFF'S SUPERVISORY LIABILITY CLAIM DOES NOT SURVIVE VOLUNTARY DISMISSAL OF HER MONELL CLAIM ........................................................................ 6

    IV.    PLAINTIFF FAILS TO ESTABLISH A CLAIM FOR BIAS-BASED PROFILING ................................................................ 7

**CONCLUSION** ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Anderson v. City of New York,
 15 CV 6246, 2017 U.S. Dist. LEXIS 168332 (S.D.N.Y. Sep. 25, 2017) ............................... 5, 6, 8

Berk v. St. Vincent's Hosp. & Med. Ctr.,
 380 F. Supp. 2d 334 (S.D.N.Y. 2005) .................................................................................. 1, 3, 4, 6

Congregation Rabbinical College of Tartikov, Inc. v. Vill. of Pomona,
 138 F. Supp. 3d 352 (S.D.N.Y. 2015) ....................................................................................... 2

Costello v. New York State Nurses Ass'n,
 783 F. Supp. 2d 656 (S.D.N.Y. 2011) ....................................................................................... 3

D.H. v. City of New York,
 16 CV 7698, 2018 U.S. Dist. LEXIS 4717 (S.D.N.Y. Jan. 9, 2018) ....................................... 8, 9

Evans v. Stephens,
 407 F.3d 1272 (11th Cir. 2005) (*en banc*) .......................................................................... 1, 3, 4, 6

Goldstick v. Hartford, Inc.,
 00 Civ. 8577 (LAK), 2002 U.S. Dist. LEXIS 15247 (S.D.N.Y. Aug. 19, 2002) ..................... 2

Goodman v. Port Auth. of New York & New Jersey,
 850 F. Supp. 2d 363 (S.D.N.Y. 2012) ....................................................................................... 7

Hayden v. Paterson,
 594 F.3d 150 (2d Cir. 2010) ....................................................................................................... 9

Kellman v. Metro. Transp. Auth.,
 8 F. Supp. 3d 351 (S.D.N.Y. 2014) ....................................................................................... 7, 8

Krynski v. Chase,
 707 F. Supp. 2d 318 (E.D.N.Y. 2009) .................................................................................... 1, 5

Lowth v. Town of Cheektowaga,
 82 F.3d 563 (2d Cir. 1996) .......................................................................................................... 8

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
 715 F.3d 102 (2d Cir. 2013) ....................................................................................................... 7

Monell v. Dep't of Soc. Servs.,
 436 U.S. 658 (1978) ............................................................................................................. 1, 6, 7

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997) ............................................................................................. 8

Risco v. McHugh,
    868 F. Supp. 2d 75 (S.D.N.Y. 2012) ............................................................................... 2

**Statutes**

New York City Human Rights Law .......................................................................................... 7

N.Y.C. Admin. Code. § 14-151(c)(1)(i) .................................................................................... 7

Local Rule 56.1 ..................................................................................................................... 2, 3

## PRELIMINARY STATEMENT

Plaintiff's Memorandum in Opposition[1] to defendants' motion altogether fails to address defendants' point that plaintiff cannot create an issue of fact by asking the Court to credit some portions of her testimony and some portions of her adversaries' testimony. (See Memorandum of Law in Support of Defendants' Cross-Motion for Partial Summary Judgment at p. 8, n.9) Plaintiff may not cherry-pick which portions of her own account the Court should believe, by purporting to rely on portions of her adversaries' accounts that contradict her own account when it is convenient for her to so do. Instead, the Court must credit plaintiff's sworn account of events.[2] For this reason, plaintiff fails to mount a meaningful opposition to defendants' arguments that: (i) plaintiff's unlawful search claim fails as a matter of law; (ii) plaintiff's unlawful stop and false arrest claims should be dismissed as against Officer Hanson and Sergeant Barnes; and (iii) plaintiff has not made out a viable failure to intervene claim. Further, plaintiff's claim for supervisory liability does not survive her voluntary dismissal of a Monell claim, and plaintiff utterly fails to establish a claim of bias-based profiling.[3]

For these reasons as more fully set forth below as well as those reasons set forth in defendants' original moving papers, plaintiff's arguments are insufficient to survive defendants' motion. Accordingly, defendants respectfully request that the Court grant their motion in its

---

[1] See Point II of Plaintiff's Reply in Further Support of Her Motion For Partial Summary Judgment and in Opposition to Defendants' Motion for Partial Summary Judgment ("Pl.'s Opp.").

[2] Evans v. Stephens, 407 F.3d 1272, 1278 (11th Cir. 2005) (*en banc*); Krynski v. Chase, 707 F. Supp. 2d 318, 327 (E.D.N.Y. 2009); Berk v. St. Vincent's Hosp. & Med. Ctr., 380 F. Supp. 2d 334, 346 (S.D.N.Y. 2005).

[3] Defendants' moving brief also sought summary judgment on the following claims, which plaintiff has voluntarily withdrawn via her Opposition: (1) denial of a fair trial / fabrication of evidence claim as against Officer Hanson and Sergeant Barnes; (2) malicious prosecution claim as against Officer Hanson; and (3) Monell liability as against defendant City. (See Pl.'s Opp. at Point II(C), pp. 15-16)

entirety[4] and deny plaintiff's summary judgment motion in its entirety.

## ARGUMENT

**I. PLAINTIFF'S IMPERMISSIBLE RESPONSES TO DEFENDANTS' LOCAL CIVIL RULE 56.1 STATEMENT MUST BE STRICKEN AND/OR THE FACTS THEREIN DEEMED ADMITTED**

Plaintiff's Response to Defendants' Statement of Facts "improperly assert new allegations." Risco v. McHugh, 868 F. Supp. 2d 75, 85 n.2 (S.D.N.Y. 2012) For example, plaintiff's responses to defendants' paragraphs 9 and 10 purport to insert additional allegations, which are not responsive to either defendants' paragraph 9 or 10. (See Plaintiff's Response to Defendants' Statement of Facts ("Plaintiff's 56.1 Response) at ¶ 10 ("Disputed. See id. Defendant Hanson did more than open the door.")) In plaintiff's response to paragraph 16, not only does plaintiff purport to insert extraneous allegations that are non-responsive to the defendants' proffered statement of fact, plaintiff purports to deny the statement in question, yet ultimately admits it. (See Plaintiff's 56.1 Response at ¶ 16 ("Plaintiff does not dispute that LoBianco prepared paperwork related to plaintiff's arrest and forwarded it to prosecutors.")) Plaintiff further endeavors to bolster her case by refusing to admit undisputed facts that are unfavorable to her and by inserting additional allegations into her 56.1 responses; these transparent attempts are improper and the extraneous allegations interposed by plaintiff into her 56.1 responses should be stricken. See, e.g., Congregation Rabbinical College of Tartikov, Inc. v. Vill. of Pomona, 138 F. Supp. 3d 352, 397 (S.D.N.Y. 2015) ("Accordingly, the Court will . . . disregard the portions of Plaintiffs' Rule 56.1 Statements that are not compliant with Local Rule 56.1."); Goldstick v. Hartford, Inc., 00 Civ. 8577 (LAK), 2002 U.S. Dist. LEXIS 15247, at *3 (S.D.N.Y. Aug. 19, 2002) (granting defendants' motion to strike portions of plaintiff's 56.1 counter-statement that went beyond "anything more

---

[4] To the extent defendants fail to specifically address any argument set forth in plaintiff's opposition, they rest on arguments set forth in their original moving papers dated February 7, 2018.

than…. the admission or denial of the assertions set forth in defendants' Rule 56.1 Statement and the citations to the record").

Additionally, plaintiff's response to defendant's 56.1 statement at paragraph 18 purports to "broadly dispute" the paragraph, and cites only "*supra*, *generally*," and to Plaintiff's Motion for Partial Summary Judgment but plaintiff fails to cite to admissible evidence on the record in support of her purported disputation. This is a blatant violation of Local Civil Rule 56.1, and thus, the Court should deem defendants' statement of facts "admitted." See, e.g., Costello v. New York State Nurses Ass'n, 783 F. Supp. 2d 656, 661 (S.D.N.Y. 2011) (deeming "admitted" facts claimed by moving party where non-movant "fail[ed] to refer to any evidence in the record to support her contention that certain facts [were] disputed").

## II. PLAINTIFF CANNOT CHERRY-PICK FACTS FROM HER ADVERSARIES' ACCOUNTS THAT CONTRADICT HER OWN ACCOUNT TO CREATE AN ISSUE OF FACT

In both her Opposition and 56.1 Response, plaintiff relies heavily on defendants' accounts of the incident – everyone but plaintiff herself, it seems – nearly all of which directly contradict plaintiff's own testimony. Courts within the Second Circuit have held that plaintiff is not entitled to "pick and choose" when she wants the Court to credit her adversaries in order to create issues of fact to preclude summary judgment. Berk v. St. Vincent's Hosp. & Med. Ctr., 380 F. Supp. 2d 334, 346 (S.D.N.Y. 2005).

The Eleventh Circuit, sitting *en banc*, considered precisely this issue in Evans v. Stephens. In that case, plaintiff attempted to avoid summary judgment by asking the court to credit a portion of his adversaries' testimony, even though it conflicted with his allegations. In declining to do so, the Court stated:

> We accept the non-movant's version of the events when reviewing a decision on summary judgment. When the non-movant has testified to events, we do not (as urged by Plaintiffs' counsel) pick and choose from other witnesses' essentially incompatible accounts (in effect, declining to credit some of the non-movant's own testimony) and then string together those portions of the record to form the story that we deem most helpful to the non-movant. Instead, when conflicts arise between the facts evidenced by the parties, we credit the non-moving party's version. Our duty to read the record in the non-movant's favor stops short of not crediting the non-movant's testimony in whole or part.

Evans v. Stephens, 407 F.3d 1272, 1278 (11th Cir. 2005) (*en banc*).

Courts in this District have relied upon Evans when faced with similar circumstances. By way of example, in Berk v. St. Vincent's Hosp., the Honorable Judge Marrero, rejecting the non-movant's urged approached and quoting the above passage from Evans, held:

> Essentially, Berk's proposition urges the Court to craft a viable case for the non-movant from conveniently selected pieces of evidence helpful to him. To piece together this judicial cut-and-paste edition of the record, the Court would have to discredit a plaintiff's own sworn account of critical facts and selectively substitute contrary testimony of defendants' witnesses to sustain the plaintiff's theory of liability.").

Berk, 380 F. Supp. 2d at 345.

The Honorable Judge Mauskopf reached the same conclusion in circumstances identical to those in Evans:

> Chase's sworn deposition testimony reflects his recollection that Krynski had come to a complete stop, and that the resulting rear-end collision occurred at a speed less than 5 mph. However, to highlight a purportedly material dispute of fact, and thereby avoid summary judgment, Chase would have this Court eschew that prior testimony in favor of Krynski's contrary description of a high-speed accident . . . and thereby render speed and negligence jury questions upon which summary judgment must be denied. In sum, Chase suggests that, in this case, the facts most favorable to him, as the non-movant, are to be gleaned not from his testimony, but from that of his adversary. Thus, to view the facts in the most favorable light would require this Court to alternatively credit his testimony where beneficial and discount it where harmful. As a threshold matter this Court cannot agree with Chase's hybrid approach to summary judgment, an approach Courts

> have soundly rejected . . . Accordingly, this Court need only consider Chase's version of the accident for summary judgment purposes, notwithstanding the fact that it conflicts with his adversary's account.

Krynski v. Chase, 707 F. Supp. 2d 318, 327 (E.D.N.Y. 2009).

Here, plaintiff testified at her deposition that she was never searched, thus precluding her claim for unlawful search. (Memorandum of Law in Support of Defendants' Cross-Motion for Partial Summary Judgment ("Defts.' Memo.") at pp. 5-6) Plaintiff likewise testified that only two officers were present at the scene of her arrest, and that only one – her arresting officer, Officer LoBianco – approached her, placed her in handcuffs, or restrained her in any. (Id. at p. 6) Plaintiff further testified that the second officer present remained in the police vehicle during the entirety of her arrest and handcuffing, and that she saw him for the first time only when he exited the vehicle to open the door for her entry. (Id.) Thus, by her own account, neither Officer Hanson nor Sergeant Barnes was involved in plaintiff's allegedly unlawful stop and/or arrest.

Moreover, plaintiff's own testimony fails to establish liability for failure to intervene on the part of Officer Hanson or Sergeant Barnes. (Id. at pp. 6-8) Liability for failure to intervene may only attach when: "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." Anderson v. City of New York, 15 CV 6246 (AJN), 2017 U.S. Dist. LEXIS 168332, at *20 (S.D.N.Y. Sep. 25, 2017) (quotation marks and citations omitted). Plaintiff testified that the only officer other than Officer LoBianco that was present at the scene of her arrest remained in the police vehicle until Officer LoBianco had approached and questioned her, then handcuffed her and placed her under arrest. (Defs.' Memo at pp. 6-8) Thus, plaintiff's own testimony illustrates that the unidentified second officer not only "lacked a reasonable opportunity to intervene" in Officer LoBianco's arrest of plaintiff but also fails to establish that the second officer at the scene had any reason to believe that

any of plaintiff's "constitutional rights were being violated." Anderson, 2017 U.S. Dist. LEXIS 168332, at *20.

Pursuant to Evans, Berk, and their progeny, plaintiff should not be permitted to eschew her own account of her alleged unlawful stop and arrest and borrow facts from her adversaries' accounts when it proves convenient to her, in order to create issues of disputed fact to evade summary judgment.

**III. PLAINTIFF'S SUPERVISORY LIABILITY CLAIM DOES NOT SURVIVE VOLUNTARY DISMISSAL OF HER MONELL CLAIM**

As an initial matter, plaintiff's claim for supervisory liability as against Sergeant Barnes fails because her own testimony fails to place Sergeant Barnes at the scene of her arrest. (See supra, Point II) Plaintiff testified to the presence of only two officers at the scene of her arrest. (Id.; Defts.' Memo. at p. 6) Further, even if Sergeant Barnes were this unidentified second officer at the scene, plaintiff's account does not allege that the second officer participated in her stop or arrest to any degree beyond opening the door of the police vehicle for her, and it fails to establish any ground for failure to intervene as against the second officer. (See supra, Point II; Defts.' Memo at pp. 6-8)

Moreover, plaintiff's supervisory liability claim was pleaded as contingent on her Monell claim; as a result, the supervisory liability claim does not survive plaintiff's voluntary dismissal of the Monell claim. (Pl.'s Opp. at Point C, pp. 15-16 (voluntarily withdrawing Monell claim)); (see also Plaintiff's First Amended Complaint ("FAC") at ¶¶ 58-68 (plaintiff's claim for "Monell;" Colon Supervisory Liability)). In the FAC, plaintiff first recites the bare bones elements of municipal liability pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), alleging that defendant City, "through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff." (FAC at ¶ 60) Plaintiff's supervisory liability claim comprises exactly one paragraph of the FAC alleging "[t]he unidentified supervisory defendants tolerated

and/or ratified the aforementioned unconstitutional policies, practices and/or customs." (FAC at ¶ 67) As plaintiff no longer alleges the existence of "the aforementioned unconstitutional policies, practices and/or customs," she cannot allege supervisory liability premised upon the supervisory defendant(s') toleration and/or ratification of the same. Id. For this reason, plaintiff's supervisory liability claim must be dismissed.

**IV.     PLAINTIFF FAILS TO ESTABLISH A CLAIM FOR BIAS-BASED PROFILING**

Finally, plaintiff has utterly failed to establish a viable claim for bias-based profiling pursuant to § 14-151 of the Administrative Code of the City of New York / the New York City Human Rights Law ("NYCHRL"), which holds in relevant part:

> 1. A claim of bias-based profiling is established under this section when an individual brings an action demonstrating that:
> [ . . . ]
> (ii) one or more law enforcement officers have intentionally engaged in bias-based profiling of one or more individuals; and the law enforcement officer(s) against whom such action is brought fail(s) to prove that the law enforcement action at issue was justified by a factor(s) unrelated to unlawful discrimination.

N.Y.C. Admin. Code. § 14-151(c)(1)(ii). Contrary to the mandate of law, plaintiff has neither pleaded nor adduced in discovery a scintilla of evidence that one or more of the defendant officers "intentionally engaged in biased-based profiling."

Defendants first note that none of the cases on which plaintiff relies in attempting to establish that she has made a "*prima facie* showing of bias-based profiling" for her arrest are factually similar to the instant circumstances; all but one of the cases that even reference NYCHRL pertain to N.Y.C. Admin. Code. § 14-151(c)(1)(i), which is not operative here, and all the cited cases pertain to claims of employment discrimination. (Pl. Opp. at 13-14); see also Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013); Kellman v. Metro. Transp. Auth., 8 F. Supp. 3d 351, 378 (S.D.N.Y. 2014); Goodman v. Port Auth. of New York & New Jersey, 850 F. Supp. 2d 363, 386 n.5 (Sweet, J.) (S.D.N.Y. 2012).

Second, plaintiff's tortured attempt to borrow from courts' interpretation of the standard for "actual malice" on summary judgment for malicious prosecution[5] and twist it to somehow apply to a claim of racial discrimination is fanciful and unsupportable. (Pl. Opp. at p. 14 (citing Ricciuti v. New York City Transit Auth., 124 F.3d 123, 131 (2d Cir. 1997) and Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996)) (discussing "malice" in malicious prosecution context). Plaintiff argues that the "facts here . . . demonstrate a lack of probable cause sufficient to raise the inference of malice, including racially discriminatory animus." (Id.) But she cites no precedent for asking this Court to adopt a standard for "actual malice" as applied in malicious prosecution cases and interpose it as a standard for establishing "racially discriminatory animus." (Id.) The case plaintiff quotes in support of this ill-conceived effort, Kellman, 8 F. Supp. 3d at 378, is one of the employment discrimination cases referenced earlier (see id.) (quoting evidentiary standards unique to employment discrimination context). There is absolutely no support for plaintiff's illogical leap from alleged evidence of malice, as defined in malicious prosecution cases, to her assertion that racially discriminatory animus exists.

If the Court were to follow plaintiff's reasoning, every single arrest of a member of a protected class would constitute a *prima facie* case for bias-based profiling if probable cause for the arrest was alleged to be lacking, without requiring of plaintiff a showing of anything more. But, in fact, courts require more of plaintiff. In a case alleging false arrest and bias-based profiling on the basis of "race, gender, or gender identity," D.H. v. City of New York, the Honorable Judge Castel stated that, "[a] discriminatory effect is not enough to support a claim of intentional discrimination; instead, a plaintiff must allege facts that allow a plausible inference that the defendant selected or

---

[5] "Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Anderson, 2017 U.S. Dist. LEXIS 168332, at *17 (quotation marks and citations omitted).

reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." D.H. v. City of New York, 16 CV 7698 (PKC)(KNF), 2018 U.S. Dist. LEXIS 4717, at *28 (S.D.N.Y. Jan. 9, 2018) (citing Hayden v. Paterson, 594 F.3d 150, 163 (2d Cir. 2010)). The D.H. court held:

> Nor are the allegations that defendants arrested plaintiffs without probable cause and then falsified the arrest paper work indicative of discriminatory intent. Conduct of this sort is both unlawful and a criminal act, but it does not alone evidence a discriminatory motivation. Without some additional, non-conclusory factual allegation to suggest that the arrests were motivated by discriminatory intent, these events do not "raise a right to relief above the speculative level," suggesting instead only the "possibility" of discriminatory intent.

D.H.,, 2018 U.S. Dist. LEXIS 4717, at *32-33 (citations and quotation marks omitted). Assuming, *arguendo*, that Officer LoBianco lacked probable cause for plaintiff's arrest, plaintiff proffers no evidence that his actions in stopping and arresting her were racially motivated.

The D.H. Court further noted that certain plaintiffs raised an inference of discriminatory intent on the part of the arresting officers by pointing out that, at the time of or just prior to arrest, these women were in the company of men, but that the officers only arrested the women. D.H., 2018 U.S. Dist. LEXIS 4717, at *28-30. Significantly, here, plaintiff's walking companion when she was arrested on June 24, 2015, is also an African-American female.[6] However, plaintiff's companion was not placed under arrest.[7] As such, plaintiff has adduced no evidence of differential treatment on the basis of gender or race and her biased-based profiling claim cannot survive summary judgment.

---

[6] See Exhibit G to March 26, 2018 Reply Declaration of Nana K. Sarpong in Further Support of Defendants' Motion for Partial Summary Judgment ("Sarpong Reply Decl.") at 22:3-9, 22:19-25; see also Exhibit H to Sarpong Reply Decl. at 41:12-19, 42:6-21.

[7] See Exhibit I to Sarpong Reply Decl. at 28:16-17.

## CONCLUSION

For the foregoing reasons, as well as those set forth in their moving brief, defendants City of New York, LoBianco, Hanson, and Barnes respectfully request that the Court grant their summary judgment motion as to the aforementioned claims, together with such other and further relief the Court deems just and proper.

DATED: New York, New York
April 6, 2018

        Respectfully submitted,

        ZACHARY W. CARTER
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants City of New York,*
         *Gregory LoBianco, Richard Hanson, and Asa*
        *Barnes*
        100 Church Street, Room 3-137
        New York, New York 10007
        (212) 356-0827

        By: _____/s/_____
           Nana K. Sarpong
           Senior Counsel

TO: <u>VIA ECF</u>
     Gabriel P. Harvis
     Harvis & Fett LLP
     *Attorneys for Plaintiff*
     305 Broadway, 14th Floor
     New York, New York 10007