

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | HANNAH V. FADDIS<br>*Senior Counsel*<br>phone: (212) 356-2486<br>fax: (212) 356-3509<br>hfaddis@law.nyc.gov |
|---|---|---|

April 30, 2019

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:   <u>Lisa Snead v. City of New York, et al.</u>,
                 16-CV-9528 (AJN) (DCF)

Your Honor:

      I am an attorney assigned to represent the defendants in the above-referenced matter. Defendants write to supplement their motion for summary judgment (ECF Nos. 129 to 131) in light of the Second Circuit's recent decision in <u>Lanning v. City of Glens Falls</u>, 908 F.3d 19 (2d Cir. 2018). [1] For the reasons set forth herein, plaintiff's claim for malicious prosecution should be dismissed because she has failed to establish that her criminal prosecution was terminated in her favor.

      Plaintiff's claim for malicious prosecution should be dismissed because her charges were not dismissed in a manner which affirmatively indicated her innocence. <u>See</u>, <u>Lanning</u>, 908 F.3d 19, 28). To establish her malicious prosecution claim, plaintiff must demonstrate: (i) the commencement or continuation of a criminal proceeding against her; (ii) the termination of the proceeding in her favor; (iii) no probable cause for the proceeding; and (iv) that the proceeding was instituted with malice. See <u>Mitchell v. City of New York</u>, 841 F.3d 72, 79 (2d Cir. 2016) (citations and quotation marks omitted). The Second Circuit recently held in <u>Lanning</u> that "federal law defines the elements of a § 1983 malicious prosecution claim" and "requir[es] affirmative indications of innocence to establish 'favorable termination.'" <u>Lanning</u>, 908 F.3d at 25. The Court in <u>Lanning</u> further held that "where a dismissal…leaves the question of guilt or innocence unanswered, it cannot provide the favorable termination required as the basis for" a claim of malicious prosecution. <u>Id.</u> at 28-29 (citation omitted). Defendants are cognizant that the

---

[1] Defendants moved for summary judgment on February 5, 2018. That motion was fully briefed on April 6, 2018. On September 18, 2018, the Court administratively denied the motion pending the resolution of certain discovery disputes. On April 23, 2019, on consent of all parties, the Court granted the parties leave to re-file their motions for summary judgment. Defendants re-filed their motion for summary judgment on April 30, 2019.

Second Circuit in <u>Lanning</u> noted that a speedy trial dismissal, while neutral as to guilt or innocence, could constitute a favorable termination. <u>See</u> <u>Id.</u> at 27, n 6. However, the question of "whether a given type of termination was favorable to the accused is a matter of law for the court," based on the particular factual circumstances of the case. <u>Murphy v. Lynn</u>, 118 F. 3d 938, 950 (2d Cir. 1997). The <u>Lanning</u> Court also acknowledged that "the government's failure to proceed does not necessarily impl[y] a lack of reasonable grounds for the prosecution." <u>Lanning</u>, 908 F.3d at 28 (citing <u>Conway v. Village of Mount Kisco</u>, 750 F.2d 205, 215 (2d Cir. 1984)).

Because the plaintiff bears the burden of proof on all elements of her malicious prosecution claim, it is her burden to adduce evidence that the dismissal of the charges against her was in some way related to the merits of the case and affirmatively indicated her innocence. There has been no such evidence adduced in this case. In fact, the criminal court and district attorney's files indicate that the prosecution was ready to proceed to trial on this matter on more than one occasion. (<u>See</u>, Record of Court Action, Docket No. 2015NY040259 ("Court Jacket"), annexed hereto as Exhibit A; Affirmation of Edward Barrett, dated April 20, 2016 ("Barrett Decl."), annexed hereto as Exhibit B). The prosecution filed a certificate of readiness on November 24, 2015. On December 8, 2015, the prosecution answered ready for trial, but due to a lack of available court parts to try the matter the case was put over to February 1, 2016. (Barrett Decl., Ex. B). On February 1, 2016, the prosecution was not ready, and the matter was adjourned to February 16, 2016. (<u>Id.</u>). On February 16, 2016, the arresting officer was not available, and the case was put over to April 18, 2016. (<u>Id.</u>). On April 18, 2016, the prosecution answered ready, but the case was put over due to the plaintiff's motion to dismiss on speedy trial grounds. (<u>Id.</u>). The plaintiff has adduced no evidence to support a claim that the delays in prosecuting this matter were due to the merits of the case, rather than what appear from a review of the file to be scheduling difficulties. Accordingly, she has not established that her prosecution terminated in her favor and her claim for malicious prosecution should be dismissed.

At least one district court has interpreted the <u>Lanning</u> decision to support the dismissal of a malicious prosecution claim where the underlying prosecution was dismissed on speedy trial grounds. See <u>Thompson v. City of New York, et al.</u>, No. 17 Civ. 3060 (DLC), 2019 U.S. Dist. LEXIS 4848, at *10 (S.D.N.Y. January 10, 2019). The court held in <u>Thompson</u> that, under <u>Lanning</u>, the dismissal of a plaintiff's case "on speedy trial grounds does not affirmatively indicate his innocence, as required under Section 1983." <u>Id.</u> Accordingly, the Court dismissed the plaintiff's claim for malicious prosecution.

For all of the foregoing reasons, plaintiff's malicious prosecution claims in the present matter should be dismissed with prejudice because she cannot satisfy the favorable termination element of the claim.

Defendants thank the Court for its consideration.

          Sincerely,

          /s/
          Hannah V. Faddis
          *Senior Counsel*
          Special Federal Litigation Division

Encl.

CC:   **BY ECF ONLY**
      Gabriel Harvis
      Baree Fett
      *Counsel for Plaintiff*