CRIMINAL COURT OF THE CITY OF NEW YORK         5/18/2016
COUNTY OF NEW YORK                              PART A

| THE PEOPLE OF THE STATE OF NEW YORK |
|---|
| -against- |
| LISA SNEAD, |
| Defendant. |

AFFIRMATION

Docket No. 2015NY040259

I, Edward Barrett, Esq., an attorney duly admitted to practice law, affirms under penalty of perjury that:

1. I am a staff attorney with New York County Defender Services and am the attorney of record for the defendant. I am familiar with the facts of this case and make this affirmation in support of the defendant's motion to dismiss the accusatory instrument pursuant to CPL§§ 30.30(1)(b) and 170.30(1)(e) on the ground that the defendant was denied the right to a speedy trial as outlined below.

2. Unless otherwise specified, all allegations of fact are based upon inspection of the record of this case or upon conversations with Assistant District Attorneys and the defendant, as well as counsel's own investigation.

3. The defendant was arrested on June 24, 2015, and was arraigned in Criminal Court on June 25, 2015. A motion schedule was set and the case was adjourned to August 13, 2015, in Part A for response and decision. This period is not chargeable to the People **(0 days)**.

4. On August 13, 2015, the case was adjourned to October 13, 2015, for trial. This period, is not chargeable to the People **(0 days)**.

5. On October 13, 2015, the People were not ready for trial and the case was adjourned to December 8, 2015. The People served a Certificate of Readiness off calendar on November 24, 2015. The period from October 13, 2015 to November 24, 2015 is chargeable to the People. **Forty-two (42) days**.

6. On December 8, 2015, the People answered "ready for trial at 2:15pm". However, there were no court parts available so the case was adjourned to February 1, 2016. This period is not chargeable to the People **(0 days)**.

7. On February 1, 2016, the People were not ready for trial and no reason was stated on the record. The People requested February 16, 2016 for trial, and the court adjourned the case to that date. This period is chargeable to the People. **Fifteen (15) days.**

8. On February 16, 2016, the People were not ready for trial because the arresting officer was unavailable. The case was adjourned to April 18, 2016, and no certificate of readiness was filed during that period of time. This period is chargeable to the People. **Sixty-two (62) days.**

9. On April 18, 2016, the People answered "ready for trial at 2:15pm". In light of the issue presented, the case was adjourned to May 18, 2016, for response and decision on this motion. This period is not chargeable to the People **(0 days)**.

10. Therefore, the People have accrued **one hundred-nine (109) days** of chargeable time:

      October 13, 2015 to November 24, 2015 = 42 days

      February 1, 2016 through February 16, 2016= 15 days

      February 16, 2016 through April 18, 2016= 62 days

11. As such, more than ninety (90) days are chargeable to the People and have passed since this action commenced on June 25, 2015. The People bear the burden of proving that any period of time since the commencement of the action is excludable under CPL §30.30; *People v. Santos*, 68 NY2d

3

D000057

859 (1986); *People v. Berkowitz*, 50 NY2d 333 (1980). Should the People fail to respond, the defendant requests this Court to summarily grant the instant motion. *People v. Gruden*, 42 NY2d 214 (1977).

12. If the People respond to the motion in writing, the defendant requests an opportunity to reply.

13. If a factual dispute arises, the defendant requests a hearing on the matter. *People v. Montford*, 139 AD2d 424 (1st Dept. 1988).

14. The defendant therefore requests this Court to dismiss the accusatory instrument pursuant to CPL §§30.30(1)(b) and 170.30(1) (e).

WHEREFORE, the defendant respectfully requests this Court to grant the relief sought herein and such other and further relief as this Court deems just and proper.

DATED:   NEW YORK, NEW YORK
         April 20, 2016

_____
Edward Barrett, Esq.

4

D000058