**ELEFTERAKIS ELEFTERAKIS & PANEK**

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
JORDAN JODRÉ*
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT

KRISTEN PERRY – CONIGLIARO
NICOLE BRENECKI
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
STEPHEN KAHN
EVAN M. LA PENNA
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND

*Also Admitted In New Jersey

May 7, 2019

<u>BY ECF</u>
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Snead v. City of New York, et al.*, 16 CV 9528 (AJN) (DCF)

Your Honor:

  I represent plaintiff Lisa Snead in the above-referenced civil rights action. I write to respectfully oppose defendants' supplemental letter brief dated April 30, 2019 (filed at DE #141) ("Def. Supp. Br.").

  Defendants argue that *Lanning v. City of Glens Falls*, 908 F.3d 19 (2d Cir. 2018) imposes new substantive burdens on malicious prosecution plaintiffs, which Ms. Snead cannot meet. According to defendants, the favorable termination analysis in Speedy Trial cases such as this turns on prosecutors' opinion of the underlying proof as measured by whether and when the People announce trial readiness. Def. Supp. Br., pp. 1-3. But defendants are simply wrong:

> Distilled to its essence, *Lanning* holds that New York state tort law does not define or limit the scope of liability under § 1983 for malicious prosecution, except to the extent that New York law reflects the traditional common law. 908 F.3d at 26. In reaffirming that its prior decisions in malicious prosecution cases requiring affirmative indications of innocence—rather than New York state cases that only require dismissal to be "consistent" with innocence—continue to govern § 1983 claims, the Second Circuit explicitly approved of its decision in *Singleton v. City of New York*, 632 F.2d 185 (2d Cir. 1980). *Lanning*, 908 F.3d at 25–26 ("Thus, in [*Singleton*], our seminal decision on § 1983 malicious prosecution claims, we did not mechanically apply the law of New York State."). That decision "'adopted and applied' the traditional common law of malicious prosecution to the parallel federal constitutional claim brought under § 1983." *Id.* (quoting *Singleton*, 632 F.3d at 195). As *Lanning* makes clear, "the dismissal of a prosecution

> on speedy trial grounds is a favorable termination" under the traditional common law. *Id.* at 27 n.6 (citing Restatement (Second) of Torts § 660 cmt. d (Am. Law Inst. 1977)). This alone is sufficient to defeat Defendants' motion.
>
> Worse yet for Defendants, the Second Circuit expressly held prior to *Lanning* that a speedy trial dismissal *does* constitute favorable termination for purposes of a § 1983 malicious prosecution claim. *See Murphy v. Lynn*, 118 F.3d 938 (2d Cir. 1997). In *Murphy*, the Second Circuit stated that "dismissals for lack of timely prosecution should generally be considered, for purposes of a claim of malicious prosecution, a termination favorable to the accused." *Id.* at 950. Far from overturning this holding, the *Lanning* decision twice cites *Murphy*'s analysis approvingly. *Lanning*, 908 F.3d at 27, 27 n.6. Thus, *Lanning* makes clear that, as the Circuit consistently held pre-*Lanning*, dismissals on speedy trial grounds are terminations in the favor of the accused.

*Blount v. City of New York*, 15 CV 5599 (PKC) (JO), 2019 WL 1050994, *4–5 (E.D.N.Y. Mar. 5, 2019) (emphasis in original).[1]

    Beyond their general misapprehension of *Lanning's* holding, the specific analysis defendants propose here is doubly flawed. First, it targets the subjective belief of prosecutors in contravention of binding Second Circuit precedent. *Compare* Def. Supp. Br. at p. 2 (purporting to divine prosecutors' opinion of merits from court action sheet) *with Cameron v. City of New York*, 598 F.3d 50, 65 (2d Cir. 2010) ("For all these reasons, we hold that prosecutors' opinions as to probable cause and complaining officers' credibility are irrelevant in virtually all cases involving claims of malicious prosecution."); *see Murphy*, 118 F.3d at 951 ("Defendants chose not to call the assistant district attorney as a trial witness to offer any non-merits-based explanation for the failure to proceed against Murphy. Accordingly, the district court properly decided the favorable-termination question as a matter of law, and properly instructed the jury that Murphy had established that element of his malicious prosecution claim."). As in *Murphy*, defendants here elected not to depose the ADA and their arguments must yield to decades of settled law. *See, e.g., Ziming Shen v. City of New York*, 725 F. App'x 7, 15 (2d Cir. 2018), *cert. denied sub nom. Ziming Shen v. City of New York, N.Y.*, 139 S. Ct. 78 (2018) ("Shen *clearly* satisfies the favorable termination element of a malicious prosecution claim. The charges against him were dismissed on speedy trial grounds, and under New York law, a speedy trial dismissal constitutes favorable termination.") (citing *Rogers v. City of Amsterdam*, 303 F.3d 155, 160 (2d Cir. 2002) (emphasis added)).

---

[1] Defendants fail to address the *Blount* decision in their supplemental briefing, despite its forceful rejection of their core position and plaintiff's reliance on it in the parties' April 11, 2019 letter. *See* DE #123; Def. Supp. Br., *generally.*

Hon. Alison J. Nathan
May 7, 2019

  Second, even adopting the defective analysis defendants suggest resolves the issue in plaintiff's favor: the exhibits to defendants' supplemental brief show that prosecutors were persistently unprepared for trial, including on October 13, 2015, February 1, 2016 and February 16, 2016, a cumulative delay of 109 days (the statute allows 90), and the underlying transcripts reveal proof problems and an admitted failure to prosecute. *See* 6/25/15 Transcript, annexed hereto as Exhibit 1, p. 2, ln. 12-13 ("The People are consenting to the defendant's release."); 8/13/15 Transcript, annexed hereto as Exhibit 2, p. 2, ln. 20-21 ("Your Honor, the alcohol container was not vouchered."); 2/1/16 Transcript, annexed hereto as Exhibit 3, p. 2, ln. 9-11 ("The Court: Any reason for your failure to be ready today? [ADA]: There is nothing here."); 9/21/16 Transcript, annexed hereto as Exhibit 4, p. 1 ("[T]he People concede 30.30."). Each of these facts – particularly viewed in the context of the broader record[2] – affirmatively demonstrate innocence and sustain plaintiff's burden. *Murphy,* 118 F.3d. at 949 ("Part of the rationale for viewing a dismissal for the prosecution's failure to prosecute in timely fashion as favorable to the accused is that the failure to proceed to the merits compels an inference of such an unwillingness or inability to do so as to imply a lack of reasonable grounds for the prosecution.") (internal quotation marks and citations omitted); *see also* DE #126, pp. 3-6; DE #135, pp. 1-5 (outlining evidence that arresting officer fabricated *actus reus* of predicate criminal allegation).

  Defendants mistakenly rely on *Thompson v. City of New York,* 17 CV 3064 (DLC), 2019 WL 162662 (S.D.N.Y. Jan. 10, 2019). Def. Supp. Br., p. 2. But that case, in which a civilian complainant was deemed to have provided probable cause for a prosecution, *id.* at *3-4, is factually distinct and has already been criticized for its misapplication of *Lanning*. *Blount,* 2019 WL 1050994 at *4. On this record, the favorable termination element is satisfied. At the very least, it raises a jury question sufficient to defeat summary judgment. *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130, 131 (2d Cir. 1996) ("Where…the reasons for a dismissal of charges are in dispute, the matter should ordinarily be submitted to a jury."); *Murphy*, 118 F.3d at 950 ("If…there is a question as to the nature of the circumstances leading to that termination, that question is one for the trier of fact."); *Chimurenga v. City of New York*, 45 F. Supp. 2d 337, 343 (S.D.N.Y. 1999) (denying summary judgment because of a triable issue of fact regarding the circumstances of the prosecution's voluntary dismissal of the indictment).

  Accordingly, and for the reasons set forth in plaintiff's moving, opposition and reply papers, defendants' motion should be denied in its entirety and plaintiff's motion should be granted in its entirety. Thank you for your attention to this matter.

            Respectfully submitted,

            Gabriel P. Harvis

Encl.
cc: All Counsel

---

[2] Multiple eyewitnesses testified to plaintiff's innocence. *See* DE #128 at Exhibit 5, p. 46, ln. 18 ("[T]he police just stopped us for nothing."); *id.* at Exhibit 7, p. 67, ln. 25 (Ms. Snead had "nothing in her hands.").