

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**HANNAH V. FADDIS**
*Senior Counsel*
phone: (212) 356-2486
fax: (212) 356-3509
hfaddis@law.nyc.gov

June 11, 2020

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    Lisa Snead v. City of New York, et al.,
               16-CV-9528 (AJN) (DCF)

Your Honor:

      I am the attorney assigned to represent the defendants in the above-referenced matter. Defendants write pursuant to Local Rule 6.3 to respectfully request that the Court reconsider, in part, its decision on defendants' motion for summary judgment ("Summary Judgment Order") (ECF No. 144).[1]  This motion is made on the grounds: (1) that the Court overlooked the parties' supplemental briefing regarding the plaintiff's claim for malicious prosecution; and (2) that an intervening change in controlling law compels the dismissal of plaintiff's claim for denial of the right to a fair trial through fabrication of evidence.

      **I.**      **Background**

      Defendants filed their motion for summary judgment on April 30, 2019 (ECF Nos. 129 to 131, 141).  Defendants' motion included an authorized supplemental letter (ECF No. 141), regarding the issue of whether plaintiff's claim for malicious prosecution must be dismissed because her prosecution did not terminate in her favor, under the Second Circuit's decision in Lanning v. City of Glens Falls, 908 F.3d 19 (2d Cir. 2018).  The Court ruled in the Summary Judgment Order that plaintiff's malicious prosecution claim survived summary judgment,[2] without addressing the favorable termination issue.  Defendants, therefore, respectfully request that the Court reconsider the Summary Judgment Order with regard to plaintiff's remaining claim for malicious prosecution.  Defendants further respectfully request that the Court reconsider the Summary Judgment Order with respect to plaintiff's claim for denial of the right to a fair trial, on the basis of a change in controlling law subsequent to the filing of the prior motion.  Specifically, the Supreme Court held in McDonough v. Smith—decided June 20,

---

[1] Defendants respectfully request that the Court accept this letter-motion in lieu of formal briefing.  In the alternative, defendants respectfully request that the Court set a briefing schedule for defendants' anticipated motion.

[2] Plaintiff has withdrawn her claims for malicious prosecution against defendants Hanson and Barnes.

2019—that favorable termination is a prerequisite to bringing a fair trial claim through fabrication of evidence. 139 S. Ct. 2149, 2158 (2019).

## II.     Standard of Review

A motion for reconsideration should be granted where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). See, also, Ramos v. City of N.Y., No. 15 Civ. 6085 (ER), 2017 U.S. Dist. LEXIS 131465, at *2 (S.D.N.Y. Aug. 16, 2017) ("Rule 6.3 of the Local Civil Rules for this District provides for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were 'put before it on the underlying motion…and which, had they been considered, might have reasonably altered the result before the court.'").  In this case, the Summary Judgment Order seems to overlook defendants' and plaintiff's submissions on the issue of favorable termination under Lanning.  Defendants' motion pursuant to McDonough could not have been put before the Court when the prior motion was filed, because it had not yet been decided.

## III.    Plaintiff's Claim for Malicious Prosecution Should be Dismissed

Defendants respectfully refer the Court to their prior briefing on this issue (ECF No. 141), seeking to dismiss plaintiff's claim for malicious prosecution on the grounds that a speedy trial dismissal did not constitute a favorable termination under Lanning.  Additionally, several other district courts have considered this issue since the filing of defendants' prior motion. In McKeefry v. Town of Bedford, the Court reasoned that the "Lanning court's directive that 'where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, it cannot provide the favorable termination required as the basis for that claim,' would similarly apply to speedy trial dismissals." No. 18 Civ. 10386 (CS), 2019 U.S. Dist. LEXIS 207874, at *22 (S.D.N.Y. Dec. 2, 2019); see also, Roman v. City of N.Y., No. 17 Civ.2697 (ALC)(SN), 2020 U.S. Dist. LEXIS 20619, at *31 (S.D.N.Y. Feb. 4, 2020), report and recommendation adopted by Roman v. City of N.Y., 2020 U.S. Dist. LEXIS 55418, at *1 (S.D.N.Y. Mar. 29, 2020) (speedy trial dismissal not favorable termination for purposes of malicious prosecution claim); Roger v. Cty. of Suffolk, No. 13-CV-5290 (JS) (ARL), 2020 U.S. Dist. LEXIS 75594, at *4 (E.D.N.Y. Apr. 29, 2020) ("This Court agrees with the line of cases holding that a speedy trial dismissal is not a favorable termination because it "does not affirmatively indicate [Plaintiff's] innocence, as required under Section 1983.")[3]

## IV.    Plaintiff's Claim for Denial of the Right to a Fair Trial Should be Dismissed

Plaintiff's claim for denial of the right to a fair trial should also be dismissed because her prosecution did not terminate in her favor.  The Supreme Court has held that, in order to bring a federal fair trial claim like the one plaintiff asserts in this case, the plaintiff must prove that the underlying criminal prosecution terminated in her favor.  See McDonough, 139 S. Ct. at 2156-57, 2159 (2019) (holding that plaintiff "could not bring his fabricated evidence claim under § 1983 prior to favorable termination of his prosecution" and that a plaintiff has "a complete and present cause of action for the loss of liberty only once the criminal proceedings against him terminated in his favor").

---

[3] There is some disagreement on this point among District Courts.  See Nelson v. City of N.Y., No. 18 Civ.4636, 2019 U.S. Dist. LEXIS 135376, at *12 n.4 (S.D.N.Y. Aug. 9, 2019) (describing split).

As for what specifically constitutes a "favorable termination," the Court declined to make that determination. In *dicta*, the Court stated, "whether a given resolution should be understood as favorable or not…might call for a context-specific and more capacious understanding of what constitutes 'favorable' termination for purposes of a § 1983 false-evidence claim, but that is not the question before us." Id. at 14, n.10. Because the Court expressly stated that its decision did not affect the scope of "favorable termination," and the Court analogized heavily between malicious prosecution and fair trial claims, Second Circuit law—Lanning—applies. Indeed, the Supreme Court expressly stated that the "tort of malicious prosecution" was the "most natural common-law analogy" to a fair trial claim. McDonough, 139 S. Ct. at 2154. For the reasons discussed *infra*, and in defendants' prior submissions, the plaintiff's speedy trial dismissal was not a favorable termination.

A limited number of district courts have issued opinions on the significance of McDonough. The majority have agreed that McDonough imposes a favorable termination requirement on fabrication of evidence claims. See McKenzie v. City of N.Y., No. 17 Civ. 4899 (PAE), 2019 U.S. Dist. LEXIS 121937, at *46-47 (S.D.N.Y. July 22, 2019); Rosario v. City of N.Y., No. 18 Civ. 4023 (LGS), 2019 U.S. Dist. LEXIS 159771, at *17-18 (S.D.N.Y. Sept. 16, 2019). Among them, many Courts have agreed that the definition of favorable termination is appropriately drawn from malicious prosecution precedent. See, e.g., Goldring v. Donawa, No. 16-cv-5651, 2019 U.S. Dist. LEXIS 161170 (E.D.N.Y. Sept. 19, 2019) (fair trial claim failed where plaintiff had not received a favorable termination under Second Circuit case law); Breton v. City of N.Y., 17 Civ. 9247 (JGK), 2019 U.S. Dist. LEXIS 150407, at *27 n.2 (S.D.N.Y. Sep. 3, 2019) (fair trial claim based on fabricated evidence does not accrue until favorable termination and implicitly extending malicious prosecution favorable termination analysis); Miller v. Terrillion, 16-cv-52 (ENV)(RLM), 2020 U.S. Dist. LEXIS 18137, *8-11 (E.D.N.Y. Jan. 30, 2020) (Lanning standard applied to claims alleging criminal proceedings based on fabricated evidence); Daniels v. Taylor, No. 18 Civ. 3717 (RA), 2020 U.S. Dist. LEXIS 42703, *14-16 (S.D.N.Y. Mar. 11, 2020) (Lanning standard applied to fabrication claim); Smalls v. Collins, No. 14-cv-2326 (CBA)(RML), 2020 U.S. Dist. LEXIS 52213, *7-20 (favorable termination required for fabrication claim and Lanning standard applied). Most recently, yet another Court found that "McDonough compels the conclusion" that the plaintiff could not bring a fabrication claim because "a dismissal on speedy trial grounds does not affirmatively indicate that [he] was innocent of the charges," and granted defendants' motion for reconsideration of its denial of summary judgment. Jamison v. Cavada, No. 17 Civ. 1764 (LTS) (SDA), ECF No. 91 (S.D.N.Y. June 10, 2020).

### V.   Conclusion

Accordingly, defendants respectfully submit that plaintiff's remaining claims for malicious prosecution and denial of the right to a fair trial should be dismissed with prejudice because plaintiff cannot satisfy the favorable termination element of the claims. Additionally, defendants respectfully request that the Court enlarge the parties' time to submit a joint letter proposing trial dates and a schedule for pre-trial filings until two weeks after the adjudication of the instant application.[4]

---

[4] Defendants conferred with plaintiff's counsel prior to filing the instant application to seek consent to this request for an extension of time to file the joint letter; plaintiff takes no position on this aspect of defendants' application.

Defendants thank the Court for its consideration.

Sincerely,

Hannah V. Faddis
*Senior Counsel*
Special Federal Litigation Division

CC: **BY ECF ONLY**
Gabriel Harvis
Baree Fett
*Counsel for Plaintiff*

4