UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/8/21

Lisa Snead,

        Plaintiff,

–v–

LoBianco, *et al.*,

        Defendants.

16-cv-09528 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Defendant brings a motion for the Court to reconsider its Opinion denying in part Defendant's motion for partial summary judgment. For the reasons that follow, that motion is DENIED.

## I.    BACKGROUND

The Court assumes familiarity with the facts, which were summarized in the Court's May 28, 2020 Opinion and Order. Dkt. No. 144. In that Opinion, the Court denied Plaintiff's partial motion for summary judgment on her § 1983 claims in its entirety and granted Defendant's partial motion for summary judgment in part and denied it in part. *Id.* Defendants filed a letter motion for reconsideration pursuant to Local Rule 6.3. Dkt. No. 145. In its motion, Defendants ask the Court to dismiss Plaintiff's malicious prosecution claims and fair trial claims against all defendants. Dkt. No. 145.

## II.    DISCUSSION

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotations and citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Moreover, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

**A. Fair Trial Claims**

Defendant moved for summary judgment on Plaintiff's fair trial claims as to Officer Hanson and Sergeant Barnes only. Dkt. No. 131 at 8-9. In Plaintiff's summary judgment motion, she dropped these claims against Defendants Barnes and Hanson, and thus the Court dismissed them with prejudice. Dkt. No. 144 at 2-3. Plaintiff still moved for summary judgment on her fair trial claim against Defendant Officer LoBianco, but the Court denied that motion. Dkt. No. 144 at 3-5.

Defendants now ask the Court to dismiss Plaintiff's claim for a denial of the right to a fair trial against all remaining defendants because of an intervening change in controlling law. Dkt. No. 145 at 1. In particular, Defendants argue that the Supreme Court held in *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019) that a plaintiff cannot bring a federal fair trial claim unless

the underlying criminal prosecution was terminated in their favor, and that Plaintiff's fair trial claim must therefore be dismissed because her speedy trial dismissal was not a favorable termination. Dkt. No. 145 at 2-3.

This argument is not properly before the Court. While a "motion for reconsideration may be granted if there is an intervening change of controlling law," *Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001), a party "may not raise a new claim, for the first time, in a motion for reconsideration" under Local Rule 6.3. *Allen v. Costello*, No. 03-CV-4957 RJD LB, 2008 WL 361191, at *2 (E.D.N.Y. Feb. 8, 2008). *See also In re Currency Conversion Fee Antitrust Litig.*, 229 F.R.D. 57, 60 (S.D.N.Y. 2005) (a motion for reconsideration under "cannot assert new arguments or claims which were not before the court on the original motion."); *Humbach v. Canon,* No. 13-CV-2512 (NSR), 2016 WL 3647639, at *3 (S.D.N.Y. June 30, 2016) (denying "new claims for illegal search, intentional harassment, and conspiracy" because plaintiff was not "permitted to allege new claims in a motion for reconsideration."). Defendants did not move for summary judgment on Plaintiff's fair trial claim against these Defendants, and a motion for reconsideration is not a proper vehicle to assert these claims in the first instance.

**B**. **Malicious Prosecution Claims**

In Defendants' motion for partial summary judgment filed on April 30, 2019, Defendants moved for summary judgment on Plaintiff's claim for malicious prosecution against Defendant Officer Hanson only. Dkt. No. 131 at 9. That same day, with leave of Court, *see* Dkt. No. 124, Defendants filed a "supplemental letter regarding Plaintiff's malicious prosecution claim," in which Defendants argued that Plaintiff's malicious prosecution claims should be dismissed as to all Defendants in light of *Lanning v. City of Glens Falls*, 908 F.3d 19, 29 (2d Cir. 2018). Dkt. No. 141. In Plaintiff's summary judgment motion briefings, she dropped her claim for malicious

prosecution against Defendant Officer Hanson, which the Court subsequently dismissed with prejudice in its Opinion.  Dkt. No. 144 at 2-3. Plaintiff's claims for malicious prosecution as to the remaining Defendants survived.  *Id.* at 22.

Defendants are correct that the Court did not address Defendants' supplemental letter arguing that the malicious prosecution claims should be dismissed as to the other defendants in deciding whether to grant Defendants' partial motion for summary judgment.  However, to succeed on a motion for reconsideration, Defendants must show not just that the Court "overlooked factual matters or controlling precedent," but that had those matters and precedent been "presented to it on the underlying motion," then the Court "would have changed its decision." *In re Worldcom, Inc. Sec. Litig.,* 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004) (citing S.D.N.Y. Local Civil Rule 6.3).  Here, even if the Court had considered Defendant's additional submission, it would not have changed the outcome.

First, *Lanning* is not dispositive on the issue of whether Plaintiff's speedy trial dismissal constituted a favorable termination.  In *Lanning*, the Second Circuit said only that "where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, it cannot provide the favorable termination required as the basis for that claim."  *Lanning,* 908 F.3d at 29.  As other courts in the district have recognized, the *Lanning* standard does not automatically preclude speedy trial dismissals as constituting favorable termination.  *See Nelson v. City of New York*, No. 18 CIV. 4636 (PAE), 2019 WL 3779420, at *12 (S.D.N.Y. Aug. 9, 2019) ("*Lanning* does not squarely resolve this question" of whether a speedy trial dismissal constitutes favorable termination); *Blount v. City of New York*, No. 15 Civ. 5599 (PKC) (JO), 2019 WL 1050994, at *4–5 (E.D.N.Y. Mar. 5, 2019) (finding that while "Lanning may raise the bar for establishing favorable termination under § 1983 in certain cases, the dismissal of a prosecution on speedy

trial grounds in this case easily clears that bar."); *McKeefry v. Town of Bedford*, No. 18-CV-10386 (CS), 2019 WL 6498312, at *8 (S.D.N.Y. Dec. 2, 2019) ("From the face of Plaintiff's SAC, the question of Plaintiff's guilt or innocence is left unanswered," therefore while "[t]here might be situations where a case is dismissed on speedy trial grounds in a context indicating that the prosecution had insufficient evidence to prove its case, [] there is no indication that this is one of them."). Therefore, a factual finding that the Plaintiff's speedy trial dismissal was not a determination of her innocence is required in order to resolve this claim.

Moreover, the Court concludes that there is a genuine issue of material fact as to whether Plaintiff's underlying criminal case was dismissed on the basis of her innocence. *See* Fed. R. Civ. Proc. Rule 56. Plaintiff alleges that the case against her, though dismissed on speedy trial grounds, was not prosecuted because the prosecutors recognized her innocence and did not have sufficient evidence, citing transcripts from the trial and other exhibits. *See* Dkt. No. 142. Therefore, granting summary judgment on this claim would nonetheless be inappropriate even if the Court had considered Defendants' additional claims in its supplemental letter. *See Speedfit LLC v. Woodway USA, Inc.*, 432 F. Supp. 3d 183, 201 (E.D.N.Y. 2020) ("Summary judgment is appropriate only where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'") (citing *Lowe v. City of Shelton*, 128 F. App'x 813, 814 (2d Cir. 2005)).

### III. CONCLUSION

For the reasons explained above, Defendants' motion for reconsideration is DENIED. This resolves Dkt. No. 145.

SO ORDERED.

Dated: March 8, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge