UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LISA SNEAD,

                            Plaintiff,

            -against-

Police Officer GREGORY LOBIANCO, Shield No.
31307; Police Officer RICHARD HANSON, Shield
No. 20219; Sergeant ASA BARNES, Shield No.
2040; and JOHN and JANE DOE 3 through 10,

                        Defendants.


-------------------------------------------------------------x

**JOINT PROPOSED
VERDICT SHEET**

**16 CV 9528 (AJN) (DCF)**

## I.    Plaintiff's Proposed Verdict Sheet

1a.  Do you find in favor of plaintiff on her unlawful stop claim as to any of the defendants?

| | | |
|---|---|---|
| Officer Gregory Lobianco | ____ YES | ___ NO |
| Officer Richard Hanson | ____ YES | ___ NO |
| Sergeant Asa Barnes | ____ YES | ___ NO |

*If you answered "No" to Question 1a as to all defendants, proceed to Question 2a.  If you answered "Yes" to Question 1a as to any of the defendants, answer Questions 1b and 1c and then proceed to Question 2a.*

    1b.  What amount of compensatory damages do you award to plaintiff for her unlawful stop claim?

        $ _____

    1c.  What amount of punitive damages do you award to plaintiff for her unlawful stop claim? [1]

---

[1] Defendants object to instructing the jury, or permitting the jury to deliberate regarding, punitive damages, because there is no evidence to support the theory that the defendants' conduct was done maliciously or with evil intent, or "of 'a positive element of conscious wrongdoing' or 'malice.'"  See Cameron v. City of New York, 598 F.3d 50, 69 (2d Cir. 2010) (internal citation omitted).

Plaintiff responds that Ms. Snead's allegations, including being chained to a post without access

$ _____

2a.  Do you find in favor of plaintiff on her unlawful search claim as to any of the defendants?

| Officer Gregory Lobianco | \_\_\_\_ YES | \_\_\_ NO |
| Officer Richard Hanson | \_\_\_\_ YES | \_\_\_ NO |
| Sergeant Asa Barnes | \_\_\_\_ YES | \_\_\_ NO |

*If you answered "No" to Question 2a as to all defendants, proceed to Question 3a.  If you answered "Yes" to Question 2a as to any of the defendants, answer Questions 2b and 2c and then proceed to Question 3a.*

2b.  What amount of compensatory damages do you award to plaintiff for her unlawful search claim?

$ _____

2c.  What amount of punitive damages do you award to plaintiff for her unlawful search claim?

$ _____

3a.  Do you find in favor of plaintiff on her false arrest claim as to any of the defendants?

| Officer Gregory Lobianco | \_\_\_\_ YES | \_\_\_ NO |
| Officer Richard Hanson | \_\_\_\_ YES | \_\_\_ NO |
| Sergeant Asa Barnes | \_\_\_\_ YES | \_\_\_ NO |

*If you answered "No" to Question 3a as to all defendants, proceed to Question 4a.  If you answered "Yes" to Question 3a as to any of the defendants, answer Questions 3b and 3c and then proceed to Question 4a.*

3b.  What amount of compensatory damages do you award to plaintiff for her false arrest claim?

$ _____

3c.  What amount of punitive damages do you award to plaintiff for her false arrest claim?

$ _____

4a.  Do you find in favor of plaintiff on her fabrication of evidence claim as to defendant

---

to a bathroom, are quintessentially the type of conduct punitive damages are intended to address.

Lobianco?

_____ YES      ___ NO

*If you answered "No" to Question 4a, proceed to Question 5a.  If you answered "Yes" to Question 4a, answer Questions 4b and 4c and then proceed to Question 5a.*

        4b.  What amount of compensatory damages do you award to plaintiff for her fabrication of evidence claim?

        $ _____

        4c.  What amount of punitive damages do you award to plaintiff for her fabrication of evidence claim?

        $ _____

5a.  Do you find in favor of plaintiff on her malicious prosecution claim as to either of these defendants?

                Officer Gregory Lobianco        _____ YES      ___ NO
                Sergeant Asa Barnes             _____ YES      ___ NO

*If you answered "No" to Question 5a as to both defendants, proceed to Question 6a.  If you answered "Yes" to Question 5a as to either of the defendants, answer Questions 5b and 5c and then proceed to Question 6a.*

        5b.  What amount of compensatory damages do you award to plaintiff for her malicious prosecution claim?

        $ _____

        5c.  What amount of punitive damages do you award to plaintiff for her malicious prosecution claim?

        $ _____

6a.  Do you find in favor of plaintiff on her supervisory liability claim as to any of the defendants?

                Officer Gregory Lobianco        _____ YES      ___ NO
                Officer Richard Hanson          _____ YES      ___ NO
                Sergeant Asa Barnes             _____ YES      ___ NO

*If you answered "No" to Question 6a as to all defendants, proceed to Question 7a.  If you answered "Yes" to Question 6a as to any of the defendants, answer Questions 6b and 6c and then proceed to Question 7a.*

6b.  What amount of compensatory damages do you award to plaintiff for her supervisory liability claim?

$ _____

6c.  What amount of punitive damages do you award to plaintiff for her supervisory liability claim?

$ _____

7a.  Do you find in favor of plaintiff on her failure to intervene claim as to any of the defendants?

Officer Gregory Lobianco          ____ YES        ___ NO
Officer Richard Hanson            ____ YES        ___ NO
Sergeant Asa Barnes          ____ YES        ___ NO

*If you answered "No" to Question 7a as to all defendants, sign and return the verdict sheet below.  If you answered "Yes" to Question 7a as to any of the defendants, answer Questions 7b and 7c and then sign and return the verdict sheet below.*

7b.  What amount of compensatory damages do you award to plaintiff for her failure to intervene claim?

$ _____

7c.  What amount of punitive damages do you award to plaintiff for her failure to intervene claim?

$ _____

*Please have the foreperson date and sign the verdict sheet and tell the Court Security Officer you have reached a verdict.*

_____
FOREPERSON

_____, 2021
New York, New York

-4-

## II.    Defendants' Proposed Verdict Sheet[23]

### Note: Your answer to <u>each</u> question must be unanimous.

### QUESTION 1: UNLAWFUL STOP

Has Lisa Snead proven by a preponderance of the credible evidence that any defendant below unlawfully stopped her on June 24, 2015?

Asa Barnes              YES _____              NO _____

Gregory LoBianco        YES _____              NO _____

Richard Hanson          YES _____              NO _____

### QUESTION 2: UNLAWFUL SEARCH

Has Lisa Snead proven by a preponderance of the credible evidence that any defendant below unlawfully searched her on June 24, 2015?

Asa Barnes              YES _____              NO _____

Gregory LoBianco        YES _____              NO _____

Richard Hanson          YES _____              NO _____

### QUESTION 3: FALSE ARREST

Have the defendants proven by a preponderance of the credible evidence that there was probable cause to arrest Lisa Snead on June 24, 2015?

YES _____              NO _____

---

[2] Defendants object to plaintiff's plaintiff's proposed verdict form on several grounds.  First, plaintiff's proposed language does not accurately convey the burden of proof to the jury and runs the risk of confusion or mistake.  Second, plaintiff's proposal does not require the jury to respond whether plaintiff has proven her entitlement to damages, which runs the risk of confusion or mistake—namely, that the jury will automatically award damages even if plaintiff does not meet her burden.  Third, plaintiff's proposal to ask the jury to respond to damages questions by claim runs the risk of double recovery.  Lastly, defendants object to charging the jury on supervisory liablity or punitive damages, as set forth in the proposed jury charge and defendants' motions *in limine*.

[3] Plaintiff objects to defendants' proposed verdict form on the grounds that allows the jury to award nominal damages to plaintiff on her false arrest claim, contrary to *Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004) and also fails to permit an award of punitive damages, which are manifestly supported by the allegations in this case.

## QUESTION 4: MALICIOUS PROSECUTION

Has Lisa Snead proven by a preponderance of the credible evidence that any defendant below maliciously prosecuted her in connection with her arrest on June 24, 2015?

Asa Barnes                YES _____                NO _____

Gregory LoBianco      YES _____                NO _____

## QUESTION 5: DENIAL OF THE RIGHT TO A FAIR TRIAL

Has Lisa Snead proven by a preponderance of the evidence that her right to a fair trial was violated by Officer Gregory LoBianco?

                              YES _____                NO _____

**If you answered "Yes" to any portion of Questions 1 through 5, proceed to Question 6.  If you answered "No" to all portions of Questions 1 through 5, your deliberations are complete.**

## QUESTION 6: FAILURE TO INTERVENE

Has Lisa Snead proven by a preponderance of the credible evidence that any defendant below failed to intervene in any constitutional violation by another defendant she has proven as indicated in Questions 1 through 5?

Asa Barnes                YES _____                NO _____

Gregory LoBianco      YES _____                NO _____

Richard Hanson        YES _____                NO _____

**Proceed to Question 7.**

## QUESTION 7: COMPENSATORY DAMAGES

A.     Has plaintiff proven by a preponderance of the credible evidence that any answer "Yes" to Questions 1 through 5 was the proximate cause of an injury she suffered and that she is entitled to compensatory damages?

YES _____            NO _____

If you answered "yes" to Question 7(A), please proceed to Question 7(B).  If you answered no to Question 7(A), and "yes" to some portion of Questions 1 through 5, please proceed to Question 8.

B.     State the total dollar amount of any actual compensatory damages that the plaintiff has proven by a preponderance of the credible evidence that she is entitled to receive:

$ _____

## QUESTION 8: NOMINAL DAMAGES

What amount of nominal damages, not to exceed one dollar, do you award Plaintiff?

$ _____

**Your deliberations are _finished_.  The foreperson should sign the verdict sheet, place it in a sealed envelope marked "verdict" and hand it to the marshal.**

Dated: New York, New York
　　　　August 20, 2021

ELEFTERAKIS, ELEFTERAKIS & PANEK    GEORGIA M. PESTANA
*Counsel for Plaintiff*                               Corporation Counsel of the
80 Pine Street, 38th Floor                          　City of New York
New York, New York 10005                        *Attorney for Defendants*
                                                              100 Church Street
                                                              New York, New York 10007


By: /s_____    By: /s_____
　　 WAYNE A.J. WATTLEY                    　　 HANNAH V. FADDIS
                                                                   *Senior Counsel*